Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

        Plaintiff,

    v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

        Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

- 1 -

# I. INTRODUCTION: THE FEAR OF ADJUDICATION ON THE MERITS

Plaintiff's Motion for Summary Judgment (MSJ) was properly filed and is not deficient. Defendants' Joint Motion to Strike is a desperate, bad-faith attempt driven by fear; Defendants are terrified of adjudicating this case on the merits because they cannot defend against the unchangeable, temporal facts on the record.

Rather than confront the merits of Plaintiff's properly filed MSJ, Defendants seek to sweep their multiple Fair Credit Reporting Act (FCRA) violations under the rug by manufacturing a frivolous procedural grievance. This motion is merely the latest tactic in Defendants' ongoing, systemic scheme to escape liability by hoping the Court will abandon its fundamental duty to candor and justice. At every turn in this litigation, Plaintiff has definitively proven the allegations of Defendants' misconduct:

- **Manufacturing Hearsay:** Plaintiff alleged Defendants were using third parties to manufacture hearsay, which was proven by Defendants' defective "certificates of authenticity" that lacked any personal knowledge or time of creation of the hearsay material.

- **The Creditor Carousel:** Plaintiff has demonstrated that Defendants continuously alter the operative facts and the identity of the original creditor. Lacking any chain of custody, Defendants employed a prejudicial "creditor carousel" toward the end of discovery, relying entirely on inadmissible hearsay and manufactured, *post hoc* narratives to cover their temporal FCRA violations.

- **PII Recklessness:** Plaintiff alleged Defendants were reckless with Plaintiff's Personally Identifiable Information (PII) by broadcasting it to random addresses via subpoenas, a habit of recklessness that culminated in them illegally broadcasting Plaintiff's PII on the public docket.

- **Spoliation of Evidence:** Plaintiff alleged Defendants were withholding call recordings that exposed willful FCRA violations. This was proven when they were compelled by Court Order to release the calls, they missed the compliance

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

deadline, and ultimately produced spoliated, truncated files with portions explicitly sliced out.

- **Distorting the Record:** Plaintiff alleged Defendants litigate in bad faith by misrepresenting facts. This is repeatedly proven when Defendants selectively truncate email chains (leaving out Plaintiff's responses or their own self-implicating statements) forcing Plaintiff to constantly upload the complete chains to expose the deception.

- **Hiding Interrogatories:** Defendants intentionally withheld interrogatory responses until after the MSJ deadline so Plaintiff could not point out their contradictory sworn positions. Experian and Transunion coordinated a misrepresentation of the service date to hide this evidence, but Equifax's response ultimately exposed them by stating the true dates of service and production.

The bad faith of this Motion to Strike is glaring when compared to Plaintiff's litigation conduct. When Defendants committed a severe violation by publicly exposing Plaintiff's PII on the docket, Plaintiff explicitly requested that Defendants be allowed to redact and refile their motion so this case could be decided on the merits. Conversely, Defendants are manufacturing a grievance by alleging a frivolous lack of meet and confer to permanently block a merits-based adjudication. Because this motion is founded upon factual contradictions, manipulated email records, a frivolous meet and confer allegation, and a paralyzing fear of the factual record, Defendants' Joint Motion to Strike must be denied.

## II. THE LOCAL RULE 7-3 PARADOX: DEFENDANTS' FATAL CONTRADICTIONS

Defendants base their Motion to Strike on the false premise that Plaintiff "failed to complete a meet and confer". However, Defendants cannot prove what they are accusing Plaintiff of because they have trapped themselves in a fatal logical paradox. In their own concurrently filed Joint Motion for Summary Judgment, Defendants affirmatively state under penalty of perjury that all parties *did* conduct a meet and

PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

confer. If no meet and confer occurred (as they now claim in this Dkt 170 Motion to Strike) then Defendants' own MSJ is procedurally defective. They cannot have it both ways.

**A. The Initiation Lie and the 76-Minute Reality**

The Central District of California's Local Rule 7-3 mandates: *"In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions... counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion".*

In a May 14 email attempting to justify this Motion to Strike sent at 2:47PM PT, Equifax counsel Brooks falsely claimed that Plaintiff "did not initiate" the meet and confer. The undeniable record demonstrates otherwise. Plaintiff initiated the conference, sending the first Zoom invite on May 6 at 8:58 AM and a second invite at 11:44 AM to all Defendants. Plaintiff possesses and has provided the screenshot of the Zoom log, proving the conference spanned two separate sessions totaling exactly 76 minutes, (See **Exhibit A**).

**B. The "Substantively Discuss" Hypocrisy**

Unable to deny the 76-minute conference occurred, Defendants plot their entire motion around the phrase "substantively discuss," accusing Plaintiff of failing to substantively discuss his basis for summary judgment. Defendant's mention the deficient assertion 3 times in their Joint motion and once in the Counsel Singh's defective Declaration. This is a fabricated, hypocritical standard that Defendants admit they did not meet themselves.

In their own email summary sent by Transunion's counsel on May 6 at 12:31 PM, defense counsel explicitly admitted that ***"each defendant stated its intended bases for the summary judgment motion, in summary form."*** (See **Exhibit B**) Defendants expect the Court to believe that during a 76-minute Zoom conference hosted by Plaintiff,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff sat in silence the entire time and did not discuss his own MSJ, while applying a hyper-stringent standard to Plaintiff that they admit they failed to satisfy. The truth of the matter is that Plaintiff did discuss his own Summary Judgment in detail, which consisted of the same proven arguments, issues and counts which plaintiff has been repeating for months.

**C. The Resolved "Declaration" Argument**

Defendants complain Plaintiff failed to file a specific procedural declaration attesting to the meet and confer. This is a frivolous non-argument that elevates form over substance. Defendants' ***own sworn declarations*** submitted to the Court attest that the meeting occurred with Plaintiff. Defendants could not submit declarations detailing a meeting with Plaintiff if Plaintiff was not part of the meeting. Counsel Singh for Equifax stated at MSJ declaration (Dkt 153-4 ¶ 22): "22. On May 6, 2026, I met and conferred **with Plaintiff** along with counsel for Experian and Trans Union regarding a proposed joint motion for summary judgment. During our meet and confer, ***we discussed the legal and factual bases for the parties' anticipated summary judgment positions.***" Additionally, Counsel for Experian stated in the same MSJ declaration at (Dkt 153-5 ¶ 16): "16. On May 6, 2026, I met and conferred **with Plaintiff**, Ritika Singh counsel for Equifax, and William Huse counsel for Trans Union via Zoom to regarding the CRA Defendants' intent to move for summary judgment…***Plaintiff mentioned he wanted to file his own motion for summary judgement***…"

(See **Exhibit C**)

The substantive requirements of Local Rule 7-3 were met during the 76-minute conference and swore to it under penalty of perjury, and striking a properly filed dispositive motion over an argument regarding a procedural declaration which Defendants themselves already resolved on the same filing date is unwarranted.

**III. DISMANTLING THE "TIMELINESS" AND "CONTRADICTORY DECLARATION" SMEAR**

**A. The Motion Was Properly Filed**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff categorically rejects Defendants' false narrative that the filing of the MSJ was "late". Plaintiff initiated the filing process prior to the midnight deadline. While severe technical errors with the ECF portal repeatedly rejected the exhibits and attachments (causing the main document to successfully process at exactly 12:01 AM on May 14) Defendants do not even base their timeliness challenge on this processing time. Instead, Defendants base their entire untimeliness argument on a shocking and legally frivolous premise discussed in section B below.

**B. The Frivolous "Start Date" Argument**

In their Motion to Strike, Defendants explicitly state the actual basis for their untimeliness grievance: ***"Plaintiff's motion was not filed timely because he did not begin to draft it until the day before it was due"***. (See defendants Motion to strike Dkt 170, page 9 lines 25-26).

The date a litigant begins drafting a document has absolutely no legal bearing on its timeliness or validity under any Federal Rule of Civil Procedure. Defendants know that challenging a filing over a portal error processing one minute past midnight would be recognized as absurd, so they outdid that absurdity by attempting to invent a new standard where timeliness is dictated by when drafting allegedly commenced. This argument is an embarrassment to federal practice and proves that Defendants are grasping at frivolous straws to avoid a merits-based ruling.

**C. The False Timeline Contradiction**

In a further desperate attempt to manufacture a perjury accusation, Defendants conflate two entirely separate events on May 13 and May 14 to falsely claim Plaintiff's declaration regarding a "system error" contradicts an email about being "exhaustion". The linear facts are undeniable and uncontradicted. In the late afternoon, Plaintiff sent an email explaining that physical exhaustion caused him to fall asleep after being up for multiple days. Upon waking up after Defendants had already filed their MSJ, Plaintiff proceeded to finalize and file his own. Hours later, approaching midnight, Plaintiff experienced the aforementioned technical errors with the portal. There is no

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

contradiction; one event happened in the late afternoon in pacific standard time, and the other happened around midnight.

## IV. THE CIVIL STANDING ORDER HYPOCRISY

### A. The "Rolling Drafts" Double Standard

Defendants accuse Plaintiff of providing incomplete drafts. However, Defendants' own declarations expose their glaring hypocrisy. In paragraph 17 of Experian's MSJ declaration, counsel admits that on May 8, she emailed Plaintiff a draft and explicitly stated they were "working quickly to finish the portions and citations," proving their draft was wholly incomplete.

In paragraph 22 of that same declaration, Experian's counsel lists the rolling drafts they sent, (See **Exhibit C**). The "complete" version Defendants ultimately filed on May 13 contained **over 900 pages** of exhibits and declarations that Plaintiff was *never* presented with during the draft phase and Defendants do not dispute this fact. Defendants demanded Plaintiff provide a blind response to an incomplete draft, yet they now use an allegation that Plaintiff's version was an "incomplete draft" as their sole excuse for refusing to respond to Plaintiff's arguments, even though Plaintiff provided the factual support and evidence to be used whereas Defendants hid over 900 pages of their MSJ.

### B. The "Collaboration" Facade

Defendants' version of "collaboration" was demanding that Plaintiff simply surrender his factual narrative, abandon his affirmative claims, and append his opposition to their motion. Plaintiff provided Defendants with advanced notice of his MSJ intent from Defendants own sworn Declarations and disclosed the evidence Plaintiff would rely on as well as drafts. Defendants chose not to engage, refused to provide their actual evidence to Plaintiff in advance, and destroyed any possibility of a true joint briefing process.

## V. REBUTTING THE PERJURY AND WELL-POISONING IN THE DECLARATIONS

- 7 -

The declarations submitted in support of Defendants' Motion to Strike are filled with factual misrepresentations, manipulated email records, and self-serving distortions.

## A. The Manipulated Email Record

Defendants have intentionally manipulated the record of the emails they attached to their motion. They selectively omitted parts of the record where Plaintiff responded, as well as the full record of their own messages, to paint a distorted picture and prejudice the Court against Plaintiff.

## B. The Shifting Timeline of "Notice" (The May 6 vs. May 12 Lie)

To hatch this plot to strike Plaintiff's MSJ, Defendants had to change their story. In the Motion to Strike, Defendants falsely state that it was not until May 12th that "Plaintiff announced that he will be 'proceeding with filing his summary judgment...'" Counsel Singh contradicts her prior statements and swears to this statement under penalty of perjury in the (Dkt 170-1 ¶ 6). To highlight this glaring real contradiction, we have to examine those statements with this same Counsel Singh's prior sworn statements in Defendants MSJ in (Dkt 153-4 ¶ 22) Counsel Singh swears that *"Plaintiff stated that he will not participate in the joint motion for summary judgment as proposed by the CRA Defendants, and instead, will pursue his own motion for summary judgment."* Though plaintiff never stated that he would not participate in the joint motion, the statement regarding the notice is correct and goes back even before the May 6, 2026 meet and confer. To further expose campaign of lies and contradiction, Co-Defendant Experian's previously filed MSJ declaration explicitly admits in (Dkt 153-5 ¶ 16 line 20) that on May 6, *"Plaintiff mentioned he wanted to file his own motion for summary judgement."* (See **Exhibit C**). Defendants are lying to the Court about when they received notice.

## C. The Counsel Singh Hallucination

In Paragraph 5 of her declaration (Dkt 170-1 ¶ 5), Counsel Singh falsely swears under penalty of perjury to having participated in a telephone meet and confer with Plaintiff on May 12, 2026. This is a complete fabrication, Plaintiff has no record of calls

- 8 -

(outgoing or incoming) to her known number on that date. Plaintiff's May 12 call was with an entirely different counsel, representing a different defendant, regarding a different matter. Counsel Singh is not even from the same law firm or geographic location as that attorney. This exposes a reckless "copy-paste" approach to sworn declarations.

**D. The Counsel Brooks Distortion**

In Paragraph 11 of her declaration (Dkt 170-2 ¶ 11), Counsel Brooks falsely swears that Plaintiff "stated he had nothing further to discuss and to file the Motion to Strike". Plaintiff never requested, directed, or gave permission for Defendants to file a Motion to Strike. Defendants were determined to file their frivolous Motion to strike despite all the objective evidence and obvious inconsistencies that contradicted their insincere basis for such a motion. They essentially wanted Plaintiff to withdraw Plaintiff's Motion for Summary Judgment based on their threats. Plaintiff made it abundantly clear that Plaintiff would not acquiesce, they repeatedly continued the harassment in different ways citing the same purely disproven claims. After 25 minutes of this it was clear that Plaintiff and the defendants were at impasse, Defendants subsequently filed their unjustifed motion at the conclusion of the meet and confer on May 21st.

In Paragraphs 4-8 of her declaration, Counsel Brooks swears to a sequence of events that is definitively disproven by the written record. Because Defendants have a documented history of mischaracterizing the substance of telephonic video conferences, Plaintiff established a standard boundary: requiring Defendants to disclose the specific legal and procedural grounds for any new dispositive motion in writing prior to conferencing. This ensures a verifiable record and allows for the meaningful, "thorough" discussion mandated by Local Rule 7-3.

The precise timestamps from the email record expose Counsel Brooks' timeline for what it actually is: a manufactured grievance based on an attempted ambush, preceded by threats seeking fees at 4AM PT, and followed by a fabricated "refusal."

(See **Exhibit D**)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

- **May 14, 2026, at 3:11 AM PT:** Plaintiff emailed Defendants to clarify the written record, exposing their blatant double standard regarding "rolling drafts." Plaintiff highlighted that while he consistently provided expanding drafts and exhibits, Defendants refused to meaningfully engage. Hypocritically, Defendants demanded Plaintiff draft a blind opposition to their Joint Motion while they actively withheld their own declarations and evidentiary support.

- **May 14, 2026, at 3:50 AM PT:** Transunion's counsel selectively responded, entirely ignoring the substantive issues regarding the joint briefing process, deflecting to interrogatory deadlines, and demanding Plaintiff refrain from making "accusations."

- **May 14, 2026, at 4:18 AM PT:** Equifax's Counsel Brooks escalated the exchange with hostility and threats. She falsely alleged Plaintiff's motion was late and lacked a meet and confer, inappropriately cited her personal medical surgery to guilt-trip Plaintiff over the case schedule, and explicitly threatened to file a Rule 11 motion seeking "all fees and costs."

- **May 14, 2026, at 4:35 AM PT:** Shortly after issuing these threats, Counsel Brooks sent an email requesting to meet and confer specifically "regarding Equifax's intended Motion to Stay trial and pretrial deadlines while the CRAs Joint MSJ and Equifax's Rule 11 are pending."

- **May 14, 2026, at 11:22 AM PT:** Plaintiff replied, remaining professional and confirming the scope: "I am available to meet and confer today between 12:30 PM and 1:00 PM PST regarding Equifax's intended Motion to Stay and Rule 11 Motion."

- **May 14, 2026, at 11:46 AM PT:** Less than an hour before the call, Equifax's counsel attempted a bait-and-switch, trying to ambush Plaintiff by injecting an undisclosed topic (a Motion to Strike) without disclosing any procedural or legal basis.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

- **May 14, 2026, at 12:17 PM PT:** Upon seeing the email, Plaintiff immediately responded, requesting "the specific legal and procedural grounds for this newly added motion in writing prior to our call" in order to "have a meaningful conference as required by the Local Rules."

- **May 14, 2026, at 12:33 PM PT:** Plaintiff followed up, noting that since no basis had been disclosed, the topic was deemed withdrawn for that specific call. Plaintiff reiterated a willingness to meet and confer once the procedural grounds were actually disclosed in writing. The conference commenced on the originally noticed motions, during which Plaintiff notified Defendants of his availability to discuss the Motion to Strike on May 20 or May 21.

- **May 14, 2026, at 2:47 PM PT:** Equifax's counsel finally acknowledged the request, stating 13 minutes was not enough time to list a summary of their procedural grounds, and subsequently provided their basis. Following their standard *modus operandi*, counsel then peppered the email record with inaccurate statements regarding what occurred during the call.

- **May 15, 2026, at 11:59 AM PT:** Plaintiff corrected the written record and provided a screenshot of the zoom calls from the May 6th Meet and Confer and reiterated his availability.

- **May 15, 2026, at 12:09 PM, 12:14 PM, and 12:21 PM PT:** Defendants generated contrived outcry, repeatedly disagreeing with Plaintiff's factual corrections of the record.

- **May 15, 2026, at 2:35 PM PT:** Plaintiff extensively corrected the record again, utilizing direct quotes of Defendants' own prior statements to definitively disprove their distortions.

- **May 15, 2026, at 2:40 PM PT:** Unable to provide a substantive response to the documented facts Plaintiff presented, Counsel Brooks abruptly abandoned the dialogue, baselessly stating: "I interpret this email as your refusal to further meet and confer via video conference or telephone regarding the Motion to Strike."

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

- **May 21, 2026, at 5:15 AM PT:** Plaintiff's message regarding the a need to meet and confer regarding a Motion to supplement MSJ due to defendant Transunion and Experian withholding their Interrogatory responses past the deadline.
- **May 21, 2026, at 6:06 AM, 6:39 AM PT**: Defendants responses to Plaintiff and requesting the law regarding service and deadline of discovery requests.
- **May 21, 2026, at 11:39 AM PT:** Plaintiff clarified the scope of the meet and confer and providing zoom invite to defendants for 1:30PM PT. Plaintiff stated that he was not pursuing a retaliatory motion to strike as Defense Counsel Brooks incorrectly assumed.
- **May 21, 2026, at 11:58 AM PT:** Plaintiff proving the federal rule of civil procedure rule supporting the service time and deadline of discovery requests as defendants had requested.

**E. Poisoning the Well**

In Paragraph 9 of her declaration, Counsel Brooks (Dkt 170-2 ¶ 9) intentionally injects complaints about Plaintiff filing a "Motion to Disqualify Magistrate Judge". This separate motion has zero legal or procedural relevance to the Summary Judgment MSJ. Defense counsel included this solely to smear Plaintiff's character and inappropriately prejudice the District Judge.

**F. The Hypocritical Hearing Date and Briefing Schedule Compression**

Defendants demand that this Court strike Plaintiff's properly filed Motion for Summary Judgment based on the legally frivolous argument that Plaintiff began drafting it too late, yet Defendants cannot even comply with the basic statutory timeline for noticing a hearing.

In Paragraph 12 of her declaration (Dkt 170-2 ¶ 12), Counsel Brooks attempts to feign procedural compliance, swearing under penalty of perjury: *"In efforts to comply with Local Rule 7-3, Equifax could not file this Motion to Strike until 7 days after initiating meet and confer efforts on May 14, 2026... and set the matter for hearing on June 17, 2026"*.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This statement misrepresents the law and exposes Defendants' own procedural violations in two distinct ways:

First, Central District of California Local Rule 7-3 expressly mandates that the *"conference must take place... at least 7 days prior to the filing of the motion."* The rule does not state 7 days after "initiating efforts." By Defendants' own admission, the actual meet and confer regarding this Motion to Strike took place on May 21, 2026, the exact same day they filed the motion. While Plaintiff recognizes that all parties have operated under an expedited timeline, Defendants' attempt to feign strict adherence to Local Rule 7-3 in a sworn declaration while blatantly violating its text is highly improper.

Second, and more prejudicially, Defendants set the hearing date for June 17, 2026, despite filing the motion on May 21, 2026. Under Central District of California Local Rule 6-1, a motion must be noticed for a hearing at least 28 days after filing. From May 21 to June 17 is only 27 days. Because Central District of California Local Rule 7-9 requires an opposition to be filed 21 days before the hearing date, Defendants' defective 27-day notice artificially and unlawfully compressed Plaintiff's briefing schedule. Plaintiff was forced to respond by May 27, 2026, depriving Plaintiff of the full statutory week to draft an opposition.

This unlawful compression is highly prejudicial, as it comes on top of Plaintiff already having to provide responses in opposition to Defendants' Joint MSJ and Equifax's frivolous Rule 11 Motion, both of which are also due on May 27, 2026, due to the June 17 hearing date. By burying Plaintiff in simultaneous, defective filings, Defendants are intentionally forcing Plaintiff to expend extensive time and resources just to ensure these responses are timely filed. It is the height of hypocrisy for Defendants to ask this Court to employ a hyper-technical, draconian standard to strike Plaintiff's merits-based MSJ, while Defendants submit defective hearing dates that violate the Local Rules and purposefully prejudice Plaintiff's ability to respond.

**VI. CONCLUSION: THE INTEREST OF JUSTICE**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants' Joint Motion to Strike must be denied. It is unconscionable that a litigant such as them with a rap sheet this long (chock-full with egregious rule violations, a lack of candor, spoliation of evidence, and fraud upon the court) could be permitted to evade justice through a manufactured procedural grievance claiming a motion is untimely merely because of when they assume a litigant began drafting it.

In the interest of justice, Defendants' bad-faith request must be denied. Defendants have caused profound harm to Plaintiff, forcing him to essentially pause his entire life and be driven out of a University program simply to combat a factual inaccuracy that Defendants have ruthlessly defended with spoliation and post hoc hearsay. Defendants' ongoing violations must be addressed on the merits.

Therefore, Plaintiff respectfully requests that this Court:

1. **Deny** Defendants' Joint Motion to Strike Plaintiff's Motion for Summary Judgment in its entirety;

2. **Adjudicate** Plaintiff's properly filed Motion for Summary Judgment on the merits; and

3. **Exercise** its inherent authority to admonish defense counsel for submitting factually inaccurate declarations, manipulating the email record, and repeatedly misrepresenting facts to the Court.

Dated: May 26, 2026                          By:/s/ Chiddy Golden

                                             _____
                                             Chiddy Golden
                                             Pro Se Plaintiff

- 14 -

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**