SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Hon. Anne Hwang<br><br>**CRA DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(E) AGAINST ALL DEFENDANTS** |

Defendants Experian Information Solutions ("Experian"), Equifax Information Solutions, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants") hereby file this Response in Opposition to Plaintiff's Omnibus Motion for Sanctions for Spoliation of Evidence (the "Motion," DKT. No. 151) and respectfully requests that the Court deny the Motion for the reasons set forth below.[1]

---

[1] Trans Union inadvertently filed an Opposition to the Motion on May 13 [Doc. No. 152]. That Opposition was meant to be filed in Opposition to a different motion filed by Plaintiff [Doc. No. 146], which has since been denied, and its contents clearly do not apply to this

RESPONSE TO PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER RULE 37(E) AGAINST ALL DEFENDANTS.

325866552v.1

# I.    INTRODUCTION

*Pro se* Plaintiff Chiddy Golden's ("Plaintiff") Motion is his latest effort to divert the Court's attention from the key issue in this case – whether Plaintiff resided at City View Apartments and failed to pay rent there. Apparently out of options, Plaintiff now resorts to making baseless accusations that the CRA Defendants deleted entire conversations and should be sanctioned under Federal Rule of Civil Procedure 37(e). Plaintiff's claim that the CRA Defendants "intentionally spliced audio recordings to delete Plaintiff's substantive dispute explanations, deleted critical admissions made by their own agents, and completely withheld entire phone calls" is wholly conclusory and unsupported. *See* DKT. No. 151 at 2. Plaintiff has identified a total of eleven calls among the CRA Defendants, all of which predate the filing of this lawsuit on December 15, 2025. *See id.* Plaintiff relies on his own recollection of said phone as supposed proof that the CRA Defendants altered the recordings it produced. Notably, Plaintiff has not himself provided any recordings of his own to corroborate his allegations that the phone calls lasted longer than the recordings produced by the CRA Defendants or contained the portions of the conversations he claims the CRA Defendants deleted. Although Plaintiff does attached purported transcripts of his calls with the CRA Defendants, such transcripts are un-authenticated and do not replace the recordings themselves.

The allegations that Plaintiff makes against the CRA Defendants and its counsel are serious and require serious support. Despite Plaintiff's spurious motion, the record is clear that the CRA Defendants and its counsel never "altered and destroyed audio recordings" provided to Plaintiff.  *Id.* at pp. 6-7. Plaintiff can point to no evidence supporting his willfulness claim that the CRA Defendants "actively corrupted the source files," or otherwise failed to properly engage in discovery in such a manner that would warrant sanctions under Rule 37. *Id.* at p. 6.

---

Motion.  Accordingly, the Court should ignore Trans Union's filing as Doc. No. 152 as it does not actually apply to this issue.

2

325866552v.1

Because Plaintiff cannot show any evidence in support of his allegations of discovery misconduct, this Court should deny Plaintiff's Motion.

## II. ARGUMENTS AND AUTHORITIES

### A. The Information Sought in Plaintiff's Spoliation Motion Has Been Properly Produced and Plaintiff Fails to Demonstrate Bad Faith.

Plaintiff's Motion should be denied because there is no indication whatsoever that the CRA Defendants altered or destroyed any records germane to Plaintiff. Instead, the CRA Defendants have done nothing but spend considerable time responding to Plaintiff's multiple requests and numerous motions for discovery in an ethical and accurate manner. At this point, the CRA Defendants have produced all non-privileged, responsive documents to Plaintiff, including all audio recordings relating to Plaintiff's credit files in the CRA Defendants' possession.

Spoliation occurs in direct violation of a court order, where a party has obviously engaged in deceptive practices during litigation. *Colonies Partners, L.P. v. Cnty. of San Bernardino*, No. 518CV00420JGBSHK, 2020 WL 1496444, at *11 (C.D. Cal. Feb. 27, 2020), report and recommendation adopted, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020). The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party *reasonably should know* that the evidence may be relevant to anticipated litigation. *Id.* (emphasis added). For example, evidence that a defendant actually anticipated litigation might include emails or meeting minutes discussing potential litigation, actions taken to retain a lawyer, or a company budget that allocates funds for potential litigation. *Aramark Mgmt., LLC v. Borgquist*, No. 818CV01888JLSKESX, 2021 WL 864067, at *4 (C.D. Cal. Jan. 27, 2021), report and recommendation adopted, No. 818CV01888JLSKES, 2021 WL 863746 (C.D. Cal. Mar. 8, 2021) (noting that there was no deposition testimony by plaintiffs or their counsel directly stating that they anticipated litigation). There can arise

RESPONSE TO PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER RULE 37(E) AGAINST ALL DEFENDANTS.

325866552v.1

no duty to preserve evidence potentially relevant to a particular future litigation unless and until that future litigation is anticipated to the degree that the litigation becomes "probable." *Intex Recreation Corp. v. Bestway (USA), Inc.*, No. CV 19-8596-JAK(EX), 2024 WL 3740100, at *2 (C.D. Cal. July 30, 2024), report and recommendation adopted sub nom. *Intex Recreation Corp. v. Bestway USA, Inc.*, No. 2:19-CV-08596 JAK (EX), 2025 WL 2633100 (C.D. Cal. July 14, 2025).

Here, Plaintiff offers no evidence of spoliation other than his own self-serving testimony. He has not demonstrated that the CRA Defendants intentionally "spliced audio recordings to delete Plaintiff's substantive dispute explanations, deleted critical admissions made by their own agents, and completely withheld entire phone calls." *See* DKT. No. 151, at 2. Plaintiff alleges that during multiple conferences with counsel for the CRA Defendants, he raised the fact that the CRA Defendants audio productions remain incomplete. *See id.* Although Plaintiff asserts that he raised concerns during meet-and-confer discussions regarding allegedly incomplete audio productions, he did not raise any claim of spoliation at any time before filing the instant Motion. Moreover, Plaintiff has not and cannot establish that the CRA Defendants reasonably anticipated litigation at any point in time during the telephone calls he had with the CRA Defendants and before he commenced his lawsuit. Further, the eleven calls Plaintiff identified in his Motion all predate the date Plaintiff filed his Complaint on December 15, 2025. As for Equifax, the two calls Plaintiff identified in his Motion from November 6, 2025 and December 5, 2025 were produced in their entirety. *See* Declaration of Pamela Smith ., at ¶ 13. Similarly, Trans Union only has record of a November 6, 2025 telephone call with Plaintiff and Trans Union has not deleted, altered or changed the contents of that recording in producing it during discovery.  *See* Declaration of Donald Wagner, at ¶¶ 9-11. Similarly, Experian has not deleted, altered or charged the contents of the recordings produced in discovery. *See* Declaration of Anna Simmons Decl. at ¶ 4-5. These un-authenticated records are not

4

325866552v.1

evidence that content was deleted from call recordings. There is no evidence in the record to suggest the CRA Defendants destroyed any portion of any telephone call.

Accordingly, to allege that the CRA Defendants have somehow intentionally spoliated evidence is entirely unfounded and baseless. For these reasons, Plaintiff's Motion should be denied.

### B. Plaintiff Has Not Shown Any Basis for This Court to Impose Sanctions upon the CRA Defendants or Their Counsel.

Rule 37(e)(1) sanctions require a showing of prejudice to the party seeking the information. Fed. R. Civ. P. 37(e)(1). If the party seeking the information has been prejudiced, the Court may order whatever measures are necessary to cure the prejudice. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 507 (C.D. Cal. 2022). Prejudice exists where the [spoiling party's] actions impaired [the moving party's] ability to go to trial or threatened to interfere with the rightful decision of the case. *Id.*

The CRA Defendants have not committed any discovery abuses or engaged in any discovery misconduct. Plaintiff contends that the maximum sanctions available under Rule 37(e)(2) should be imposed against the CRA Defendants. *See* DKT. No. 151, at 2. Plaintiff has not provided any evidence that the CRA Defendants willfully destroyed or altered evidence in violation of Rule 37(e). In fact, nearly all of the Plaintiff's alleged "proof" of the CRA Defendants purported violations are based on Plaintiff's self-serving testimony and Verizon phone records showing date, time, number, and duration of the outbound call.

### C. Plaintiff's Motion Is Procedurally Deficient.

Plaintiff failed to meet and confer pursuant to Local Rule 7-3 before filing his Motion. Plaintiff did not even certify in his Motion nor did he provide in his accompanying Declaration of any meet and confer efforts prior to filing his Motion. Local Rule 7-3 provides that the conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." L.R. 7-3. Given the importance of L.R. 7-3 in furthering judicial and party efficiency, a failure to comply with its terms

325866552v.1

may result in the striking or denial of the motion. *Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. LACV1903028JAKAFMX, 2021 WL 1034838, at *2 (C.D. Cal. Feb. 12, 2021); *Correa v. Ford Motor Co.,* No. 2:23-CV-023 89-AB-PD, 2025 WL 2673627, at *3 (C.D. Cal. May 22, 2025) (If a party fails to comply with Local Rule 7-3, it is within the Court's discretion to outsight deny or strike the motion); *Singer v. Live Nation Worldwide, Inc.*, No. SA-CV 11-0427-DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (motion for summary judgment denied for failure to comply with L.R. 7-3); *Oliver v. Luner*, No. LA-CV 18-2562-VAP (AFMx), 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018) (denying motion without prejudice for failure to comply with L.R. 7-3).

Accordingly, the Motion should be denied in light of Plaintiff's failure to comply with the Court's Local Rules.

## II. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Sanctions for Spoliation of Evidence Under Rule 37(e) Against All Defendants.

6

DATED: May 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*


TROUTMAN PEPPER LOCKE LLP


By: /s/ Heather C. Smith
Heather C. Smith
*Attorneys for Defendant*
Experian Information Solutions Inc.

QUILLING SELANDER LOWNDS WINSL


By: /s/ William Huse
William Huse, Admitted Pro Hac Vice
*Counsel for Defendant*
Trans Union LLC

7

RESPONSE TO PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER RULE 37(E) AGAINST ALL DEFENDANTS.

325866552v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(E) AGAINST ALL DEFENDANTS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

325866552v.1

## ATTESTATION

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed, have concurred in the filing's content and authorized the filing.


Dated:        May 13, 2026

By: /s/ Ritika Singh
Ritika Singh

9

ATTESTATION

325866552v.1