William M. Huse, Esq.
  (admitted *Pro Hac Vice*)
Connor L. Trapp, Esq.
  (admitted *Pro Hac Vice*)
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603 & 606
E-Mail: whuse@qslwm.com
E-Mail: ctrapp@qslwm.com

Attorneys for Defendant
TRANS UNION LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSUNION LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive;<br><br>    Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Honorable Anne Hwang<br><br>**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**<br><br>Hearing Date:  June 10, 2026<br><br>Trial: August 18, 2026 |

   Defendant Trans Union LLC ("Trans Union"), Equifax Information Services,
LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian")

DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6)
DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]

1

(collectively "CRA Defendants") jointly files this response to Plaintiff's Motion to Compel Rule 30(b)(6) Depositions For Leave To File  Supplemental Briefing [Doc. No. 162] (the "Motion").

The Motion should be denied in this purported Fair Credit Reporting Act matter about the legality of a single collection debt where Plaintiff seeks to recover hundreds of millions of dollars in punitive damages for its alleged reporting to third parties where pro se Plaintiff who waited until 12 business days were left in the discovery period before taking his first steps to depose any of the CRA Defendants, now unreasonably asks the Court to compel the CRA Defendants' Rule 30(b)(6) depositions and permit Plaintiff to further supplement his improperly filed motion for summary judgment because:

A.    Plaintiff withdrew his Consolidated Notice of Rule 30(b)(6) Depositions to CRA Defendants and never provided an amended notice;

B.    The Motion is untimely as Plaintiff failed to move to compel the depositions until after the Court's deadline for such motions to be heard;

C.    Plaintiff's Consolidated Notice of Rule 30(b)(6) Depositions is improper as it failed to comply with the requirements of Rule 30; and

D.    Plaintiff's relief sought is unreasonable considering any prejudice felt by Plaintiff was self-induced.

## I.    INTRODUCTION

On December 9, 2025, pro se Plaintiff filed this action against the CRA Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA") based on the CRA Defendants' purported reporting of a single IQ Data International collection account that Plaintiff believes is legally invalid because the underlying creditor "allegedly" may not be a legally licensed residential rental company under the laws

DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]

of California.  *See* Dkt. No. 1, generally.  The Complaint asserts that Plaintiff believes he is entitled to at least $300 million in damages.  *Id*.

On February 26, 2026, this Court issued its Civil Pretrial Schedule and Trial Order [Dkt. No. 70] (the "Order"), where the Court set a deadline for discovery of May 13, 2026, *see* the Order, p. 3, and noted that any discovery motions must not only be filed, but heard by that same date.  *Id*. at fn. 3.

On April 24, 2026, Experian served a Notice of Deposition upon Plaintiff for his deposition to occur on May 8, 2026.  On April 28, 2026, without attempting to coordinate any dates for any of the CRA Defendants' corporate witnesses, Plaintiff informed the CRA Defendants that he was not available on May 8, 2026, but was available on May 11 for his deposition and served his Consolidated Notice of Rule 30(b)(6) Depositions to CRA Defendants (the "Notice").  *See* Exhibit 1.  The single Notice sought to have the CRA Defendants provide a representative available for deposition beginning immediately after Plaintiff's deposition was concluded and then each CRA Defendant deposition to occur immediately after one another until concluded, beginning with Experian and then followed by Equifax and then Trans Union.  *Id*.  That same day, Trans Union notified Plaintiff that, amongst other things, Trans Union's counsel would not be available for a deposition on May 11.  *See* Exhibit 2.  On April 30, 2026, Plaintiff unilaterally stated he was moving the date of all of the depositions to May 12, 2026.  *Id*.  Plaintiff never served an amended notice of deposition.

On May 4, 2026, Equifax sent Plaintiff its objections to the Notice pointing out the numerous deficiencies of the Notice.  *See* Dkt. No. 162-2, Ex. C.  On May 6, 2026, Trans Union served its objections to Plaintiff's Notice, expressly identifying the procedural failings of the Notice, along with the substantive concerns about Plaintiff's unclear and impermissibly excessive topics. *See* Dkt. No. 162-2, Ex. A.

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

On May 7, 2026, Experian similarly provided its objections to the Notice. *See* Dkt. No. 162-2, Ex. B.

On May 11, 2026, a day before Plaintiff unilaterally moved the CRA Defendants' consolidated depositions, Plaintiff filed a motion to compel. *See* Dkt. No. 148. On May 12, 2026, the Court struck Plaintiff's May 11, 2026 motion to compel. *See* Dkt. No. 150. On May 18, 2026, Plaintiff filed the Motion without attaching a copy of the Notice. *See* Dkt. No. 162.

## II.   ARGUMENT

### A. Plaintiff Withdrew His Consolidated Notice Of Rule 30(B)(6) Depositions To CRA Defendants And Never Provided An Amended Notice.

The Motion should be denied because Plaintiff does not have an active and enforceable notice of deposition for the CRA Defendants. Federal Rule of Civil Procedure ("Rule") 30(b) provides formal requirements for a notice of deposition to another entity. Specifically, it requires that the notice "must state the time and place of the deposition." *See* Rule 30(b)(1). Therefore, a notice that fails to identify the time and location of the deposition is in violation of the express requirements of Rule 30(b)(1) and is not enforceable.

It is unquestioned that Plaintiff served his Notice for the CRA Defendants stating that the depositions would begin on May 11, 2026. *See* Exhibit 1. It is also undeniable that Plaintiff withdrew his May 11, 2026 deposition request and suggested the depositions be moved to May 12, 2026. *See* Exhibit 2. Nowhere in Plaintiff's April 30 correspondence did he suggest that there were any conditions on the withdrawal of the May 11 date. *Id*. Plaintiff expressly stated that "regarding Transunion's scheduling conflict on May 11: the deposition can be adjusted for counsel. It can all take place on Tuesday, May 12, 2026." *Id*. Finally, it is without question that Plaintiff failed to serve an amended notice of deposition on any of the

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

CRA Defendants, a fact which is conspicuously missing from the Motion, along with Plaintiff's failure to include a copy of any Notice of Deposition to the CRA Defendants. *See* Motion, generally.

Because Plaintiff never served a notice of deposition on any of the CRA Defendants for a May 12, 2026 deposition after unilaterally agreeing to move the deposition from May 11, 2026, Plaintiff lacks the ability to compel depositions never noticed under the Rules. Accordingly, for this simple reason alone, Plaintiff's Motion should be denied.

**B. The Motion Is Untimely As Plaintiff Failed To Move To Compel The Depositions Until After The Court's Deadline For Such Motions To Be Heard.**

Even if the Court decides that Plaintiff's Notice might still have been in effect, which it wasn't, the Motion should still be denied. As described above, the Court was extremely clear when it ordered that all discovery motions need to be filed and heard by May 13, 2026. *See* Dkt. No. 70, p. 3, fn. 3. Not only was the Motion filed five days late and without leave of Court to do so, the Motion certainly wasn't heard in time to meet the Court's ordered deadline. While pro se plaintiffs are often provided some leniency, they still must comply with the rules and court orders. *Mamboleo v. Wells Fargo Bank N.A.*, 2015 WL 9691022, at *2 (D. Ariz. Feb. 25, 2015), aff'd, 688 F. App'x 418 (9th Cir. 2017) ("Plaintiff's pro se status does not excuse his non-compliance with this or any of the Rules of Federal Civil Procedure."); ."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

5

Throughout this litigation, Plaintiff has exhibited a pattern of practice that illustrates his belief that he not be restricted by the rules of this Court. He should not be granted such courtesy here. The untimely Motion should be denied.

## C. Plaintiff's Consolidated Notice Of Rule 30(B)(6) Depositions Is Improper As It Failed To Comply With The Requirements Of Rule 30.

The Motion also fails because of additional failures by Plaintiff to comply with the requirements of Rule 30. In addition to a notice of deposition needing to identify a specific date and time, Rule 30(b) also requires that the notice provide reasonable written notice to the parties and provide the deponent's name and address. *See* Rule 30(b)(1). The Rule also requires that the notice identify the method of recording, *see* Rule 30(b)(3)(a), and, for depositions of business entities, describe "with reasonable particularity the matters for examination." *See* Rule 30(b)(6). Additionally, because Plaintiff attempted to serve a consolidated notice of deposition, it failed to reasonably identify when the depositions of each witness would begin, as required. *See* Rule 30(b)(1). Finally, for a Rule 30(b)(6) deposition to take place, the parties must meet and confer about the scope of the matters to be the subject of questioning. *See* Rule 30(b)(6). The Notice, even if not previously withdrawn, fails to comply with these explicit requirements of the Rule.

First, in violation of Rule 30(b)(1), Plaintiff failed to give the CRA Defendants reasonable notice to obtain a corporate designee to appear at a deposition, as required. *See* Rule 30(b)(1). Plaintiff provided only 12 business days from the time Plaintiff unilaterally served his Notice and withdrew it for another date in order for representatives to be identified and prepared to provide testimony. That is simply not sufficient time for the CRA Defendants to do so. This lack of reasonable notice is only further exacerbated by Plaintiff's improper identification of topics, provided without reasonable particularity and without conducting any meet and confer

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

regarding the topics upon which the deposition should be conducted, as required. *See* Rule 30(b)(6). Each of the CRA Defendants objected to the lack of reasonable notice and availability of their witnesses and specifically addressed the failings of Plaintiff's desired deposition topics. Plaintiff made no attempt to discuss the scope of the deposition, instead only choosing to focus on the lack of known availability of CRA Defendants' representatives. Plaintiff, instead of complying with Rule 30, instead seeks to harass CRA Defendants into responding to his improper and untimely Motion seeking to enforce an improper (and withdrawn) Notice.

Second, the Notice attempts to be effective on each of the CRA Defendants by improperly identifying it as a consolidated notice. *See* Ex. 1. No authority under the Rules exists that allows a party to notice the depositions of all other parties in a single, consolidated notice. By serving a "consolidated notice," Plaintiff also chose not to identify the address of the deponent party, as required. Plaintiff's attempt to consolidate his Notice simply is improper and renders the Notice ineffective.

Third, the Notice does not provide a time for when any of the depositions were to begin – simply stating Experian's deposition would begin "following the conclusion of Defendants' deposition of Plaintiff (which begins at 11:30 AM PST)." *See* Exhibit 1. The Notice then asserts that the "depositions of Equifax and TransUnion's [sic] representatives shall commence consecutively thereafter." *Id*. The Notice, as written, expects representatives for the CRA Defendants to appear for Plaintiff's deposition and wait patiently for Plaintiff's deposition to conclude, then wait in perpetuity while Plaintiff deposes Experian, then Equifax and finally Trans Union, with each deposition taking up to seven hours on the record. That is clearly not sufficient notice for when the deposition would begin.

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

**D. Plaintiff's Relief Sought Is Unreasonable Considering Any Prejudice Felt By Plaintiff Was Self-Induced**.

Even if Plaintiff had served a proper notice, timely moved to compel and complied with the Rules, which he did not, Plaintiff's requested relief is improper. Rather than request the CRA Defendants' sit for a deposition on reasonable topics, Plaintiff seeks the imposition of additional, not yet provided, interrogatories with unilaterally shortened time lines and required responses, regardless of whether they are improper and additional summary judgment briefing. *See* Motion, p. 3-4. Plaintiff asserts that he would be prejudiced if he does not have the information he desires to include in his summary judgment brief. *Id*. In the alternative, Plaintiff suggests that the Court simply deem facts chosen by Plaintiff as established as a matter of law. *Id*. at p. 4-5. Each of these "remedies" are unreasonable and were caused by Plaintiff's own failings.

Rather than timely act in discovery to prove legitimate claims, of which he has none, Plaintiff is hoping the Court will bail him out of his own chosen delay. The Court allowed discovery from February 3, 2026 until discovery closed on May 13, 2026. Plaintiff could have noticed the depositions of the parties as soon as February 3, 2026 but chose to wait until the 11th hour to try and force their depositions and, because he is pro se, did so in a procedurally improper way. Plaintiff should not be rewarded for ignoring his discovery obligations and failing to follow this Court's Rules and Orders. The Motion should be denied.

## III.   CONCLUSION

In light of the foregoing and Plaintiff's continued inability to comply with the Federal Rules of Civil Procedure and this Court's Local Rules and Case Management Orders, the CRA Defendants' respectfully request that Plaintiff's

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

Motion be denied and the CRA Defendants' be granted their reasonable attorneys' fees and costs for responding to Plaintiff's Motion, along with any other just relief.

Respectfully submitted,

**Quilling, Selander, Lownds, Winslett & Moser, P.C.**

Date: May 27, 2026 _/s/William M. Huse_
William M. Huse
(admitted *Pro Hac Vice*)
Connor L. Trapp
(admitted *Pro Hac Vice*)
Attorneys for Defendant

Date: May 27, 2026 Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By:_/s/ Heather C. Smith_
Heather C. Smith
*Attorney for Defendant*
Experian Information Solutions Inc.

Date: May 27, 2026 SEYFARTH SHAW LLP

By: _/s/ Ritika Singh_
Ritika Singh
*Counsel for Defendant*
Equifax Information Services LLC

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

9

## ATTESTATION

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed, have concurred in the filing's content and authorized the filing.

Dated:        May 27, 2026

By:*/s/ William M. Huse*_____

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

## **PROOF OF SERVICE**

I, William M. Huse declare that I am a resident of the State of Indiana, am over the age of eighteen years and am not a party to the within action. I am employed with Quilling, Selander, Lownds, Winslett & Moser, P.C. whose address is 10333 North Meridian Street, Suite 200, Indianapolis, IN 46290.

On May 27, 2026, I served true copies of the following document(s) described as **DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**   on the interested parties in this action as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said document(s) to be served by means of this Court's electronic transmission of Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 27, 2026, at Indianapolis, Indiana.

William M. Huse

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

11

I served the documents on the persons listed below, as follows:

| | | |
|---|---|---|
| [  ] | **By messenger service**.  I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service.  (A declaration by the messenger is attached hereto as a separate document.) | |
| [] | **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Indianapolis, Indiana. | |
| [ X ] | **By CM/ECF Notice of Electronic Filing**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court. | |

All documents were sent to the following persons in the following manner:

Chiddy Golden
825 S Hill St., No. 906
Los Angeles, CA 90014
Golden7.14k@gmail.com

Thomas P. Quinn, Esq.
tquinn@nokesquinn.com

Jennifer R. Brooks, Esq.
jrbrooks@seyfarth.com

Ritika Singh, Esq.
risingh@seyfarth.com

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

I declare under penalty of perjury under the laws of the States of Indiana and California that the foregoing is true and correct, and that this Proof of Service was executed on this 27th day of May, 2026, at Indianapolis, IN.

_____
William M. Huse

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [DKT. NO. 162]**

13