TROUTMAN PEPPER LOCKE LLP
Thomas N. Abbott (SBN 245568)
thomas.abbott@troutman.com
100 S.W. Main Street, Suite 1000
Portland, OR 97204
Telephone:   503.290.2322
Facsimile:   503.290.2405

Heather C. Smith (SBN 357018)
heather.c.smith@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:   415.477.5700
Facsimile:   415.477.5710

*Attorneys for Defendant*
Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity form unknown; EXPERIAN INFORMATION SOLUTIONS INC. a business entity form unknown; EQUIFAX INFORMATION SERVICES, LLC, a business entity form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>(Assigned to Hon. Anne Hwang)<br><br>**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 9C<br>Hearing Date: June 17, 2026<br>Hearing Time: 1:30 p.m.<br>Trial Date: August 18, 2026<br>AC Filed: February 21, 2026 |

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................1

II.    FACTUAL BACKGROUND ..............................................................................2

III.   LEGAL STANDARD ..........................................................................................3

IV.    ARGUMENT ........................................................................................................4

      a.   Plaintiff's legal standard proves the point that the Role of the CRA Defendants are not to adjudicate legal disputes..........................4

      b.   Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681b claim ..................................................................................6

      c.   Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681e(b) claim let alone evidence of an inaccuracy ...............9

      d.   Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681i claim ...............................................................................10

      e.   Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681i(a)(6)-(7) claim .................................................................12

      f.   Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681n claim ...............................................................................13

      g.   Plaintiff has not provided any evidence to support his CCRAA claim or claim for declaratory judgment.............................................14

      h.   Plaintiff's additional arguments are unavailing response and do not prove his claims .........................................................................15

V.     THIS MOTION IS PROCEDURALLY IMPROPER .................................17

VI.    CONCLUSION ..................................................................................................18

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........................................................................................... 3

*Birmingham v. Experian Info. Solutions Inc.*,
633 F.3d 1006 (10th Cir. 2011) ....................................................................... 14

*Bradshaw v. Bac Home Loans Servicing, LP*,
816 F. Supp. 2d 1066 (D. Or. 2011) .................................................................. 5

*Butler v. Equifax Info, Servs.*,
No. 3:17CV422-MCR-CJK, 2018 WL 5981841 (N.D. Fla. Nov. 14,
2018) ................................................................................................................ 11

*C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*,
213 F.3d 474 (9th Cir. 2000) ............................................................................. 3

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .....................................................................*passim*

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................................................................... 3

*Crabill v. Trans Union, LLC*,
259 F.3d 662 (7th Cir.2001) ............................................................................ 12

*Farmer v. Brennan*,
511 U.S. 825 (1994) ......................................................................................... 14

*Gauci v. Citi Mortgage*,
No. 2:11-cv-01387-ODW, 2012 U.S. Dist. LEXIS 60153 (C.D. Cal.
Apr. 30, 2012)................................................................................................ 9, 10

*Gaudreau v. Trans Union*,
No. 00C 5036, 2001 WL 936122 (N.D. Ill. Aug. 17, 2001) ............................ 12

*Grigoryan v. Experian Info. Sols., Inc.*,
84 F. Supp. 3d 1044 (C.D. Cal. 2014).......................................................... 12, 15

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

*Guimond v. Trans Union Credit Info. Co.*,
   45 F.3d 1329 (9th Cir. 1995) ...................................................................................9, 11

*Hunt v. Cromartie*,
   526 U.S. 541 (1999) ...................................................................................................3

*Leff v. Bank of New York Mellon*,
   Case No. 2:14-cv-2001-GMN-CWH, 2015 WL 8664249 (D. Nev.
   Dec. 11, 2015) ...........................................................................................................12

*Lujan v. Nat'l Wildlife Fed'n*,
   497 U.S. 871 (1990) ...................................................................................................3

*Morris v. Pompeo*,
   706 F.Supp.3d 1074 (D. Nev. 2020) ..........................................................................3

*Oliver v. Luner, No. LA-CV 18-2562-VAP (AFMx)*,
   2018 WL 5928170 (C.D. Cal. May 21, 2018).........................................................18

*Olson v. Six Rivers Nat'l Bank*,
   111 Cal. App. 4th 1 (2003)........................................................................................15

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ...................................................................................................14

*Seamans v. Temple Univ.*,
   744 F.3d 853 (3rd Cir. 2014)....................................................................................11

*Shaw v. Experian Info. Sols., Inc.*,
   891 F.3d 749 (9th Cir. 2018) ......................................................................................1

*Singer v. Live Nation Worldwide, Inc., No. SA-CV 11-0427-DOC
   (MLGx)*,
   2012 WL 123146 (C.D. Cal. Jan. 13, 2012).............................................................18

*Stud v. Cains*,
   No. CV-15-01045-PHX-DJH, 2018 WL 11352444 (D. Ariz. Apr.
   20, 2018) ...................................................................................................................16

*White v. Experian Consumer Fraud Assistance*,
   No. 1:16-CV-49, 2016 WL 8919459 (N.D.W.Va. Aug. 15, 2016)....................12

**Statutes**

15 U.S.C. § 1681b...........................................................................................6, 7, 8, 9

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

15 U.S.C. § 1681e(b) ........................................................................................ 9, 10, 11

15 U.S.C. § 1681i(a)(1)(A) ................................................................................ 11, 12, 13

15 U.S.C. § 1681i (a)(6) ................................................................................................ 12

15 U.S.C. § 1681i (a)(7) ................................................................................................ 12

15 U.S.C. §1681i ................................................................................................... *passim*

15 U.S.C. § 1681n ........................................................................................................ 13

28 U.S.C. § 2201 ......................................................................................................... 15

Cal. Civ. Code § 1785.14(b) ......................................................................................... 15

Cal. Civ. Code § 1785.31 ............................................................................................. 15

**Other Authorities**

Fed. R. Civ. P. 26(a) .................................................................................................... 17

Fed. R. Civ. P. 56 .......................................................................................................... 3

FRE 803(8) ..................................................................................................................... 6

FRE 902(4) ..................................................................................................................... 6

FRE 902(5) ..................................................................................................................... 6

Local Rule 7-3 .............................................................................................................. 18

Local Rule 7-4 .............................................................................................................. 18

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

**OPPOSITION MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Plaintiff Chiddy Golden's Motion For Summary Judgment (the "Motion") (Dkt. No. 155) must be denied and the Court should order in favor of Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants") motion for summary judgment (Dkt. No. 153, 154). Plaintiff contends that the CRA Defendants violated the FCRA and the CCRAA by inaccurately reporting a collection account arising from a landlord/tenant account with City View Apartments.

It is well established under Ninth Circuit authority that a claim under the FCRA against a credit reporting agency such as the CRA Defendants requires a plaintiff to establish, as a threshold element, that the credit reporting agency's reporting contained an inaccuracy. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  The Motion fails to prove inaccuracy. On that basis alone, Plaintiff's motion should be denied. Even if Plaintiff did prove an inaccuracy on his credit file, which he did not, Plaintiff has not presented any evidence to prove on any of the other required elements. Certainly, a single tradeline dispute regarding an accurate tradeline does not warrant over $700 million dollars in damages.

The Motion advances incognizable legal arguments; none of which prove Plaintiff's claims under the FCRA. Plaintiff believes that post litigation conduct somehow implicates the CRA Defendants' liability under the FCRA. This is wrong, and untruthful. Notably, none of the issues Plaintiff identifies in his Motion for Summary Judgment were alleged in his Complaint and they are not at issue in this lawsuit. *See generally* Dkt. No. 67; Cf. Dkt. No. 155. Plaintiff now introduces unauthenticated and inadmissible evidence in support of his Motion for Summary

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Judgment as a calculated effort to recast the nature of his claims because he cannot prove inaccuracy. *See* JAE 12-13.

Furthermore, as briefed in the CRA Defendants' Motion to Strike [Dkt. 170], Plaintiff has failed to meet and confer with the CRA Defendants prior to filing his Motion for Summary Judgment and did not comply with the Court's Local Rules and Civil Standing Order. For these reasons, Plaintiff's Motion for Summary Judgment should be denied.

Certainly, a single tradeline dispute does not warrant over $700 million dollars in damages.

## II.    FACTUAL BACKGROUND

This is a single tradeline case. Plaintiff admits that he had a prior address at 1207 Miramar Street, Apt. 217, Los Angeles, California 90026 (the "Property") but he claims without any evidentiary support that the debt is unauthorized. Dkt. No. 155 at 18; *see* Dkt. No. 153 at 13. Plaintiff contends that IQ Data International ("IQ Data") inaccurately "identifies Plaintiff as obligor on an account that Plaintiff never initiated authorized, or established." Dkt. No. 67 ¶ 74. The undisputed evidence shows that IQ Data was collecting past due rent (the "Account") which Plaintiff incurred as a resident at the Property. Dkt. No. 153 at 13. Plaintiff has failed to come forward with any contrary admissible evidence and he has not proved the Account is inaccurate. It is undisputed that Plaintiff submitted disputes to Experian, Equifax, and Trans Union by telephone in the fall of 2025. Dkt. No. 153 at 14-18. Each CRA Defendant followed their policies and procedures, reinvestigated the disputes submitted by telephone, submitted ACDVs to IQ Data, and IQ Data certified that the information they reported about Plaintiff was reporting accurately. *Id*. Each CRA Defendant subsequently completed their reinvestigations, applied their policies and procedures, and sent notice to Plaintiff regarding his dispute results. *Id*. For each dispute Plaintiff submitted with a CRA Defendant, Plaintiff did not provide any documentary support beyond his own statements. *Id*. Plaintiff initiated this lawsuit after he was allegedly denied financial

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 2 -

aid but he has produced no admissible evidence that proves the Account or the CRA Defendants' reinvestigations caused Plaintiff's alleged denial. Dkt. No. 155 at 4.

## III.    LEGAL STANDARD

Plaintiff's legal standard does not cite to Federal Rule of Civil Procedure 56 and cites frivolous arguments that have no bearing on the motion for summary judgment legal standard. The Court should grant summary judgment if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the moving party has the burden of proof at trial, it must come forward with evidence to entitle it to a directed verdict at trial if it were uncontested at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000).  In the scenario where the moving party has the burden of proof and does not meet its initial burden, then the Court should deny the motion and need not consider the non-moving party's evidence at all.  *Morris v. Pompeo*, 706 F.Supp.3d 1074, 1083 (D. Nev. 2020). Therefore, a ruling of summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations of inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Conclusory statements, speculation, personal beliefs, and unsupported assertions cannot withstand a summary judgment motion, and the court will not "presume[]" "missing facts." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888-89 (1990).

CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

## IV.   ARGUMENT

### a.   Plaintiff's legal standard proves the point that the Role of the CRA Defendants are not to adjudicate legal disputes.

Plaintiff's legal standard advances three arguments: (1) Rebuttal of Defendants' Affirmative Defenses, (2) Dismantling the "Reasonable Investigation" and & ACDV Defense, and (3) Rebuttal on Evidence of Damages. All three arguments do nothing to prove the claims alleged in the Complaint.

First, Plaintiff attempts to distinguish his dispute as different from *Carvalho* and *Humphrey* because Plaintiff's dispute was a "Macro factual basis." The CRA Defendants' "reliance" on *Carvalho* and *Humphrey* is not as limited as Plaintiff suggests. Those cases stand for the broader proposition that CRAs are not obligated to resolve disputes that require legal adjudication beyond their ministerial role. More importantly, the question of whether 'CITY VIEW CA' or 'CITY VIEW APARTMENTS' is a registered legal entity is itself a legal and factual determination that goes beyond the face of a credit report. The tradeline was furnished by IQ Data, a recognized, reliable, and registered debt collector. The "original creditor" field on the consumer disclosure reflects a trade name under which a landlord or property management company operated, not necessarily a separate registered corporate entity. The FCRA does not require that every name appearing in the 'original creditor' field be a separately registered corporation; it requires that the information reported be accurate. Plaintiff has produced no evidence to prove that the information reported is actually inaccurate. A property management company or landlord operating under a trade name is not a 'factual nullity' simply because that trade name is not independently registered with the California Secretary of State as a corporation. Plaintiff's own framing conflates the legal existence of a corporate entity with the factual existence of a debt obligation, and that the Secretary of State certificates — which only certify the absence of a registered corporation, LP, or LLC under those

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 4 -

names — does not establish that no underlying debt or landlord-tenant relationship exists.

Next, Plaintiff's argument "dismant[les] the 'reasonable investigation' and ACDV Defense" appears to be in response to the CRA Defendants Motion for Summary Judgment. There are several issues to Plaintiff's argument. First, Plaintiff refers to the Ninth Circuit when citing to a Seventh Circuit case and does not identify any pin citations when quoting the case. Next, Plaintiff states without any citation to admissible evidence that he did inform the CRA Defendants of the unreliability of IQ Data. Conveniently, Plaintiff claims that he informed the CRA Defendants in the allegedly deleted portions of the produced calls. Plaintiff does not point to any other evidence to prove that he informed the CRA Defendants of the "unreliability" of IQ Data. Nor can he. The CRA Defendants did not delete Plaintiff's dispute calls and all documents produced by the CRA Defendants show that Plaintiff disputed the account as not belonging to him, nothing more. Plaintiffs unauthenticated call transcripts are not admissible evidence and should not be considered at the summary judgment stage.

Plaintiff cites to *Bradshaw v. Bac Home Loans Servicing, LP*, 816 F. Supp. 2d 1066, 1072 (D. Or. 2011) to support his position that ACDVs are insufficient. *Bradshaw* is wholly different than the case here. In *Bradshaw*, the plaintiffs submitted documents to the CRA Defendants of their timely payments on their mortgage. The ACDVs did not reflect the information submitted to the CRA Defendants. To contrast, Plaintiff has refused to provide any supporting documents that he made timely payments on the Property. Plaintiff failed to provide additional information to the CRA Defendants when prompted. Each time he called the CRA Defendants, he said that the account did not belong to him. Again, Plaintiff has failed to provide or cite any evidence to support his position. Without any affidavits or admissible evidence in support of his claimed inaccuracy, Plaintiff's claims fail.

Finally, Plaintiff argues that the "government records" evidence is "self-authenticating." Plaintiff does not cite to his exhibit but seems to be referring to JAE

- 5 -

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

12. Notably, Plaintiff took a screenshot of a webpage and eventually circulated the denial letter six months after this lawsuit was filed. First, FRE 902(5) applies to "official publications" — books, pamphlets, or other publications purporting to be issued by a public authority — not necessarily to individualized denial letters addressed to a specific applicant. An individualized determination letter may require authentication through a certified copy under FRE 902(4) or testimony. Second, even if the letter is authenticated, FRE 803(8) requires that the record set out the activities of the office or matters observed pursuant to a duty imposed by law, or factual findings from a legally authorized investigation. A purported financial aid denial letter based on an alleged credit check may reflect a ministerial determination rather than a formal factual finding subject to 803(8).

Finally, the purported denial letter does not at all reference Equifax or Experian and does not prove that Plaintiff's alleged denial was based on an Equifax consumer report or an Experian consumer report, let alone any inaccurate information contained in Plaintiff's Equifax file or Experian's file.

Based on these reasons, Plaintiff's first three arguments fail.

### b. Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681b claim

Section 1681b states that "any consumer reporting agency may furnish a consumer report under the following circumstances and no other […] (3) to a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(3)(B).

Plaintiff argues that "Defendants furnished Plaintiff's consumer report information to IQ Data on August 12, 2024." To support his statement, he cites JAE Ex. 9 (Dkt. No. 156-4) which are discovery responses. No where in the discovery

- 6 -

responses does it state the "entry for IQ Data dated August 12, 2024 which the defendant facilitated…"  This is not clear evidence to support Plaintiff's argument that the CRA Defendants "furnished a consumer report" without a "statutory purpose." Dkt. No. 155 at 6. Similar to the Complaint, this argument is devoid of any evidence or documents produced to show that the CRA Defendants impermissibly furnished his consumer report to a third party. Dkt. No. 67 ¶ 362. Despite citing to the wrong exhibit, Plaintiff's earlier JAE 8 only shows one partial document produced by Trans Union, not Equifax or Experian.  Plaintiff's reliance on this partial document, a November 6, 2025 Trans Union consumer disclosure, to "prove" his permissible purpose claim is based on a complete lack of understanding of the document and calls for speculation from the finder of fact.  It appears that, because other account review inquiries expressly identify a permissible purpose on this disclosure, Plaintiff believes the absence of such an express statement means that no permissible purpose must exist.  *See* JAE 8.  There is no reasonable basis for such a leap in logic, much less would summary judgment be appropriate for such a requested inference, especially since it is not true. *See* Declaration of D. Wagner at ¶64. Furthermore, Plaintiff's claim is not based on the proper standard.  For a plaintiff to be successful on a Section 1681b claim, he must show that the CRAs did not "ha[ve] reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(3)(B). Plaintiff's theory entirely ignores whether Trans Union, or any of the CRAs, had reason to believe that IQ Data was requesting Plaintiff's credit file in connection with a collection account.  Plaintiff's summary judgment motion fails.

As for Experian, Plaintiff has not provided any evidence that his consumer report was provided to a third party. Nor could he. Between October 2025 to December 2025, there were no hard inquiries, meaning Experian did not provide his consumer report to any creditor. *See* Dkt. No. 153-7; 153-9. Plaintiff conclusorily

- 7 -

alleges a violation of section 1681b without any context or evidence as to whom the CRA Defendants impermissibly supplied his consumer report to a third party.

Similarly for Equifax, Plaintiff has not provided any evidence that an Equifax consumer report was provided to a third party or that he was denied credit based on Equifax's reporting. Nor could he. Between October 2025 to December 2025, there were no hard inquiries, meaning also Equifax also did not provide his consumer report to any creditor. *See* Dkt. No.153-1, JAF 60. At bottom, Plaintiff has produced no evidence to support his claim that Equifax violated § 1681b, let alone evidence that the purported violation was willful. *See generally* Dkt. 153-1. Without evidence, his claim fails.

Similarly for Trans Union, Plaintiff cannot show that his Trans Union consumer report was provided to a third party without a permissible purpose. Plaintiff's Motion seems to assert that I.Q. Data received his consumer report without a permissible purpose because, we can only surmise, that a Trans Union consumer disclosure does not identify a specific permissible purpose. *See* Plaintiff's JAE Exhibit 8. However, Trans Union only provides a consumer report unless the inquiring party provides a permissible purpose and Trans Union had reason to believe that I.Q. Data requested Plaintiff's credit file with a permissible purpose – for a collection account. *See* Declaration of D. Wagner at ¶¶62-63. The mere fact that Trans Union did not specifically identify a permissible purpose on its consumer disclosure does not mean that a permissible purpose does not exist. *See* Declaration of D. Wagner at ¶64. In fact, the only other only evidence that any report was provided to a third party was Plaintiff's post-Complaint credit application with Barclays Bank Delaware and a Federal Student Aid letter, both of which are hearsay and will not be admissible at trial. *See* Dkt. No. 153-3 at ¶¶ 10 and 11. In addition to that being an inadmissible hearsay document, Plaintiff cannot use it to both claim he was denied credit because of Trans Union and that Trans Union did not have a permissible purpose to provide such a report to Barclays. Either Plaintiff applied for credit or he did not.  One

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 8 -

eliminates his allegations of financial damages and the other admits he has not 1681b claim. But in any event, the Barclays credit denial is inadmissible hearsay that cannot be considered in support of any of Plaintiff's claims.

Thus, Plaintiff has not presented any evidence to prove his § 1681b claim and the Court should grant the CRA Defendant's Motion for Summary Judgment and deny Plaintiff's motion.

### c. Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681e(b) claim let alone evidence of an inaccuracy.

Plaintiff has failed to prove that the I.Q. Data account is inaccurate, nor can he. Instead, the Motion attempts to shift the focus on the reasonable procedure portion of the statute with five conclusory statements subparts. To establish a claim under § 1681e(b) or § 1681i(a) of the FCRA, and of the corresponding provisions of the CCRAA, Plaintiff must first prove that at least one consumer credit report (§ 1681e(b)) or credit file (§ 1681i(a)) actually contained inaccurate information. *See, e.g., Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) (holding that FCRA § 1681i and CCRAA § 1785.16 claims require plaintiff to show an inaccuracy); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."). Credit reports are considered accurate in the Ninth Circuit under the FCRA when CRAs correctly report information furnished by the creditor. *Gauci v. Citi Mortgage*, No. 2:11-cv-01387-ODW, 2012 U.S. Dist. LEXIS 60153, *12 (C.D. Cal. Apr. 30, 2012). "When the plaintiff fails to establish an actual inaccuracy, courts may properly grant summary judgment in favor of credit reporting agency defendants." *Id.* at *4.

Plaintiff advances the following arguments: (1) the admission of "rubber-stamping," (2) the "Credible Furnisher" Fallacy, (3) Willful Blindness to Factual Nullity, (4) Knowledge of Systemic Failure (The CFPB Data), and (5) Concrete

Troutman Pepper Locke LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111

- 9 -

Inaccuracy and DOE Denial. None of Plaintiff's arguments provide evidence or address why the IQ Data tradeline is inaccurate beyond incognizable assertions. For instance, Plaintiff does not provide any payment history showing he made timely payments to City View Apartments or prove that he does not owe the debt. In the 327 pages of exhibits, none prove that the IQ Data account is inaccurate. Further, Plaintiff does not cite any case law to support any of his subpart arguments. Plaintiff cannot bypass this critical element of proving a claim under 1681e(b) and 1681i. Without evidence of an inaccuracy, Plaintiff's claim under § 1681e(b) fails and the Court need not consider the reasonableness of the CRA Defendants' policies and procedures.

Furthermore, Plaintiff fails to identify any evidence to support his incorrect beliefs regarding the CRA Defendants' policies and procedures or how those procedures violate the FCRA. *See generally* Dkt. No. 156. Nor has Plaintiff come forward with any admissible evidence to support his alleged damages. *Id*. Plaintiff's focus on the reasonable procedures is misplaced as he does not prove that there was an inaccuracy. Nor could he. *See* Dkt. No. 154 at 32-37. Thus, the CRA Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment.

### d. Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681i claim.

As mentioned above, Plaintiff has failed to prove that IQ Data Account was reporting inaccurately. *See, e.g., Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) (holding that FCRA § 1681i and CCRAA § 1785.16 claims require plaintiff to show an inaccuracy); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."). This alone bars Plaintiff's 1681i claim. Additionally, Plaintiff has failed to identify how any of the reinvestigations were actually unreasonable, instead just relying on his disagreement with the outcome, which is insufficient to obtain summary judgment.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Plaintiff has not submitted any disputes to the CRA Defendants that City View Apartments is an unlawful entity. *See* Dkt. No. 153-1, JAF 4, 8, 13, 32, 54. Section 1681i requires that a consumer first dispute the accuracy of a specific item of information with the CRA before any duty to reinvestigate arises. In other words, 15 U.S.C. § 1681i(a)(1)(A) provides that a CRA's duty is triggered only if "the completeness or accuracy of any item of information … is disputed by the consumer and the consumer notifies the agency" of that dispute.  Plaintiff never disputed the portion of the tradeline he now claims to be inaccurate, this is fatal to his claim under §1681i.

Moreover, courts have held that that CRAs are not responsible for maintaining or presenting original copies of "contracts" for the accounts they report. *See Butler v. Equifax Info, Servs*., No. 3:17CV422-MCR-CJK, 2018 WL 5981841 (N.D. Fla. Nov. 14, 2018) ("The provision . . . does not mandate that [CRAs] obtain and provide plaintiff with the original loan documents he signed."). Further, courts have found that CRAs act reasonably when they contact the furnisher or creditor to verify that the information they provided to the CRA is accurate, in response to a reinvestigation request. *Seamans v. Temple Univ., * 744 F.3d 853, 867 n. 11 (3rd Cir. 2014) ("the furnisher, not the CRA, is in the best position to determine whether the dispute is bona fide . . ."). If the information was reported accurately, a plaintiff cannot maintain an FCRA claim challenging the reasonableness of the CRA's investigation. *See Gaudreau v. Trans Union*, No. 00C 5036, 2001 WL 936122, at *2 (N.D. Ill. Aug. 17, 2001); *see Leff v. Bank of New York Mellon*, Case No. 2:14-cv-2001-GMN-CWH, 2015 WL 8664249, at *3 (D. Nev. Dec. 11, 2015) (dismissing complaint that raised only conclusory allegations that FCRA reinvestigation was unreasonable.) CRAs have no such documentation obligation under the FCRA, in contrast to the obligations of debt collectors under the FDCPA. *See White v. Experian Consumer Fraud Assistance*, No. 1:16-CV-49, 2016 WL 8919459, at *2 (N.D.W.Va. Aug. 15, 2016) ("Experian is not a debt collector, but rather a consumer reporting agency.") Because

CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

CRAs are not required to prove that a debt exists or maintain copies of original documents, Plaintiff has no claim under § 1681i of the FCRA, as the CRA Defendants conducted a reasonable investigation. Furthermore, Plaintiff has not produced any evidence that the CRA Defendants' reinvestigations caused damages, which is a required element for a claim under Section 1681i. *See generally* Dkt. 155. *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014) (To establish a negligent violation of § 1681i and § 1785.16, a plaintiff must prove that he incurred actual damages caused by the alleged violations); citing *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir.2001) ("Without a causal relationship between the violation of the […] statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'"). Thus, the CRA Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment.

### e. Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681i(a)(6)-(7) claim.

Even if Plaintiff proved that the Account was inaccurate, which he as not, Plaintiff has failed to provide any evidence to support his section 1681i(a)(6)-(7) claim. Plaintiff has failed to present any evidence to support his claim under both subsections. Section 1681i(a)(6) requires the CRA to provide a consumer a disclosure with notice within five days of completing its reinvestigation. In the CRA Defendnats' Motion for Summary Judgment all defendants provided documents which show that they sent Plaintiff the dispute results after the reinvestigation. Dkt. No. 153-9 at 21-47; 126-149; 429-442. Plaintiff does not provide any evidence to refute that he did not receive the dispute results from the CRA Defendants.

Section 1681i(a)(7) requires a CRA to provide a consumer a description after receiving a request from the consumer based on the process in section 1681i(a)(6)(B)(iii). This description includes "procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

contacted in connection with such information and the telephone number of such furnisher." 15 U.S.C. § 1681i(a)(6)(B)(iii). Plaintiff only presents purported transcripts of the call recordings to support his claim that the CRA Defendants did not provide a description of the reinvestigation procedure. In the clipped transcript, Plaintiff asked the identity of the "bank" and additional information about the original creditor. Dkt. No. 155 at 13. The purported transcripts show that Experian and Equifax provided Plaintiff information about IQ Data, the furnisher of the information. Plaintiff's claim is premised that the Experian and Equifax did not give additional information about the original creditor, which is not what is required by the statute.

Thus, Plaintiff has not presented any evidence to prove his Section 1681i(a)(6)-(7) claim.

### f.  Plaintiff has not provided any evidence to support his 15 U.S.C. section 1681n claim.

Even if Plaintiff could present any disputed material facts tending to show that the CRA Defendants negligently violated the FCRA or the CCRAA in some respect —which he cannot—there are certainly no disputed facts capable of supporting Plaintiff's claim that Defendants willfully violated those laws. Willful misconduct under the FCRA encompasses both intentional and reckless violations of the law. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). Reckless misconduct is "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). For a willful violation to have occurred, the defendant must have engaged in much more than unreasonable conduct; it must have run a risk of violating the law "substantially greater" than the risk associated with mere carelessness. *Id.* at 69 (holding, as a matter of law, that the FCRA defendant had not acted recklessly); *see also Birmingham v. Experian Info. Solutions Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011). The absence of willfulness can be resolved as a matter of law, as the Supreme Court's decision in Safeco

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

demonstrates. *See Safeco*, 551 U.S. at 71 (holding that defendant did not recklessly violate the FCRA).

The undisputed facts of this case demonstrate that the CRA Defendants reasonably handled all of Plaintiff's disputes. To the extent any of the CRA Defendants' reinvestigations or procedures are found to be unreasonable, these reinvestigations and procedures cannot, as a matter of law, be construed as resulting from risk-taking "substantially greater than the risk associated with . . . mere[] careless[ness]." *Safeco*, 551 U.S. at 69. Accordingly, summary judgment should be granted in favor of CRA Defendants on Plaintiff's claims for willful FCRA and CCRAA violations even if the Court denies summary judgment with respect to Plaintiff's negligence-based claims.

### g.  Plaintiff has not provided any evidence to support his CCRAA claim or claim for declaratory judgment.

Plaintiff's CCRAA claims fail for the same reasons as his FCRA claims because the claims are premised on the same facts. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). "[B]ecause the CCRAA 'is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Id.* at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)). Here, Plaintiff alleges violations of California Civil code sections 1785.14(b); 1785.16; 1785.25(a) and that he is entitled to damages under California Civil code sections 1785.31. Like Plaintiff's FCRA claims, Plaintiff's state law claims should be denied summary judgment because Plaintiff has not presented any evidence to contradict the CRA Defendants' third-party subpoenas or how the Account is inaccurate.

Further, the Complaint and Plaintiff seek declaratory relief under 28 U.S.C. section 2201. Plaintiff argues that he is entitled to declaratory judgment because he has provided documents stating that "City View CA" or "City View Apartments" do

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 14 -

not exist and the creditor is a "factual nullity". Dkt. No. 155 at 17. However, Plaintiff is mistaken. Plaintiff did sign a lease agreement with Pacifica Huntley, L.P., who does business as City View Apartments. Dkt. Nos. 153 at 13; 153-1 at 8. Plaintiff submitted an apartment application to City View Apartments; he received mail at the Property. Dkt. No. 153-1 at 8-9. To evade collection on his rent obligation, Plaintiff is playing a word game based on the creditor listed.  All of which is beyond the scope of the FCRA obligations on credit reporting agencies.

Plaintiff cites Cal. Civ. Code section 1785.31 to support his request for permanent injunctive relief. The CCRAA does permit injunctive relief, however, that same relief is not available under the FCRA. *See* Dkt. No. 32. Critically, Plaintiff has not provided any evidence to prove that the Account is inaccurate or materially misleading. *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1061 (C.D. Cal. 2014). As such, permanent injunctive relief is not an appropriate remedy.

### h. Plaintiff's additional arguments are unavailing response and do not prove his claims.

Plaintiff's additional arguments are not related to the motion for summary judgment. Rather, Plaintiff uses the rest of his motion to air out his grievances with the CRA Defendants and their counsel. One telling piece is that for the first time in this litigation, Plaintiff admits that the Property was a prior address and he claims that the debt is unauthorized. Dkt. No. 155 at 18. This again proves the CRA Defendants point that Plaintiff lived at the Property and he is essentially disputing that he owes the debt. It is not the CRA's job to determine the validity of a consumer's debt. *See* Dkt. No. 153 at 24. Regardless, Plaintiff uses this argument to further complain about litigation strategy and discovery. The CRA Defendants conducted third party discovery, however that does not have bearing on its obligations under the FCRA. Plaintiff conflates the two to be indicative of each other. It is not. Plaintiff complained that IQ Data was reporting a "ghost" entity. *See* Dkt. No. 67. The CRA Defendants

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 15 -

conducted third party discovery to determine the veracity of his claims. Once the CRA Defendants received the productions from IQ Data, it was abundantly clear that Plaintiff was disputing a debt obligation.

Plaintiff's Motion airs all of his grievances with the CRA Defendants and their counsel during the course of litigation. Plaintiff conflates the CRA Defendants' obligations under the FCRA with the CRA Defendants' counsels' duties in this litigation. The two are not related or linked.

A motion for summary judgment is not the proper mechanism to raise a discovery dispute. *Stud v. Cains*, No. CV-15-01045-PHX-DJH, 2018 WL 11352444, at *4, fn. 4 (D. Ariz. Apr. 20, 2018) (holding that a motion for summary judgment is not the mechanism in which to put a discovery dispute before the Court). In Plaintiff's Motion, he raises issues regarding Equifax's discovery responses to Plaintiff's Second Set of Interrogatories. *See* Dkt. 155, p. 20. Plaintiff's argument fails for the following reasons. First, Plaintiff did not meet and confer or raise a discovery dispute with Equifax concerning Equifax's discovery responses to Plaintiff's Second Set of Interrogatories before filing his Motion. Second, Plaintiff's Second Set of Interrogatories to Equifax are not relevant to Plaintiff's claims in this lawsuit. Third, Plaintiff mistakenly argues that Equifax "conceded it lacks a reasonable procedure to verify the entities and accounts it chooses to report." *See* Dkt. 155, at p. 20. Plaintiff's arguments are unfounded. *See* Dkt. 155-1, Declaration of Pamela Smith.

Lastly, Plaintiff complains of "procedural ambush." As mentioned in the CRA Defendant's motion for summary judgment, great effort was taken to have the motion for summary judgment be a joint brief. Dkt. No. 153 at 10-11. Unlike Plaintiff, the evidence the CRA Defendant's relied on was produced to Plaintiff over a month ago. Plaintiff provided the CRA Defendants with the third-party subpoenas productions and the purported denial letter on May 12, 2026, the day before the filing deadline. Judge Hwang's Civil Standing Order provides, "[T]he parties must comply fully with

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 16 -

the letter and spirit of Fed. R. Civ. P. 26(a) and engage in discovery promptly." Plaintiff's willful withholding of documents responsive to the CRA Defendants' Requests for Production, that should have been produced in the course of discovery has materially prejudiced the CRA Defendants and undermines both the discovery process and Judge Hwang's Civil Standing Order.

Furthermore, it was not feasible to respond to Plaintiff's brief in the allotted time frame. Dkt. No. 153 at 11. Plaintiff provided his brief in the early morning when it was 19 pages. *Id*. Plaintiff added four more pages by the time he filed it and failed to respond to any questions regarding whether his brief was done, nor did he ever provide his complete draft to the CRA Defendants prior to filing. Dkt. No. 153-5 ¶ 26. Plaintiff further complains that declarations were not shared with him. Declarations are used as a procedural mechanism to authenticate documents. The CRA Defendants circulated the exhibit list and the appendix of facts multiple times. Dkt. No. 153 at 10-11. Plaintiff did not raise any issues until after the CRA Defendants' motion was filed.

## V.   THIS MOTION IS PROCEDURALLY IMPROPER

Plaintiff failed to have a meaningful meet and confer regarding his basis for moving for summary judgment. While the CRA Defendants were explaining that this Court required a joint motion, Plaintiff mentioned that he may file his own motion. Dkt. No. 153 at 10. Plaintiff's "certification" of a meet and confer is purely false as Plaintiff did not, at any point in time before filing, substantively discuss his Motion for Summary Judgment or any basis for his motion. *See* Dkt. 170. Further, Plaintiff does not certify in his motion or his declaration that he met and conferred with the CRA Defendants in accordance with local rule 7-3 and this Court's civil standing order. *See Singer v. Live Nation Worldwide, Inc., No. SA-CV 11-0427-DOC (MLGx)*, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (motion for summary judgment denied for failure to comply with L.R. 7-3); *Oliver v. Luner, No. LA-CV 18-2562-VAP (AFMx)*, 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018) (denying motion without

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 17 -

prejudice for failure to comply with L.R. 7-3). Moreover, Plaintiff does not include a notice of motion required by L.R. 7-4.

Plaintiff states in his Motion that he "continued working on a response to Defendants motion for MSJ. . . ." *See* Dkt. 155, at p. 20. It appears despite Plaintiff's continuous efforts of working for "approximately 68 hours," at no point in time did he provide his contributions to the CRA Defendants' Motion for Summary Judgment to comply with Judge Hwang's Civil Standing Order. Dkt. No. 153-5 ¶ 27.

## VI.  CONCLUSION

The CRA Defendants respectfully requests this Court to deny Plaintiff's Motion (Dkt. No. 155) and grant the CRA Defendants' Motion for Summary Judgement (Dkt. Nos. 153, 154).

Dated:  May 27, 2026          Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP


By:*/s/ Heather C. Smith*
     Thomas N. Abbott
     Heather C. Smith
     *Attorneys for Defendant*
     Experian Information Solutions Inc.


Dated: May 27, 2026          SEYFARTH SHAW LLP


By: */s/ Ritika Singh*
     Ritika Singh
     *Counsel for Defendant*
     Equifax Information Services LLC

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Dated: May 27, 2026

QUILLING SELANDER LOWNDS WINSLETT & MOSER PC


By: */s/ William M. Huse*
    William M. Huse
    (admitted *Pro Hac Vice*)
    Connor L. Trapp
    (admitted *Pro Hac Vice*)
    Attorneys for Defendant
    Trans Union LLC

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 19 -

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed, have concurred in the filing's content and authorized the filing.

Dated:        May 27, 2026

By:*/s/ Heather C. Smith*
     Heather C. Smith
     *Attorney for Defendant*
     Experian Information Solutions Inc.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 20 -
CRA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK