Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

                Plaintiff,

          v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

                Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL**

- 1 -

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

## I. INTRODUCTION & TIMELINESS: DEFENDANTS' ZERO CREDIBILITY AND RECKLESS EXPOSURE OF PII

Defendants' Application to Seal is a bad-faith attempt to secure a blanket seal over documents that do not meet the Ninth Circuit's strict standard for secrecy, combined with a reckless disregard for Plaintiff's privacy. The credibility of the CRA Defendants is utterly compromised. Defendants are asking this Court to seal documents while concurrently lying to the Court about their meet-and-confer efforts and repeatedly publishing Plaintiff's highly sensitive Personal Identifiable Information (PII) on the public docket.

Plaintiff is filing this response now because Plaintiff has not had a realistic opportunity to review Defendants' voluminous sealing filings until this week. As the Court is aware, Plaintiff was buried under an orchestrated convergence of massive dispositive motions engineered by Defendants, requiring extensive time to research and draft multiple oppositions (including a 900-page summary judgment response, a Rule 11 opposition, and a Motion to Strike opposition) all colliding on the same deadline last week.

## II. DEFENDANTS' BLATANT MISREPRESENTATION OF THE MEET-AND-CONFER PROCESS

Defendants' Application to Seal contains a direct misrepresentation to this Court regarding the meet-and-confer process. In their Joint CRA Defendants Application to Seal, Defendants falsely claim: *"On May 13, 2026, counsel for Equifax sent Plaintiff the CRA Defendants' materials identified in the Declaration of Ritika Singh which the CRA Defendants intend to seal. To date, Plaintiff has not provided his position."* This is demonstrably false. On May 13, 2026, upon receiving notice of their intent to file a motion to seal, Plaintiff expressly replied and asked: *"When is the Meet and Confer scheduled for?"* Defendants completely ignored Plaintiff's request to confer. See **Exhibit A**. They refused to engage, and then pivoted to tell this Court that Plaintiff had "not provided his position", and because Defendants filed their Dkt 165

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

on May 19, 2026, there was absolutely no excuse to misrepresent the factual background of what transpired because they had ample time to responds to Plaintiff regarding their intent.  Plaintiff has always been willing to work with Defendants to determine precise, targeted redactions while leaving the remainder of the material available to the public. Instead of conferring in good faith, Defendants chose to just file the Dkt 165 application and demand an improper blanket seal of everything and lie to the Court about Plaintiff's responsiveness. Their credibility on this matter is zero.

**III. APPLYING THE *KAMAKANA* STANDARD: TARGETED SEALING VS. IMPROPER BLANKET SEALS**

The United States Court of Appeals for the Ninth Circuit established in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) that parties seeking to seal documents attached to dispositive motions must show "compelling reasons" that outweigh the public policies favoring disclosure. A blanket seal is improper.

**A. Documents That Should Be Sealed (The Manufactured Hearsay)**

Plaintiff does not oppose the sealing of the manufactured hearsay lease material and other hearsay production materials. These materials are unauthenticated, manufactured hearsay tied to a legally nonexistent phantom entity which they attempted to substitute the original creditor that they actually reported with. Plaintiff agrees these specific fabricated materials should be sealed from the public docket to prevent future bad-faith actors such as these defense Counsels from extracting them and weaponizing them out of context. Defendants have already demonstrated a propensity for this exact tactic in this litigation by introducing an entirely irrelevant alleged registration from an unrelated Ninth Circuit matter to distract the Court. Sealing these specific third-party fabrications protects the integrity of the public record.

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

**B. Documents That Must Be Unsealed (Declarations, Procedures, and ACDVs)**

Defendants cannot establish "compelling reasons" to seal their own corporate declarations, their internal reinvestigation procedures, the Automated Consumer Dispute Verification (ACDV) codes, and Plaintiff's discovery responses (Interrogatories, RFPs, and RFAs).

- **Corporate Declarations & Procedures:** The core of this FCRA litigation is Defendants' unlawful "parrot" procedure. Corporate declarations outlining their business practices and the ACDV routing codes do not constitute trade secrets; they are the very mechanisms of their statutory violations. Hiding these procedures from the public and regulatory bodies does not meet the *Kamakana* standard.
- **Discovery Responses:** Plaintiff's responses to interrogatories and Requests for Admission contain legal and factual arguments that belong in the public forum, but the post hoc hearsay narratives and irrelevant addresses embedded in certain questions can be redacted to protect the integrity of the public record.

**C. The Remedy**

These documents must be filed publicly. The only legal and proper remedy is the strict redaction of Plaintiff's specific PII and other post hoc hearsay narratives embedded by defendants, rather than a blanket seal of the entire document. Furthermore, the exact scope of what other Plaintiff related materials may require redaction must be determined through a proper meet-and-confer process, which Defendants have thus far evaded.

**IV. DEFENDANTS' Dkt 165, MAY 19 FILING EXPOSED PLAINTIFF'S PII AGAIN IN DIRECT CONTRADICTION TO THEIR SWORN PROMISES**

Federal Rule of Civil Procedure 5.2(a) strictly mandates the redaction of dates of birth and Social Security numbers and L.R. 5.2-1 also makes it clear that the responsibility "rests solely with counsel". Defendants' credibility regarding their

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

handling of sensitive documents is non-existent. The timeline of their contradictions proves a shocking recklessness:

- **DKT 153, May 13, 2026:** Defendants filed their Joint MSJ, illegally exposing Plaintiff's PII on the public docket.
- **DKT 163, May 18, 2026:** Plaintiff filed an Emergency Ex Parte Application to seal the offending documents.
- **DKT 165, May 19, 2026:** Defendants filed the instant Motion to Seal. In doing so, Defendants attached a supposedly "redacted" public version of Transunion's Interrogatories. In Dkt 165-12 at Exhibit Q, under a specific question requesting sensitive data (which again was an irrelevant and unnecessary question having already been in a prior litigation involving Plaintiff originating from a separate case regarding violations of the FCRA), Defendants **again** illegally exposed Plaintiff's grouped PII (date of birth, Social Security data, and address grouped together) to the public.
- **DKT 168, May 20, 2026:** Defendants filed an Opposition to Plaintiff's Ex Parte, stating to this Court: ***"The CRA Defendants apologize to Plaintiff and this Court for the inadvertent filing error and have taken remedial action to resolve the issue, and confirm it will not happen again."***
- **DKT 169, May 21, 2026:** Defendants were forced to file a correction admitting they misrepresented the facts in their May 20, 2026, DKT 168 Opposition regarding copying Plaintiff on a May 18 email to the courtroom deputy clerk. Though they misrepresented multiple things in their Dkt 168 opposition, Defendants only corrected one thing after Plaintiff confronted them.

Defendants essentially looked this Court in the eye in their May 20 Dkt 168 and promised "it will not happen again," despite having already published Plaintiff's PII for a ***second time*** the day prior on May 19. Plaintiff has been raising serious unheeded alarms as to Defendants' habitual exposure of Plaintiff's personal

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

Identifiable Information as they improperly attached Plaintiff's exposed PII to their carousel of subpoenas sent to multiple different addresses alleging each one was the new original creditor.

**V. THE UNEQUAL TREATMENT: DEFENDANTS PROTECT THEIR BUSINESS PARTNERS WHILE ENDANGERING PLAINTIFF**

Defendants' failure to redact Plaintiff's PII is a willful, imbalanced treatment of sensitive data. Wherever their business partner's (IQ Data's) specific account numbers or proprietary identifiers appear, Defendants meticulously and flawlessly redact them. There are zero exposures initiated by them of the Furnisher's ordinary account number, an account number which does not even come close to meeting the requirements of what actually requires redaction under the Rule 5.2. Privacy Protection. Rule 5.2.(a) makes it clear what needs to be redacted and the rule states: "Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number…", Defendants have no trouble redacting account numbers of theirs that don't meet Rule 5.2. Yet, when it comes to Plaintiff's statutorily protected data under Rule 5.2., Defendants exercise zero care. They weaponize the sealing and redaction process to protect their corporate allies and demand blanket seals for their procedures, while carelessly throwing Plaintiff's protected information onto the public docket.

**VI. CONCLUSION**

Defendants' credibility is shattered by their repeated documented lies regarding the meet-and-confer process and other blatant lies and bad faith conduct throughout this case, their conflicting statements to the Court, and their repeated violations of Fed. R. Civ. P. 5.2 and L.R. 5.2-1. The Defendants' assurances are worthless, and their creditability has completely dissolved leaving no further benefit of doubt for the court to extend to them. The court must take this into account in any future rulings. Plaintiff respectfully requests that the Court:

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL

1. Grant the seal *only* as to the unauthenticable manufactured third-party hearsay lease materials.

2. Deny the blanket Application to Seal the corporate declarations, internal procedures, ACDVs, and Plaintiff's discovery responses, ordering Defendants to file public versions with only Plaintiff's PII properly redacted and also ordering that the parties meet and confer regarding what else involving Plaintiff requires redaction.

3. Issue an immediate order striking and sealing the May 19, 2026 Dkt 165, defective filing that exposed Plaintiff's PII again.

Dated: June 1, 2026

By:/s/ Chiddy Golden

_____

Chiddy Golden
Pro Se Plaintiff

OPPOSITION TO DEFENDANTS' APPLICATION TO SEAL