SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Hon. Anne Hwang<br><br>**CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: June 17, 2026**<br>**Time: 1:30 p.m.**<br>**Ctrm: 9C** |

Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC, ("Equifax"), and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants") hereby submit this Reply in Support of their Joint Motion to Strike Plaintiff's Motion for Summary Judgment ("Motion to Strike") and respectfully show the Court as follows.

## I. Introduction

Plaintiff's Opposition is nothing more than an effort to mask the shortcomings in his claims and his noncompliance with the Civil Standing Order and Local Rules. Despite the Court's requirement that parties "work cooperatively to submit a single Joint Brief . . . for

any summary judgment motion," *pro se* Plaintiff Chiddy Golden filed a unilateral Motion for Summary Judgment (the "MSJ") on May 14, 2026 [Dkt. 155, 156]. *See* Civil Standing Order at p. 12.

On May 21, 2026, the CRA Defendants filed their Motion to Strike on the grounds that Plaintiff failed to complete a meet and confer as required under the Local Rules, filed his MSJ after the filing deadline; and did not comply with this Court's Local Rules or Civil Standing Order and filed a separate MSJ. *See generally* Dkt. 170. On May 26, 2026, Plaintiff filed his Opposition to Defendants' Motion to Strike (the "Opposition"), insisting that his MSJ was "properly filed" and attempting to shift the blame on the CRA Defendants claiming an "ongoing, systemic scheme to escape liability" and employing a "hyper-technical, draconian standard." *See* Dkt. 173 at pp. 2, 13. For the reasons stated below and in the CRA Defendants' Motion, Plaintiff's MSJ should be stricken and not considered by this Court.

## II.    Argument

### A. The CRA Defendants' Motion Is Based On Plaintiff's Failure To Comply With the Local Rules and Civil Standing Order.

Plaintiff's Opposition is yet another attempt to distract the Court from the central issues in this case – whether he resided at City View Apartments and failed to pay rent and associated charges there. Throughout the course of this litigation, Plaintiff has filed a barrage of motions to distract the Court from this very issue. This onslaught of motions reflects a strategy of distraction rather than substance. Plaintiff's Opposition is a prime example of this. Courts in the Ninth Circuit have held that compliance with Local Rule 7-3 is not discretionary and may result in striking or denying the motion. *Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. LACV1903028JAKAFMX, 2021 WL 1034838, at *2 (C.D. Cal. Feb. 12, 2021); *Correa v. Ford Motor Co.*, No. 2:23-CV-023 89-AB-PD, 2025 WL 2673627, at *3 (C.D. Cal. May 22, 2025) (If a party fails to comply with Local Rule 7-3, it is within the Court's discretion to outsight deny or strike the motion); *Singer v. Live*

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
326271586v.2

*Nation Worldwide, Inc.*, No. SA-CV 11-0427-DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (motion for summary judgment denied for failure to comply with L.R. 7-3); Oliver v. Luner, No. LA-CV 18-2562-VAP (AFMx), 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018) (denying motion without prejudice for failure to comply with L.R. 7-3). Local Rule 7-3 states, in pertinent part, "[I]n all cases. . . counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, ***the substance of the contemplated motion*** and any potential resolution." L.R. 7-3 (emphasis added).

In his Opposition, Plaintiff concedes that he does did not, at any point in time prior to filing his MSJ, meet and confer substantively on the issues presented in his MSJ. *See* Dkt. 173. He further concedes that the CRA Defendants ***did*** meet and confer with Plaintiff regarding a proposed joint motion for summary judgment and the factual bases for the CRA Defendants' Motion for Summary Judgment. *See* Dkt. 170, p. 5. The CRA Defendants did, however, attempt to meet and confer between May 14, 2026 and May 21, 2026, and substantively discuss the issues presented in the Motion, as outlined in the Declaration of Jennifer Brooks. Dkt. 170-2. During the initial meet and confer on May 14, 2026 for the CRA Defendants' Motion, Plaintiff interrupted and stated that he would not continue to confer. *See id.*, at ¶ 6. Despite continued efforts to meet and confer, Plaintiff would not meaningfully participate on the issues presented in the Motion. *See id.*, at ¶ 11.

Furthermore, Plaintiff has failed to adhere to the procedural requirements of the Court's Local Rules and Civil Standing Order. The Civil Standing Order makes clear that multiple joint motions and cross-motions on the same legal issues are disfavored. *See* Dkt. 70, at G9(c) and G9(d). Furthermore, "no more than one joint motion may be filed under Fed. R. Civ. P. 56 without leave of court, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication." *See id.*, at G9(c). Plaintiff took it upon himself to draft his own motion for summary judgment, despite the CRA Defendants' efforts to meet and confer on May 6, 2026 regarding a proposed joint motion

3

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

for summary judgment, and provided a nineteen page draft to the CRA Defendants the day of the summary judgment filing deadline, expecting responses within hours. *See* Dkt. 170-1 at ¶ 6. The MSJ Plaintiff filed was a completely different version than the prior 4 page version he circulated to the CRA Defendants the day before, which included more facts and issues that were not alleged in his Complaint. *Id.* at ¶ 9. Plaintiff has constantly displayed a pattern of conduct that has undermined the Court's directives.

Accordingly, Plaintiff's failure to adhere to the procedural requirements of the Court's Local Rules and Civil Standing Order necessitates that his MSJ be stricken.

### B. The CRA Defendants Could Not Have Filed The Motion Earlier Because Plaintiff Filed His MSJ Late.

In his Opposition, Plaintiff attempts to reassert arguments that have no bearing on the issues raised in the Motion to disguise that his MSJ was indeed filed after the filing deadline on May 13, 2026 and he did send counsel for the CRA Defendants' an email on May 13, 2026 stating that physical exhaustion caused him to fall asleep. *See* Dkt. 173 at p. 6. Plaintiff cites to Local Rule 6-1, which states that "[I]f served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice." L.R. 6-1. Plaintiff takes issue with Motion being noticed for a hearing in less than the prescribed 28 days after filing given that it was filed on May 21, 2026. *See* Dkt. 173, at p. 13. However, the CRA Defendants would not have been able to file the Motion earlier because Plaintiff filed his procedurally deficient MSJ late, after the filing deadline. Counsel for Equifax also stated in the Declaration of Jennifer Brooks that in efforts to comply with Local Rule 7-3, Equifax could not file this Motion to Strike until 7 days after initiating meet and confer efforts on May 14, 2026, the same date Equifax received Plaintiff's late filing, and set the matter for hearing on June 17, 2026. *See* Dkt. 170-2, at ¶ 12.

### III.    **Conclusion**

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

326271586v.2

For the reasons stated above, and in Defendants' Motion to Strike, CRA Defendants respectfully request that this Honorable Court grant their Motion to Strike Plaintiff's Motion for Summary Judgment [ECF No. 170] and for such other relief to which CRA Defendants may be justly entitled.

DATED: June 3, 2026                          Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: /s/ Ritika Singh
                                               Ritika Singh
                                               *Counsel for Defendant*
                                               *Equifax Information Services LLC*

                                            TROUTMAN PEPPER LOCKE LLP


                                            By: /s/ Heather C. Smith
                                               Heather C. Smith
                                               *Attorneys for Defendant*
                                               *Experian Information Solutions Inc.*


                                            QUILLING SELANDER LOWNDS
                                            WINSLETT & MOSER PC


                                            By: /s/ William Huse
                                               William Huse, Admitted Pro Hac Vice
                                               *Counsel for Defendant*
                                               *Trans Union LLC*

5

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

326271586v.2

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed, have concurred in the filing's content and authorized the filing.

Dated:        June 3, 2026                    By: */s/ Ritika Singh*
                                                        Ritika Singh

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

326271586v.2

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I presented the foregoing CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *pro se Plaintiff*.

*/s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

CRA DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
326271586v.2