SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Hon. Anne Hwang<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11**<br><br>**Date: June 17, 2026**<br>**Time: 1:30 p.m.**<br>**Ctrm: 9C** |

Equifax Information Services LLC ("Equifax") hereby submits this Reply in Support of its Motion Sanctions and Attorney's Fees pursuant to Rule 11 ("Motion") and respectfully show the Court as follows.

## I.    Introduction

Rather than answer the question raised by this Court[1] and in Equifax's Motion – whether *pro se* Plaintiff Chiddy Golden ("Plaintiff") resided at City View Apartments and owes the debt for charges related to City View Apartments, Plaintiff's 14-page Opposition

---

[1] The Court in Dkt. 94 states, "whether City View is the putative creditor of the disputed tradeline, so determining whether Plaintiff had rented an apartment there and failed to pay rent is at the heart of this case."

to Equifax's Motion for Rule 11 Sanctions (the "Opposition") is a diatribe of insults and untruthful attacks against counsel for Equifax and Magistrate Judge Steve Kim. *See generally* Dkt. 172.

In his First Amended Complaint ("FAC"), Plaintiff claims that Equifax reported an "erroneous and unverifiable collection account" that he allegedly "did not open, apply for, authorize, consent to, or otherwise establish." (Dkt. 67, ¶¶ 41, 43). Plaintiff asserts that, although he "timely notified each Defendant that the reported account did not correspond to any account initiated, authorized, or established by Plaintiff," Equifax "continued reporting the tradelines without obtaining or reviewing any contract, application, account-opening document, or another account-level evidence linking Plaintiff to the alleged account," causing him to suffer damages. (*Id.*, ¶¶ 79-80).

Because Plaintiff's lawsuit is presented in bad faith, on May 15, 2025, Equifax filed the Motion on the grounds that Plaintiff has prosecuted this case since December 2025 based solely upon false representations and provided the Court with ample evidence proving that Plaintiff's claim that he never resided at City View Apartments, located at 1207 Miramar St, Los Angeles, CA 90026 is false. *See generally* Dkt. 161. The Court recognizes that "at bottom, Plaintiff wants no information from City View Apartments produced in third party discovery." *See* Dkt. 119.

On May 26, 2026, Plaintiff filed an Opposition to Equifax's Motion (the "Opposition"), incorrectly claiming that Equifax "failed to comply with the strict 'Safe Harbor' requirements of Federal Rule of Civil Procedure 11(c)(2)" and filed "inadmissible, unauthenticated hearsay" as exhibits in support of its Motion. *See* Dkt. 172 at pp. 3 and 7. Plaintiff's Opposition is yet another attempt to distract this Court from the central issue: whether he rented an apartment at City View Apartments and failed to pay rent and charges associated with the account. Rather than confront the evidence, Plaintiff fails to respond to any of Equifax's exhibits and instead relies on unfounded hearsay objections.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11
326181764v.1

Accordingly, Equifax's Motion should be granted and Plaintiff should be ordered to pay all fees and costs Equifax has incurred in defending this frivolous lawsuit.

**II.      Plaintif's Opposition Fails to Respond to Any Arguments In Equifax's Motion.**

In his Opposition, Plaintiff makes every attempt to evade the central question presented in Equifax's Motion, rather than directly addressing the merits. Plaintiff even goes so far as to make untruthful insulting remarks towards counsel for Equifax and Magistrate Judge Steve Kim. *See* Dkt. 172, at pp. 5-6. Plaintiff does not respond to Equifax's arguments or address them directly. Rather, he incorrectly asserts that Equifax's Motion relies on manufactured connections, irrelevant hearsay, and demonstrably false declarations. *See id.* at p. 3. By failing to respond to the arguments presented in Equifax's Motion, Plaintiff concedes the point that he did indeed maintain an apartment with City View Apartments and failed to pay rent and associated charges owed on the account. *See Versluys v. Weizenbaum*, No. 3:21-CV-01694-MO, 2023 WL 6880412, at *3 (D. Or. Oct. 18, 2023), aff'd sub nom. *Versluys v. White Pine Circle LLC*, No. 23-3982, 2024 WL 5183201 (9th Cir. Dec. 20, 2024) (noting that plaintiffs waive arguments by failing to respond to it).

Despite repeated requests, Plaintiff has provided no evidence or documents demonstrating any inaccurate reporting – despite such being his prima facie FCRA obligation. *Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876 at 890. Equifax's Motion and the exhibits submitted therewith demonstrate that (1) IQ Data International, Inc. ("IQ Data") is the furnisher at issue and (2) Plaintiff has not provided any evidence to show he does not owe the debt. Further, Plaintiff has not provided any evidence to establish that he did not maintain an apartment with City View Apartments, execute the lease agreement, or paid the rent and charges associated with the apartment. All evidence in the record proves, Plaintiff signed the lease agreement, incurred the balance owed, never paid the balance in full, and Plaintiff's vague claims to the contrary as an attempt to distract the Court, are false. *See* Dkt. 161-3. Plaintiff's own exhibits include letters sent by IQ Data to his home

3

address regarding the collection account, which were collection efforts made on behalf of City View Apartments, confirming that Plaintiff had actual knowledge of the account status and his outstanding debt obligations before commencing this action. *See* Dkt. 172-2, pp. 2-9.

In sum, Plaintiff has produced no evidence to refute the documents from IQ Data or support his claim that the IQ Data collection account does not belong to him.

**A. Plaintiff's Hearsay Arguments Are Unfounded.**

Plaintiff's Opposition further alleges that Equifax has engaged in "evidentiary laundering" and has filed "unauthenticated, third-party hearsay" in support of its Motion. Dkt. 172 at p. 7. Plaintiff appears to take issue with Equifax attaching the proposed Rule 11 Motion to the accompanying declaration of Ritika Singh and claims that the IQ Data documents therefore not being authenticated. *See id.* However, Plaintiff does not cite to a single Rule of Evidence and instead relies on a blanket, unsupported statement that "Equifax made these baseless claims without a 'reasonable and competent inquiry' into the temporal limitations of the FCRA or the fundamental rules of evidence regarding document authentication." *See id.* at p. 11. Plaintiff appears to take issue with the substance of the documents, rather than their admissibility, and seeks to reframe that dissatisfaction as unsupported authentication challenges and meritless evidentiary objections.

**III. Equifax's Motion Fully Complies with the Safe Harbor Period.**

Rule 11(c)(2) provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions. *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002). After 21 days, if the offending party has not withdrawn the filing, the movant may file the Rule 11 motion with the court. *Id.* Here, Equifax triggered the 21 day safe harbor period as prescribed under the Rule 11 on April

4

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11
326181764v.1

23, 2026 when it served its Rule 11 Letter to Plaintiff along with the Rule 11 Motion. *See* Dkt. 161-5. In its Rule 11 Letter, Equifax's counsel stated that, "you are hereby put on notice that if Plaintiff does not dismiss his claims against Equifax by May 14, 2026, [counsel for Equifax] will be forced to file the attached Motion for Sanctions with the Court." *See id.*, at p. 12. After serving the Rule 11 Letter and the Rule 11 Motion, Plaintiff did not withdraw his position or acknowledge that he has not produced any evidence to refute IQ Data's documents and that he maintained an apartment with City View Apartments and failed to pay rent and charged associated with the account. The Motion was not filed until May 15, 2026, twenty-two (22) days following service of the Motion. Plaintiff mistakenly states that he was deprived of the mandatory 21-day safe harbor period because "Because Equifax substantially altered the Notice of Motion, withheld hundreds of pages of exhibits from the service copy, added newly minted declarations detailing events from mid-May, and inserted new exhibits that did not exist on April 23, Equifax failed to serve the actual motion filed with this Court." *See* Dkt. 172, p. 5. This is simply false. Rule 11's procedural requirements are satisfied even when the motion served to comply with the safe harbor provision differs from the motion filed with the Court, provided that the filed motion does not introduce any new arguments. *Rygg v. Hulbert*, No. C11-1827JLR, 2012 WL 12847008, at *3 (W.D. Wa. Sept. 21, 2012). In the Motion filed on May 15, 2026 [Dkt. 161], Equifax does not raise any new arguments or differ from Motion it served to Plaintiff on April 23, 2026.

Plaintiff also claims that the Motion contains new exhibits that were never served during the safe harbor period, such as Exhibit E which contain emails dated May 13 and May 14, 2026. The emails Plaintiff refers to occurred after Equifax served its Rule 11 Letter and filing ready Motion, and relate to Equifax's meet and confer efforts during the 21-day safe harbor period so it could not have been served 21 days before filing the Motion. After serving its Rule 11 Letter and Motion to Plaintiff, Equifax engaged in two meet and confer efforts by videoconference, as discussed in the Declarations of Ritika Singh and Jennifer

Brooks [Dkt. 161-1, 161-2] (the "Declarations"). Plaintiff concedes that the Declarations detail events and conversations during the meet and confer attempts that occurred on May 14, 2026 and May 15, 2026, so of course, such Declarations could not have occurred or been served 21 days prior to filing the Motion. During the meet and confer attempts, counsel for Equifax asked Plaintiff questions such as: (1) Did Plaintiff reside at an apartment within City View Apartments located at 1207 Miramar St, Los Angeles, CA 90026; (2) What is your position on page 8 of the letter regarding the exhibits attached to Plaintiff's informal appellate brief against Ford Motor which include confirmation that Plaintiff received mail at 1207 Miramar St, Los Angeles, CA 90026 [Dkt. 161-5, p. 9]; (3) What is your position on the exhibit contained on page 2 of the Rule 11 Letter [Dkt. 161-5, p. 3] which show Plaintiff's signature on the lease application for an apartment at City View Apartments; and (4) What is your position on page 3 and 4 of the Rule 11 Letter [Dkt. 161-5, pp. 3-4] which contains exhibits regarding a leasing application with Plaintiff's information, including the email address used in this instant lawsuit, prior address, and last four digits of Plaintiff's social security number. *See* Dkt. 161-7, p. 3. Plaintiff refused to answer any of these questions during the meet and confer attempts which occurred on April 29, 2026 and May 15, 2026 as outlined in the Declarations accompanying Equifax's Motion.

Thus, Plaintiff's arguments regarding Equifax's failure to comply with the 21-day safe harbor period are fundamentally inaccurate.

**IV.    Plaintiff Cannot Seek Relief in Response To A Motion.**

In his Opposition, Plaintiff states that "Equifax (not Plaintiff) is violating Rule 11." *See* Dkt. 172, p. 11. Plaintiff further requests that the Court, beyond denying Equifax's Motion, "award him for reasonable expenses incurred in opposing to Equifax's Motion and exercise its inherent authority to admonish defense counsel for manufacturing grievances, weaponizing Local Rule 7-3, and unreasonably multiplying these proceedings in bad faith." *See* Dkt. 172, at p. 14. Ironically, Plaintiff initiated this action by filing a frivolous lawsuit,

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS
AND ATTORNEYS' FEES PURSUANT TO RULE 11
326181764v.1

followed by several unfounded motions, ultimately leading Equifax to file its Motion pursuant to Rule 11. Now, Plaintiff seeks relief from the Court in his Opposition in response to Equifax's Motion despite not having a basis upon which to demand the relief he is seeking. *See Buford v. Vang*, No. 100CV06496AWISMSP, 2006 WL 2652220, at *7 (E.D. Cal. Sept. 15, 2006), report and recommendation adopted sub nom. *Buford v. Broome*, No. 1:00CV06496LJOSMSPC, 2007 WL 749700 (E.D. Cal. Mar. 1, 2007) (court recognized that plaintiff did not move for relief via a recognized motion).

## V.    Conclusion

For the reasons stated above, and in Equifax's Motion, Defendant Equifax Information Services LLC respectfully request that this Honorable Court grant its Motion for Sanctions and Attorney Fees [Dkt. 161], dismiss Plaintiff's suit with prejudice, award Equifax its reasonable attorneys' fees, and for such other relief to which Equifax may be justly entitled.

DATED: June 3, 2026                                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11
326181764v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *pro se Plaintiff*.

*/s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES PURSUANT TO RULE 11
326181764v.1