TROUTMAN PEPPER LOCKE LLP
Thomas N. Abbott (SBN 245568)
thomas.abbott@troutman.com
100 S.W. Main Street, Suite 1000
Portland, OR 97204
Telephone:   503.290.2322
Facsimile:   503.290.2405

Heather C. Smith (SBN 357018)
heather.c.smith@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:   415.477.5700
Facsimile:   415.477.5710

*Attorneys for Defendant*
Experian Information Solutions, Inc.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual; | Case No. 2:25-cv-11740-AH-SK |
| Plaintiff, | (Assigned to Hon. Anne Hwang) |
| v. | **DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| TRANSUNION, LLC, a business entity form unknown; EXPERIAN INFORMATION SOLUTIONS INC. a business entity form unknown; EQUIFAX INFORMATION SERVICES, LLC, a business entity form unknown; and DOES 1-10, Inclusive, | |
| Defendants. | Courtroom: 9C<br>Hearing Date: June 17, 2026<br>Hearing Time: 1:30 p.m.<br>Trial Date: August 18, 2026<br>AC Filed: February 21, 2026 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 2

    A.    The CRA Defendants are entitled to summary judgment because plaintiff fails to establish an inaccuracy ................................................ 2

    B.    Plaintiff's Opposition confirms that his dispute of the IQ Data tradeline turns on legal questions ........................................................... 3

    C.    Plaintiff failed to rebut the CRA Defendants' evidence that reasonable procedures were used ....................................................... 4

    D.    Plaintiff fails to establish a triable issue of material fact on his claim under § 1681i ............................................................................. 5

    E.    15 U.S.C. § 1681b expressly permits creditors to obtain a consumer report ................................................................................. 8

    F.    Defendants are entitled to summary judgment because plaintiff fails to establish a triable issue of material fact on the issue of willful noncompliance and willful misconduct ................................... 10

    G.    Plaintiff has not provided any evidence to support his CCRAA claim or claim for declaratory judgment ........................................... 11

    H.    Plaintiff has not provided any evidence to support his claim for declaratory judgment or injunctive relief ......................................... 11

III.    CONCLUSION ................................................................................................ 12

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. State Farm Mut. Auto. Ins. Co.*,
No. 3:15-CV-0019-HRH, 2018 WL 1474526 (D. Alaska Mar. 26, 2018) ................................................................................................................. 1

*Avetisyan v. Experian Info. Sols., Inc.*,
No. CV 14-05276-AB (ASX), 2016 WL 7638189 (C.D. Cal. June 3, 2016) ................................................................................................................. 5

*Carvalho v. Equifax Info. Servs., LLC*,
588 F. Supp. 2d 1089 (N.D. Cal. 2008), *aff'd*, 629 F.3d 876 (9th Cir. 2010) ................................................................................................................. 3

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ................................................................. *passim*

*Crabill v. Trans Union, LLC*,
259 F.3d 662 (7th Cir. 2001) ................................................................................ 7

*Cushman v. Trans Union Corp*,
115 F.3d 220 (3rd. Cir. 1997) ........................................................................ 5, 6

*Gauci v. Citi Mortg.*,
No. 2:11-CV-01387-ODW, 2012 WL 1535654 (C.D. Cal. Apr. 30, 2012) ................................................................................................................. 2

*Grigoryan v. Experian Info. Sols., Inc.*,
84 F. Supp. 3d 1044 (C.D. Cal. 2014) ............................................................ 7, 12

*Hennessey v. Radius Glob. Sols. LLC*,
No. 3:24-CV-05654-DGE, 2024 WL 5119824 (W.D. Wash. Dec. 16, 2024) ................................................................................................................. 9

*Howard v. Blue Ridge Bank*,
371 F. Supp. 2d 1139 (N.D. Cal. 2005) ............................................................ 12

*Jenkins v. Cnty. of Riverside*,
398 F.3d 1093 (9th Cir. 2005) ..................................................................... 10, 11

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

*Madau v. Nat. Balance Pet Foods, Inc.*,
　No. CV1504875SJOAJWX, 2015 WL 13917985 (C.D. Cal. Oct. 8,
　2015) ...................................................................................................................... 12

*Olson v. Six Rivers Nat'l Bank*,
　111 Cal. App. 4th 1 (2003) .................................................................................... 11

*Perez v. Experian Info. Sols., Inc.*,
　No. CV1400138MWFFFMX, 2015 WL 12683795 (C.D. Cal. Jan.
　13, 2015) .................................................................................................................. 5

*Picogna v. Board of Educ. of Tp. of Cherry Hill*,
　671 A.2d 1035 (N.J. 1996) ...................................................................................... 1

*Safeco v. Burr*,
　551 U.S. ............................................................................................................ 10, 11

*Seamans v. Temple Univ.*,
　744 F.3d 853 (3rd Cir. 2014) ................................................................................... 5

*Shaw v. Experian Info. Sols., Inc.*,
　891 F.3d 749 (9th Cir. 2018) ................................................................................ 1,2

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
　802 F. Supp. 2d 1125 (C.D. Cal. 2011) ................................................................ 10

*Thomas v. U.S. Bank, N.A.*,
　325 F. App'x 592 (9th Cir. 2009) ............................................................................ 9

**Statutes**

15 U.S.C. § 1681 ........................................................................................... *Passim*

28 U.S.C. § 2201 ................................................................................................... 12

CCRAA .......................................................................................................... *Passim*

FCRA .............................................................................................................. *Passim*

**Other Authorities**

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

Defendant Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants"), by and through the undersigned counsel, submit their reply in support of their motion for summary judgment in favor of the CRA Defendants and against Plaintiff Chiddy Golden ("Plaintiff") on each of his claims in the Amended Complaint ("Complaint") (Dkt. No. 67).

## I.   INTRODUCTION

Plaintiff's Opposition (Dkt. No. 177) confirms that the CRA Defendants are entitled to summary judgment as a matter of law. Plaintiff fails to address the fact that he has not proved and cannot prove an inaccuracy in his consumer disclosure. Plaintiff never provided evidence that he paid his rental obligation and never provided evidence that he does not owe the debt to IQ Data International, Inc. ("IQ Data") for the collection account at issue, nor does he dispute that he signed the underlying lease agreement or incurred the underlying rent obligation. His disputes to the CRA Defendants did not include any evidence and during this litigation, Plaintiff produced one credit denial. Now, after the close of discovery, Plaintiff produced credit denials and sought medical treatment because of the stress of this litigation and should be precluded from recovering damages caused by the litigation itself.[1]

It is well established under Ninth Circuit authority that a claim under the FCRA against a credit reporting agency requires a plaintiff to establish, as a threshold element, that the credit reporting agency's reporting contained an inaccuracy. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). Even if Plaintiff

---

[1] Plaintiff improperly brings discovery disputes and complaints in his opposition. All supporting exhibits aside from the declarations were produced during the course of discovery and within the Court's prescribed discovery period. *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0019-HRH, 2018 WL 1474526, at *7 (D. Alaska Mar. 26, 2018) (citation omitted).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

did prove an inaccuracy on his credit file, which he did not, Plaintiff did not present any evidence to prove any of the other required elements.

The opposition advances incognizable legal arguments; none of which refute the CRA Defendants' arguments that Plaintiff cannot prove his claims under the FCRA and the CCRAA. Even if Plaintiff did prove an inaccuracy (he did not), Plaintiff does not provide any persuasive arguments or evidence to rebut the CRA Defendants' position for the alleged 15 U.S.C. §§ 1681e(b), 1681i, 1681b, and 1681o claims and CCRAA injunctive relief claim. Plaintiff abandoned his 15 U.S.C. § 1681n and CCRAA claims by failing to respond to the CRA Defendants' arguments. Lastly, equitable relief, like declaratory relief, is not available under the FCRA.

The CRA Defendants respectfully request this Court grant their Motion for Summary Judgment in its entirety and enter judgment in their favor.

## II.    ARGUMENT

### A.    The CRA Defendants are entitled to summary judgment because plaintiff fails to establish an inaccuracy

Plaintiff's opposition demonstrates he cannot establish a prima facie factual inaccuracy in the CRA Defendants' reporting as required to sustain his claims under the FCRA. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d at 756. Credit reports are considered accurate in the Ninth Circuit under the FCRA when CRAs correctly report information furnished by the creditor. *Gauci v. Citi Mortg.*, No. 2:11-CV-01387-ODW, 2012 WL 1535654, at \*5 (C.D. Cal. Apr. 30, 2012) "When the plaintiff fails to establish an actual inaccuracy, courts may properly grant summary judgment in favor of credit reporting agency defendants." *Id*. at \*4. The Opposition because it cannot prove any inaccuracy, advances theories about a "nonexistent" creditor and alleged discovery and evidentiary issues which are irrelevant to whether the Account itself is factually inaccurate. Dkt. No. 177 at 2-4. Plaintiff's supported theories cannot defeat summary judgment because he failed to prove that there is an inaccuracy in his

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

consumer disclosure. Plaintiff's semantic challenge about the legal original creditor name does not create a genuine dispute over a factual inaccuracy in the Account. Dkt. No. 177 at 2-4, 6. Plaintiff has not pointed to any evidence that he does not owe the debt obligation. Instead, the only evidence shows to Plaintiff lived at the Property, executed the rental application for the Property, and owed rental charges and other related charges for the rental apartment. Dkt. No. 153 at 13.

Plaintiff offers no admissible evidence that the Account was factually inaccurate. Thus, the Court should grant summary judgment in favor of the CRA Defendnats on Plaintiff's 15 U.S.C. § 1681e(b) and 1681i claims because Plaintiff cannot prove that the Account is inaccurate.

**B.    Plaintiff's Opposition confirms that his dispute of the IQ Data tradeline turns on legal questions.**

Plaintiff's contention that his dispute of the IQ Data tradeline is not a legal dispute is belied by his opposition.  Plaintiff's argument that his claim is not a legal dispute is not persuasive nor reasonable. Dkt. No. 177 at 9. Plaintiff cites to no case law to support his position that his dispute is a "factual impossibility" which is supposedly distinguishable from the legal dispute of the debt. *Id*. at 10. Plaintiff's theory is premised on the incorrect belief that he does not owe the debt because the entity "does not exist." *Id*. As explained in the CRA Defendants' Motion, the crux of Plaintiff's disputes is the validity of rental debt owed to City View Apartments. Any question regarding the legal viability of Plaintiff's residential lease debt or the collection of the debt is not properly resolved by a CRA. *See, e.g., Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1097 (N.D. Cal. 2008).

Here, Plaintiff repeatedly argues that the original creditor "City View CA" is a non-existent legal entity which means it is impossible for it to have the ability to collect on any account or be a creditor. Dkt. No. 177 at 4. He alleges that the Account "does not exist in fact" and is nothing more than a "ghost." Dkt. No. 67 ¶¶ 48, 54;

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

3

Dkt. No. 116 at 5:10-12, 7:15-7:21. Plaintiff's conclusory statements about the admissibility of the evidence, while misunderstanding evidentiary standards, does not rebut the fact he signed the lease agreement, and owes the debt. The evidence shows that City View CA is in fact City View Apartments and indisputably shows that Plaintiff initiated the lease agreement with City View Apartments. *See* Dkt. Nos. 153-4, Ex. Z; 153-5, Exs. G-K. Thus, Plaintiff's dispute is a legal dispute which should result in the Court granting summary judgment for the CRA Defendants.

### C. Plaintiff fails to rebut the CRA Defendants' evidence that reasonable procedures were used

The Opposition fails to rebut the CRA Defendants' argument and evidence that their procedures are reasonable to assure maximum accuracy. Plaintiff points to his beliefs regarding post litigation conduct in response to the CRA Defendants' argument they employed reasonable procedures to assure maximum accuracy. This is wrong. Plaintiff asserts that there was an "identity swap," which is the basis for his 1681e(b) claim. Dkt. No. 177 at 4. Plaintiff's new allegations differ from what is alleged in the Complaint (Dkt. No. 67). The new allegations in the Opposition do not show that the CRA Defendants prepared a consumer report containing inaccurate information and delivered that consumer report to a third party. Dkt. No. 153 at 33. Even if Plaintiff did argue and prove that his consumer report was disclosed to a third party, the Opposition fails to provide an explanation or evidence as to why the information as inaccurate or why the procedures were unreasonable or were not followed. *See Avetisyan v. Experian Info. Sols., Inc.*, No. CV 14-05276-AB (ASX), 2016 WL 7638189, *8 (C.D. Cal. June 3, 2016). As argued in the Motion, the unrebutted evidence is that the CRA Defendants followed reasonable procedures to ensure maximum possible accuracy. Dkt. No. 153 at 34.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Thus, the CRA Defendants are entitled to summary judgment for Plaintiff's 15 U.S.C. § 1681e(b) claim because the Opposition fails to refute the CRA Defendants' position with relevant, admissible evidence.

**D.      Plaintiff Fails To Establish a Triable Issue of Material Fact On His Claim Under § 1681i**

Citing *Cushman v. Trans Union Corp*, 115 F.3d 220 (3rd. Cir. 1997), Plaintiff asserts that the CRA Defendants' reinvestigation process is unreasonable because it relied on certification by the furnisher. Dkt. No. 177 at 7. As courts in this district have previously explained, however, "*Cushman* is unpersuasive because *Cushman* does not articulate the law of this circuit as expressed in *Carvalho* and *Gorman*." *Perez v. Experian Info. Sols., Inc.*, No. CV1400138MWFFFMX, 2015 WL 12683795, at *3 (C.D. Cal. Jan. 13, 2015). The court in *Perez* explained the difference between the circuits:

> The Ninth Circuit's holdings in *Carvalho* and *Gorman* that a CRA is not liable for reporting information accurately reported from a creditor are contrary to *Cushman*. Perez identifies no case within the Ninth Circuit where a CRA was held liable for accurately reporting information obtained from a creditor after it had confirmed that information's accuracy.

*Perez v. Experian Info. Sols., Inc.*, No. CV1400138MWFFFMX, 2015 WL 12683795, at *4 (C.D. Cal. Jan. 13, 2015).[2] Indeed, the Ninth Circuit explained that CRAs "simply collect and report information furnished by others." *Carvalho*, 629 F.3d at 891.[3] Here, the evidence establishes that each CRA Defendant timely transmitted

---

[2] The continued vitality of *Cushman* is doubtful as courts have subsequently found that CRAs act reasonably when they contact the furnisher or creditor to verify that the information they provided to the CRA is accurate. *Seamans v. Temple Univ.*, 744 F.3d 853, 867 n. 11 (3rd Cir. 2014) ("the furnisher, not the CRA, is in the best position to determine whether the dispute is bona fide . . .").

[3] Plaintiff also takes liberties with the *Cushman* case. There, the Third Circuit held that "in order to fulfill its obligation under § 1681i(a) 'a credit reporting agency may be required, ***in certain circumstances***, to verify the accuracy of its initial source of information.'" *Cushman*, 115 F.3d at 225. The court continued to list a number of

5

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Plaintiff's disputes, obtained verification from IQ Data, and sent timely results to Plaintiff. Dkt No. 153 at 14-18. Besides his reliance on Third Circuit precedent, Plaintiff offers no basis for establishing a triable issue of fact as to the reasonableness of the CRA Defendants' reinvestigations. Ironically, when the CRA Defendants sought to dig deeper during this litigation (and well beyond what the FCRA, as interpreted by the Ninth Circuit, requires of a reasonable reinvestigation), Plaintiff objected. Plaintiff has studiously fought every attempt by the CRA Defendants to ascertain in discovery whether Plaintiff actually lived at apartment building related to the IQ Data collection account.[4]

Indeed, Plaintiff's own submissions have buttressed the credibility of IQ Data's reporting. For example, in response to Experian's interrogatory requesting that Plaintiff identify every address he had for the past seven years, Plaintiff responded that the information was "equally available to Experian within its own records." Dkt. No. 153-9 at 71:16-18. Experian's records show that Plaintiff resided at 1207 Miramar St., Apt. 217 in Los Angeles. Dkt. No. 153-9 at 11, 35. Additionally, Plaintiff has identified 1207 Miramar St., Apt 217 as his residence in his own filings in the Ninth Circuit. Dkt. No. 153-9 at 725.[5]

factors including whether the source of the information is unreliable. *Id*. Even if *Cushman* applied (which it does not), Plaintiff has not provided any evidence that IQ Data is an unreliable source, and the CRA Defendants provided declarations which statements that the CRA Defendants review for reliable sources like IQ Data. Dkt. No. 153-6 ¶ 8; 153-7 ¶ 5; 153-8 ¶ 13.

[4] *See* Dkt. Nos. 89 at 4,6; 91 at 3,6; 110 at 3;132 at 4. 8.

[5] The record reflects that Plaintiff cannot credibly deny he resided at 1207 Miramar St., Apt. 217. In his opposition, Plaintiff avoids the issue entirely. In response to the evidence of his vehicle registration, Plaintiff responds: "Plaintiff will not engage with this irrelevant, out-of-context fishing expedition." Dkt. No. 177 at 10. In his own motion for summary judgment, Plaintiff casts the issue as a "transparent distraction" although he fails to explain how the question of his residency at the apart building for which IQ Data is collecting on past due rent is a "distraction." Dkt. No. 155 at 18.

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

To be clear, the CRA Defendants have demonstrated their compliance with 1681i by showing they transmitted Plaintiff's disputes to IQ Data, required IQ Data to verify its data, and provided dispute results to Plaintiff afterwards. § 1681i requires that a consumer first dispute the accuracy of a specific item of information with the CRA before any duty to reinvestigate arises. 15 U.S.C. § 1681i(a)(1)(A) (a CRA's duty is triggered only if "the completeness or accuracy of any item of information … is disputed by the consumer and the consumer notifies the agency" of that dispute). After receipt of Plaintiff's disputes of the IQ Data tradeline, each CRA Defendant notified IQ Data and required that it verify its data. JAF Nos. 6, 11, 16, 35, 55; Dkt. No. JAF at 153-9. The CRA Defendants then provided Plaintiff with notice of the results of each reinvestigation within the statutory period under §1681i(a)(6). JAF No. 7,12, 17, 36, 56; Dkt. No. 153 at 15-17. The evidence therefore establishes compliance with all subsections of 1681i, including 1681i(a)(6) and 1681i(a)(7).

Furthermore, Plaintiff has not produced any evidence that the CRA Defendants' reinvestigations caused him any damages, which is a required element for a claim under § 1681i. *See generally* Dkt. 177. *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014) (To establish a negligent violation of § 1681i and § 1785.16, a plaintiff must prove that he incurred actual damages caused by the alleged violations); citing *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relationship between the violation of the […] statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'"). The exhibits attached to the Opposition, in addition to being improper as never having been produced during discovery, are not persuasive. Plaintiff sought medical attention after the close of discovery related to the stress of this litigation, not with any damage associated with the reinvestigation of the Account. Dkt. No. 177-4 at 24. Plaintiff submitted several credit applications within days of the

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

close of discovery. Dkt. No. 177-4 at 44-50.[6] None of this "evidence" actually shows any damage caused by the CRAs' reinvestigation.

Plaintiff failed to rebut the CRA Defendants' argument that their reinvestigations were reasonable and thus, the CRA Defendants are entitled to summary judgment.

### E.     15 U.S.C. § 1681b expressly permits creditors to obtain a consumer report.

§ 1681b authorizes a "consumer reporting agency" to "furnish a consumer report …:"

> (3) To a person which it has reason to believe--
> (A) **intends to use the information in connection with** a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or **collection of an account of, the consumer**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added). In his opposition, Plaintiff cites to his Exhibit 10 – one page of a Trans Union report – to show that IQ Data made an account review inquiry on August 12, 2024. Dkt. No. 177 at 12; Dkt. No. 177-4 at 52. That document only evidences that one of the CRA Defendants (Trans Union) furnished a report to IQ Data.[7] As such, Plaintiff's opposition concedes that summary judgment for Equifax and Experian on the claim under § 1681b is necessary. Moreover, the one-page reference to IQ Data alone does not establish a triable issue of material fact to avoid summary judgment on the claim under § 1681b as to Trans Union either. Knowing this, Plaintiff describes IQ Data as "Defendants … business partner, their

---

[6] Plaintiff did not produce the denial letters and doctor's letter under after the close of discovery. Notably, one denial letter is dated February 20, 2026 and Plaintiff failed to produce during discovery. Dkt. No. 177-4 at 44-50

[7] Plaintiff has produced no evidence that Equifax or Experian published a consumer report without a permissible purpose, or at all during the relevant time period.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

collection company…" without reference to any evidence to support the innuendo. Dkt. No. 177 at 12. If IQ Data is a collection company, it fits within the ambit of permissible uses under § 1681b(a)(3)(A). Indeed, IQ Data's response to Equifax's FRCP 45 subpoena supports the conclusion that it is collecting on an account Plaintiff initiated—the lease for Apt. 207 at 1207 Miramar St. in Los Angeles. Dkt. No. 153-9 at 457-573.

The Ninth Circuit has held that the plain language of the FCRA indicates that "requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA." *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009). Moreover, "if a CRA 'has reason to believe' that the entity they provide a report to is intending to collect on a debt, the CRA has a permissible purpose to furnish the report under the FRCA." *Hennessey v. Radius Glob. Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 5119824, at *4 (W.D. Wash. Dec. 16, 2024). Plaintiff provides no evidence to show that Trans Union lacked a 'reason to believe' that IQ Data was collecting a debt. Third party discovery during this litigation revealed that IQ Data was in fact collecting on a debt arising from Plaintiff's lease for Apt. 207 at 1207 Miramar.

Additionally, Trans Union has offered evidence that Trans Union had reason to believe a permissible purpose existed for the August 12, 2024 IQ Data Inquiry. *See* Declaration of Donald Wagner, Dkt. 176-3 at ¶¶ 62-63. Also, Plaintiff's entire theory of a lack of a permissible purpose for the IQ Data inquiry is premised on his misunderstanding of a consumer disclosure. Trans Union consumer disclosures sometimes will expressly identify a permissible purpose for an inquiry, but all inquiries listed were made with a permissible purpose. *Id.* at ¶ 64. All of this is in addition to the fact that Plaintiff has not alleged, much less offered admissible evidence of, any damages in connection with his § 1681b claim, as required.

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

Accordingly, Plaintiff has no legitimate evidence to support his § 1681b claim against Trans Union and summary judgment is appropriate.

Based on the record, Defendants are entitled to summary judgment on the claim under § 1681b because (i) neither Equifax nor Experian furnished a report to IQ Data; (ii) the undisputed evidence shows Trans Union had a "reason to believe" IQ Data was collecting a debt; (iii) third party discovery established that IQ Data was in fact collecting on a debt arising from Plaintiff's lease for Apt. 207; and (iv) Plaintiff offered no evidence in support of any damages in connection with this claim, as required. Dkt. No. 153-9 at 457-573.

**F.     Defendants are entitled to summary judgment because plaintiff fails to establish a triable issue of material fact on the issue of willful noncompliance and willful misconduct.**

Plaintiff's opposition merely touches on the issue of willful noncompliance (under 15 U.S.C. § 1681n) with a single reference to the *Burr* case. Dkt. No. 177 at 13. Plaintiff's § 1681o claim fares no better. Plaintiff fails to address the undisputed facts demonstrating that the CRA Defendants' actions cannot be construed as resulting from risk-taking that is "substantially greater than the risk associated with … mere[] careless[ness]." Dkt. No. 153 at 44 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)). Failure to address this claim constitutes an abandonment of Plaintiff's 1681n claim. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 fn.4 (9th Cir. 2005); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011). The Opposition fails to rebut the CRA Defendants' argument that they did not willfully violate the FCRA. Plaintiff does not point to any caselaw or offer any evidence to support Plaintiff's assertions. Willful misconduct under the FCRA encompasses both intentional and reckless violations of the law. *Safeco*, 551 U.S. 47 (2007).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

The undisputed facts of this case demonstrate that the CRA Defendants reasonably handled all of Plaintiff's disputes, accurately reported Plaintiff's information and did not provide Plaintiff's consumer report without a permissible purpose. Dkt. Nos. 153-6, 153-7, 153-8. To the extent any of the CRA Defendants' reinvestigations or procedures are found to be unreasonable, these reinvestigations and procedures cannot, as a matter of law, be construed as resulting from risk-taking "substantially greater than the risk associated with . . . mere [] careless[ness]." *Safeco*, 551 U.S. at 69. Accordingly, summary judgment should be granted in favor of the CRA Defendants on Plaintiff's claims for willful FCRA and CCRAA violations even if the Court denies summary judgment with respect to Plaintiff's negligence-based claims.

### G.   Plaintiff has not provided any evidence to support his CCRAA claim or claim for declaratory judgment.

The Opposition fails to address the CRA Defendants' argument that Plaintiff's CCRAA claims fail for the same reasons as his FCRA claims because the claims are premised on the same facts. *Carvalho* , 629 F.3d 890. "[B]ecause the CCRAA 'is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Id.* at 889 (citation omitted). As such, Plaintiff abandoned his CCRAA claims., 398 F.3d 1095 fn.4. Thus, the CRA Defendants are entitled to summary judgment on all of Plaintiff's CCRAA claims because Plaintiff has not met his burden of proof and waived such opposition to the Motion for Summary Judgment on them.

### H.   Plaintiff has not provided any evidence to support his claim for declaratory judgment or injunctive relief

Plaintiff's reliance on 28 U.S.C. § 2201 is misguided and ignores FCRA case law and this own court's order that inunctive or declaratory relief are not available

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

under the FCRA. Dkt. No. 32 at 3. Plaintiff fails to cite to any case law to support his assertion that 28 U.S.C. § 2201 is permitted under the FCRA. Courts in this Circuit have consitently found Congress did not intend that consumers obtain equitable relief when bringing an action under FCRA against a defendant other than the government. *Madau v. Nat. Balance Pet Foods, Inc.*, No. CV1504875SJOAJWX, 2015 WL 13917985, at *6 (C.D. Cal. Oct. 8, 2015). As applied here, Plaintiff's conclusory reasoning is wrong. 28 U.S.C. § 2201 does not permit declaratory relief under the FCRA.

Injuctive relief is available under the CCRAA however, Plaintiff has conceded his CCRAA claims by failing to address the CRA Defendants' arguments in his Opposition. Dkt. No. 153 at 45. Even if Plaitniff did not conceed his CCRAA claims, Plaintiff has not provided any evidence to support his claim that he is entitled to declaratory relief. Plaintiff has provided no evidence to prove that the Account is inaccurate or materially misleading. *Grigoryan*, 84 F. Supp. 3d 1061. As such, permanent injunctive relief is not an appropriate remedy. Thus, the Court should grant summary judgment in favor of the CRA Defendants on Plaintiff's declaratory and injunctive relief claims.

## III.    CONCLUSION

This is a simple case. Plaintiff has not met the threshold requirement of demonstrating any inaccuracy for the Account. Even if Plaintiff did (he did not), Plaintiff does not provide any persuasive arguments or legitimate and admissible evidence to rebut the CRA Defendants' position for the other alleged FCRA violations and CCRAA injunctive relief claim. Plaintiff abandoned his 15 U.S.C. § 1681n and CCRAA claims by failing to respond to the CRA Defendants' arguments. The CRA Defendants respectfully requests their Court grant its Motion for Summary Judgment (Dkt. Nos. 153, 154) in its entirety and enter judgment in favor of the CRA Defendants.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Dated:        June 3, 2026                          Respectfully Submitted,

                                                    TROUTMAN PEPPER LOCKE LLP


                                                    By:*/s/ Heather C. Smith*
                                                        Thomas N. Abbott
                                                        Heather C. Smith
                                                        *Attorneys for Defendant*
                                                        Experian Information Solutions Inc.


Dated: June 3, 2026                                 SEYFARTH SHAW LLP


                                                    By: */s/ Ritika Singh*
                                                        Ritika Singh
                                                        *Counsel for Defendant*
                                                        Equifax Information Services LLC


Dated: June 3, 2026                                 QUILLING SELANDER LOWNDS
                                                    WINSLETT & MOSER PC


                                                    By: */s/ William M. Huse*
                                                        William M. Huse
                                                        (admitted *Pro Hac Vice*)
                                                        Connor L. Trapp
                                                        (admitted *Pro Hac Vice*)
                                                        Attorneys for Defendant
                                                        Trans Union LLC

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed have concurred in the filing's content and authorized the filing.

Dated:        May 27, 2026

By:*/s/ Heather C. Smith*

Heather C. Smith
*Attorney for Defendant*
Experian Information Solutions Inc.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CRA DEFENDNATS' REPLY ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-11740-AH-SK