Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

        Plaintiff,

        v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

        Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

- 1 -

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

## A. INTRODUCTION: IMPEACHING DEFENDANTS' FABRICATED DEFENSES AND SYSTEMIC FRAUD ON THE COURT

Plaintiff introduces the unedited audio Electronically Stored Information (ESI) and authenticated transcripts strictly as direct rebuttal and impeachment evidence to contradict the affirmative, perjurious claims made by Defendants in their May 27, 2026 Joint Opposition.

Under Ninth Circuit precedent, evidence that directly rebuts a non-movant's opposition arguments is entirely permissible in a reply brief:

"They argue that the district court erred in granting the preliminary injunction because: (1) it improperly considered new arguments and new materials submitted with Plaintiffs' reply brief… For the reasons discussed below, we reject these arguments and affirm. [...] A district court does not abuse its discretion in considering new arguments or evidence… *See El Pollo Loco*, 316 F.3d at 1040–41 (holding that the district court did not abuse its discretion in considering an argument raised for the first time in a reply brief because the adverse party had an opportunity to rebut the argument at the hearing and 'the district court listened to, considered, and rejected' the rebuttal argument)." *Flathead-Lolo-Bitterroot Citizen Task Force v. State of Montana*, 98 F.4th 1180, 1195 (9th Cir. 2024).

The Ninth Circuit consistently affirms the right of a moving party to introduce physical evidence and new arguments to counter an opposition's defenses. In *El Pollo Loco, Inc. v. Hashim*, the Court ruled that "The district court did not abuse its discretion when it entertained [Plaintiff's]…argument…because [Plaintiff] was responding to [Defendants] argument. Denying [Plaintiff] the opportunity to counter this potentially dispositive argument would have effectively stripped [Plaintiff] of its right to argue against [Defendant's] defense." 316 F.3d 1032, 1040-41 (9th Cir. 2003). Similarly, in *Getz v. Boeing Co.*, the Ninth Circuit affirmed a district court's reliance on a physical

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

operator's manual "which the Contractors submitted for the first time in their reply to the motion for summary judgment." 654 F.3d 852, 868 (9th Cir. 2011).

In their Joint Opposition, Defendants introduced sworn declarations attempting to assert the dispositive defense that no other calls exist, and that no audio was altered. Just as in *Getz* and *El Pollo Loco*, Plaintiff submits this physical ESI and transcript evidence not as an ambush, but as the direct, physical proof required to expose the perjury contained within those Opposition declarations. Denying Plaintiff the opportunity to introduce the actual, unedited audio to counter these perjurious statements would effectively strip Plaintiff of the right to argue against Defendants' fabricated defenses. Because this physical evidence directly responds to Defendants' newly fabricated factual falsehoods, the Court is well within its discretion to consider it. To completely negate any claim of prejudice and satisfy the standard affirmed in *Flathead-Lolo*, Plaintiff does not object to the Court granting Defendants leave to file a limited Sur-Reply, or the Court may simply require Defendants to respond on the record at the upcoming June 17 hearing.

**Systemic Fraud on the Court**

These multi-billion-dollar corporations have repeatedly demonstrated they will say and do anything to prevail in this litigation. First, they spoliated the primary audio evidence of their willful FCRA violations. Second, Defendants were presented with Plaintiff's authenticated carrier call logs detailing the exact dates, times, and approximate durations of all calls made to their corporate numbers. Despite possessing this irrefutable proof, Defendants made no attempt to admit to the violations and accept the consequences. Instead, in a brazen attempt to escape liability, they doubled down and emphatically perjured themselves, swearing under oath that the heavily altered audio was "complete" and that the completely withheld calls Plaintiff used to impeach them simply did not exist.

Such an act of calculated deceit shocks the conscience. Defendants were given multiple, undisputed opportunities to correct these evidentiary deficiencies during several meet-and-confer sessions of which they did not dispute. They chose perjury instead. The

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

Court must treat this severe violation with the gravity it demands. Defendants cannot be permitted to abandon their sworn statements or simply apologize their way out of this fraud at the hearing, as they have done when caught violating other serious federal rules. Because nothing Defendants state or swear to can be legitimately trusted by this Court or any reasonable person, terminating sanctions are the only remaining remedy.

**1. Impeaching the "No Anticipation of Litigation" Defense**

Defendants argue they had no duty to preserve evidence because litigation was not "probable". These same Defendants have already been in prior litigation with Plaintiff regarding inaccuracy before, and referred Plaintiff's credit file to a specialized department due to that prior litigation. For Defendants to now claim they had no notice of anticipated litigation regarding another inaccuracy is illogical and demonstrably false.

Furthermore, Plaintiff explicitly made litigation "probable" by putting all three Defendants on direct, recorded notice:

- **Experian Nov 19, 2025 (Spoliated):** In the November 19, 2025 call, Plaintiff stated verbatim: *"Is there, do you have the contact for your legal department? Because I will."* The agent replied: *"Yeah, I mean if you're following suit with Experian you'd have to reach out to your Secretary of State... But if you're just sending it to Experian it would be... 975 Anton Boulevard."* Furthermore, in the December 5 call, Plaintiff stated: *"And…if it does not remove it... then something else has to be done about this legally. But if it does not remove it, then something has to be done about this legally."* Experian *produced* these statements, proving their Joint Opposition claim of "no notice" is a deliberate lie based on their own discovery.

- **Equifax Dec. 5, 2025 call (Spoliated):** Equifax explicitly spliced out Plaintiff stating: *"I have no other choice but to, you know, take legal action against you guys because you guys are not trying to resolve it."*

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

- **Transunion Dec. 5, 2025 call (Spoliated):** Transunion withheld the entire call where Plaintiff stated: *"If you guys are just gonna ignore me, then I'll have to figure out a way to deal with this legally."*

## 2. Impeaching the "No Meet and Confer" Procedural Lie

Defendants falsely claim Plaintiff violated Local Rule 7-3 by failing to meet and confer. As outlined in Plaintiff's Omnibus Motion, Plaintiff conferred with defense counsel on April 20, April 28, April 29, and lastly on May 6, 2026, explicitly raising the fact that their audio productions were incomplete and altered and that plaintiff would seek relief from the court regarding these issues.

## B. IMPEACHING THE TRANSUNION "INADVERTENT" FILING LIE

In Footnote 1 of their Joint Opposition, Transunion claims their initial nine-page response to Plaintiff's Dkt 151 was filed "inadvertently" and applied to a different motion. This is a demonstrable falsehood. Transunion in their intro deliberately stated: "Defendant Trans Union LLC ("Trans Union") files this response to Plaintiff's Omnibus Motion for Sanctions For Spoliation of Evidence Under Fed. R. Civ. P. 37(E) [Doc. No. 151] (the "Motion")", furthermore, they cited "Doc. No. 151 at 2" multiple times in their brief. When forced to answer for spoliating ESI, Transunion made the tactical choice to use their own compounding discovery failures as a smokescreen deflection. By willfully choosing to file a nine-page distraction brief as their first response to the spoliation motion, Transunion legally waived their right to assert the alleged lack of Local Rule 7-3 assertions or any other untrue arguments.

## C. REBUTTING EXPERIAN: IMPEACHING THE DECLARATION OF ANNA SIMMONS

Experian submitted a sworn declaration from Senior Litigation Analyst Anna Simmons asserting under penalty of perjury at Dkt 174-3 ¶¶ 4 and 5: *"Experian did not alter, modify, or otherwise change the phone recordings... There are no other recordings in Plaintiff's file...".*

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

Simmon's declaration is perjury. The full 71-minute transcript proves Experian deleted approx. 41 minutes of active navigation, transfers and call.

- Agent 1 (identified themselves as "Andres") transferred Plaintiff, stating at 9:34 - 9:55: *"the best thing I can do in this case is transfer you to the Department of Dispute."*

- Agent 2 (identified themselves as "Monica") transferred Plaintiff *again*, stating at 20:24 - 20:37: *"this will be handled by a specialized team, so I will need to transfer you to them."* When Plaintiff asked at 20:37 - 20:41, *"I thought you were the specialized team,"* Agent 2 replied at 20:41 - 20:49 and 20:53 - 20:55, *"this will be handled by a different team... That would be consumer affairs."*

Experian spoliated this 40-minute labyrinth to hide the fact that even their highest-tier "Consumer Affairs" department admitted they could not resolve the issue or provide the statutorily required details of the investigation process. See **Exhibit 8** and **Exhibit 11**.

## D. REBUTTING EQUIFAX: IMPEACHING THE "HOLD TIME" DEFENSE AND THE DECLARATION OF PAMELA SMITH

Equifax submitted a declaration from Legal Support Associate Pamela Smith claiming at Dkt 174-1 at ¶ 13 the call was produced *"in their entirety, without any modifications, deletions, or alterations."* She attempts to excuse the missing time by swearing at ¶ 12: *"As part of standard call-handling practices, consumer calls may include periods of hold time, which are not recorded or included in the call recordings retained by Equifax."*

Equifax's perjury is one of the most brazen. Equifax already possessed the full, authenticated call transcripts that Plaintiff filed with the initial Omnibus Motion Dkt 151-2. Equifax's counsel and declarants physically read the deleted transcripts, saw the active conversations that were cut, and *still* chose to lie to the Court under penalty of perjury, claiming the missing 13 minutes was merely "unrecorded hold time". The full transcript proves Equifax surgically spliced out *active conversation* to hide their liability:

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

- **The "No Legal Department" Lie (Dkt 151-2 Page ID #:3814):** Equifax spliced out the agent explicitly stating at 22:25 - 22:33: *"However I can confirm that we do not have any legal department only the fraud and dispute department."* When Plaintiff clarified at 22:34 - 22:41, *"So Equifax doesn't have any legal departments. That's what you're trying to tell me?"*, the agent confirmed at 22:41 - 22:43, *"Yes sir. Yes sir."*

- **The "Consumer Does All the Work" Admission (Dkt 151-2 Page ID #:3814):**

- When plaintiff asked clarifying that the consumer has to do all the work while the CRA does nothing at 22:54 - 23:24: Equifax deleted the agent stating at 23:28 - 23:42: *"Yes Sir, So basically if you really think that is, an authorized collections account on your file file, again, you may contact the bankers itself or file a police report..."* Equifax deleted this because that statement violates 15 U.S. Code § 1681i(a)(1)(A) and other FCRA law.

- **The "No Verification" Admission (Dkt 151-2 Page ID #:3815):** When Plaintiff pressed the agent on the lack of verification, Equifax deleted the agent admitting at 24:48 - 24:56: *"Yes sir. We don't have, only the documents that you will be being received, which is the dispute that you filed last month."*

- **The Furnisher Cover-Up:** Equifax spliced out Plaintiff asking for the furnisher's account number. The agent admitted verbatim at approx. timestamp 25:31 - 25:35: *"Unfortunately, I don't have any information about that, sir."* When Plaintiff pressed at 25:43 - 25:45, *"Like how do you guys keep track of them in, in your system?"*, the agent stated at 25:50 - 25:53, *"No, sir, we do not have any information about that one."* See **Exhibit 2** and **Exhibit 12.**

**E. REBUTTING TRANSUNION: IMPEACHING THE DECLARATION OF DONALD WAGNER AND THE "PHANTOM CALL"**

Transunion submitted a declaration from Specialist Donald Wagner at Dkt 174-2 swearing under penalty of perjury at ¶ 10: *"Trans Union has no record of any other*

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*dispute related to the I.Q. Data account from Plaintiff before he filed his Complaint with the Court.”*

The audio and transcript of the 14-minute December 5, 2025 call definitively impeach this claim and prove perjury. Transunion completely deleted this call to hide the following verbatim admissions:

- **The Parrot Admission (15 U.S.C. § 1681i Violation):** The agent explicitly admitted they performed no independent investigation, stating verbatim: *“our back office, or the dispute team contacted the, uh, collection agency, and then they agreed that this account, or this collect... collection account is verified as accurate.”* This explicitly violates the Ninth Circuit prohibition on “parroting.”

- **The Refusal to Provide Procedures (15 U.S.C. § 1681i(a)(7) Violation):** When Plaintiff demanded the procedures, asking verbatim, *“What did they give you as a verification to prove what they’re saying? ... Do you require that? Or is it just whatever they tell you?”*, the agent flatly refused the statutory right, stating verbatim: *“Well, in regards to that, sir, I cannot be able to provide to you any information, because, uh, we don’t have an access with that...”*

- **The Phantom Creditor Admission:** The agent internally verified and explicitly named the legally nonexistent entity, stating verbatim: *“Uh, the original client name of this collection account is under City View CA? Right?”*

- **The Silent Treatment:** When confronted with questions regarding the investigation, the agent stubbornly refused to respond to Plaintiff for over three minutes, forcing Plaintiff to warn them that he would pursue legal action. See **Exhibit 9** and **Exhibit 10**.

Transunion also swears at ¶ 11 *“At no time has Trans Union or any of its representatives deleted, manipulated, changed or in any way altered the contents of the recording of Plaintiff’s November 6, 2025 telephone call to Trans Union.”* The Nov. 6 call recording production itself perjuries them at the specific deleted timestamps

**PLAINTIFF’S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

identified as it is blatantly obvious to any reasonable person that it was tampered with and deleted. Transunion in their declaration cannot account for the missing chunks.

**F. IMPEACHING THE "NO PREJUDICE" DEFENSE: IRREPARABLE DESTRUCTION OF ESI**

Defendants falsely claim Plaintiff suffered no prejudice and relies on "un-authenticated" transcripts. Plaintiff's transcripts are fully authenticated under Federal Rule of Evidence 901 as a party to the calls.

The prejudice here is absolute and incurable because the spoliated evidence cannot be replaced. Under Federal Rule of Civil Procedure 37(e), sanctions are triggered when ESI "cannot be restored or replaced through additional discovery."

1. **The Completely Withheld Calls:** While Plaintiff caught Defendants altering the December 5 calls because Plaintiff possessed independent backups, Plaintiff does *not* possess the audio for the following calls, meaning they are permanently erased from the universe:

   o Experian (855-414-6048): Nov 6, 2025 (3:05 PM PT, 9 min)
   o Experian (855-414-6048): Nov 7, 2025 (12:00 PM PT, 23 min)
   o Experian (855-962-6943): Dec 5, 2025 (2:00 PM PT, 3 min)
   o Transunion (866-744-8221): Nov 19, 2025 (11:31 AM PT, 13 min)

   Plaintiff also does not possess the missing portions of the following calls:

   o Experian (855-414-6048): Oct 30, 2025 (1:43 PM PT, 12 min) where Experian only produced approx. 9 minutes of the call with the rest deleted forever.
   o Equifax (888-378-4329): Nov 6, 2025 (3:39PM PT, 22 min) where Equifax only produced approx.15 minutes of the call with the rest deleted forever.
   o Transunion (866-744-8221): Nov 6, 2025 (3:18 PM PT, 20 min) where Transunion only produced approx. 17 minutes of a heavily spliced call with the rest deleted forever.

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

- o Experian (855-414-6048): Nov 19, 2025 (10:31 AM PT, 32 min) where Experian only produced approx. 25 minutes of the call with the rest deleted forever.

2. **The Surgically Spliced Transunion Call:** Plaintiff does *not* possess the unaltered audio of the November 6, 2025, Transunion call. Transunion surgically removed multiple intervals of active conversation exactly where Plaintiff was detailing the issues with the phantom creditor (10:12-11:19; 11:36-14:10; 14:27-15:36; and 15:40-17:39).

Because Defendants control the sole telephony servers and have destroyed or altered these files, the exact words spoken and admissions made have been permanently erased from the universe.

Defendants may attempt to argue that they produced some portions of certain calls, but the Ninth Circuit recently and explicitly rejected this defense. "But production of some evidence does not excuse destruction of other relevant evidence." *Jones v. Riot Hosp. Grp., LLC*, 95 F.4th 730, 735 (9th Cir. 2024).

Furthermore, a district court may draw "reasonable inferences from the circumstances" to establish intent to deprive. *Id.* Defendants do not argue that the deletions were accidental or without intent; instead, they double down on their claims made at the relevant meet-and-confers and swear under penalty of perjury that no deletion or alteration occurred. By locking themselves into this perjurious defense, Defendants have waived any future argument that the spoliation occurred without intent. As the Ninth Circuit held, "a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions… Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Id.* The affirmative steps taken here to surgically splice audio and selectively preserve favorable portions perfectly mirror this standard, compounded by Defendants' subsequent perjury.

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

Because Defendants' intent to deprive is established, Plaintiff does not even need to prove prejudice separately; the destruction itself proves the harm. The Ninth Circuit confirms that "Subdivision (e)(2) does not require any further finding of prejudice." *Id.* at 736. In *Jones*, the Court affirmed terminating sanctions for the deletion of ESI in phone messages. The prerequisites are met here to an even higher degree due to Defendants committing perjury to cover up the spoliation.

## G. THE ABSOLUTE NECESSITY OF TERMINATING SANCTIONS (RULE 37(e)(2) & THE FIVE-PART TEST)

**1. Default Judgment is Mandated Under Rule 37(e)(2)** Federal Rule of Civil Procedure 37(e)(2) states that if ESI is lost and cannot be restored, the Court, "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may... dismiss the action or enter a default judgment." The Ninth Circuit does not require the traditional five-part sanctions test when evaluating ESI destruction under this specific rule. "To dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI." *Jones*, 95 F.4th at 735. Defendants' surgical splicing, total withholding of phone calls, and subsequent perjury definitively prove their explicit intent to deprive, rendering any lesser sanction insufficient.

**2. Default Judgment is Independently Mandated Under the Court's Inherent Authority** Even setting aside the strict ESI spoliation standard of Rule 37(e)(2), terminating sanctions are independently mandated under the Court's inherent authority due to Defendants' broader fraud on the Court. When assessing terminating sanctions under its inherent authority, the Ninth Circuit employs a five-part balancing test: (1) public interest in expeditious resolution; (2) the court's need to manage its docket; (3) risk of prejudice; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*,

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

69 F.3d 337, 348 (9th Cir. 1995); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Every factor mandates default judgment here:

1. **Public Interest in Expeditious Resolution:** Defendants have completely ground this litigation to a halt. Instead of producing the unaltered recordings as ordered by the Court, Defendants engaged in spoliation, refused to cure the deficiencies during multiple meet-and-confers, and filed a completely irrelevant nine-page distraction brief regarding a separate Rule 36 default.

2. **The Court's Need to Manage its Docket:** The Court cannot effectively manage its docket if it is forced to hold evidentiary mini-trials to audit every single sworn declaration a multi-billion-dollar corporation files. Equifax's declarant literally read the true transcripts Plaintiff provided, saw the deleted evidence, and still lied to the Court. The judicial system collapses if the Court must treat sworn declarations as presumed perjury.

3. **Risk of Prejudice (The Decisive Factor):** Under 15 U.S.C. § 1681n, Plaintiff must prove Defendants acted "willfully" to secure punitive damages. Plaintiff is permanently deprived of the exact real-time recordings needed to prove this willfulness because Defendants permanently erased the Oct 30, Nov 6, Nov 7, Nov 19, and Dec 5 calls. By splicing explicit warnings of litigation and erasing their own agents' admissions, Defendants actively destroyed the exact evidence Plaintiff requires to prove willfulness. "In *Anheuser-Busch*, we found prejudice when a party's refusal to provide certain documents "forced Anheuser to rely on incomplete and spotty evidence" at trial. 69 F.3d at 354." See *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

4. **Public Policy Favoring Disposition on the Merits:** A fair disposition on the merits is now factually impossible. The Ninth Circuit explicitly holds that this factor yields when other factors are met "the public policy favoring disposition of cases on their merits," which, standing alone, "is not sufficient to outweigh the other four

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

factors." *See Malone*, 833 F.2d at 133 n. 2." See *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

5. **Availability of Less Drastic Sanctions:** Lesser sanctions are entirely insufficient. Terminating sanctions are required when a party's discovery violations *"threaten to interfere with the rightful decision of the case"* and make it *"impossible for the district court to be confident that the parties will ever have access to the true facts."* *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). An adverse inference does not punish the brazen perjury committed in their sworn declarations. A new trial will not suffice as multiple evidence has been deleted and a court can dismiss defendants answers for such violations. ""Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." This was just such a case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d (9th Cir. 2007). "[Defendants' pattern of deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 352 (9th Cir. 1995).*

**Systemic Fraud on the Court ("Say Anything to Prevail")**

Defendants' spoliation and perjury regarding the audio ESI is not an isolated incident; it is part of a systemic pattern of bad faith. The Ninth Circuit has firmly held that where a litigant exhibits *"repeated behavior that [they] will 'say anything at any time in order to prevail in this litigation[,]' it is appropriate for the lower court to have found that it 'had no choice but to dismiss'"* or strike defendants answers. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

Defendants have:

- Substituted the original creditor left and right, forcing defective subpoenas through while knowing the entity they reported was legally nonexistent since Day 1finally admitting as such in Dkt 176-1 at Fact No. 26 and 27.

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

- Attempted to force unauthenticable hearsay into evidence by manufacturing defective "certificates of authenticity" (a fabrication they refused to deny when Plaintiff point-blank challenged them on the record).
- Admitted in a meet-and-confer that they are litigating based on a "hypothetical".
- Leveraged declarations from their company employees willing to swear that highly edited, completely truncated and deleted calls are "complete".

The integrity of the judicial system cannot permit multi-billion-dollar corporations to litigate in this manner. If the Court allows this behavior to continue (if Defendants can unilaterally and permanently destroy ESI, read the exact transcripts of the impeachment material, and *still* lie to the Court in sworn declarations without facing terminating sanctions) then the Court is effectively condoning and certifying spoliation in stark contrast to its sworn duty under the judicial canons. The Court is left with no option but to strike Defendants' answers and enter default judgment in favor of Plaintiff.

Dated: June 3, 2026                          By:/s/ Chiddy Golden

                                             _____
                                             Chiddy Golden
                                             Pro Se Plaintiff

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**