Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

        Plaintiff,

        v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

        Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)

PLEASE TAKE NOTICE that Plaintiff, pro se, respectfully submits this Notice of Supplemental Authority to apprise the Court of binding Ninth Circuit and highly persuasive national precedent directly relevant to Plaintiff's pending Omnibus Motion for Sanctions for Spoliation of Evidence (Dkt 151).

This supplemental authority demonstrates the uniform federal application of Federal Rule of Civil Procedure 37(e)(2). The Rule states that "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:..upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may... (C) dismiss the action or enter a default judgment."

The following authorities establish that terminating sanctions are mandated for the intentional destruction of Electronically Stored Information (ESI), and are the exclusive remedy when such spoliation is compounded by the submission of perjurious declarations to the Court.

## I. THE NINTH CIRCUIT AND NATIONAL STANDARD FOR RULE 37(e)(2) TERMINATING SANCTIONS

The following authorities demonstrate that federal courts universally apply terminating sanctions for spoliation in lesser circumstances than the conduct of Defendants here, as well as in equivalent circumstances of active manipulation and deletion of ESI.

1. **Jones v. Riot Hospitality Group LLC, 94 F.4th 1177 (9th Cir. 2024):** The Ninth Circuit affirmed terminating sanctions for the selective deletion of ESI text messages, clarifying that prejudice is not a prerequisite to issuing case-terminating sanctions under Rule 37(e)(2). The Court held: ***"To dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under***

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI."*

**Application to Plaintiff's Case:** Defendants intentionally deprived Plaintiff of active telephony ESI, satisfying the intent requirement and mandating default judgment without a separate finding of prejudice.

2. **Leon v. IDX Sys. Corp., 464 F.3d 951 (9th Cir. 2006):** The Ninth Circuit affirmed terminating sanctions for the wiping of files. The Court held that *"The district court concluded that Leon's behavior amounted to willful spoliation because he knew he was under a duty to preserve all data on the laptop, but intentionally deleted many files. The Court further held they "found prejudice when a party's refusal to provide certain documents "forced [Plaintiff] to rely on incomplete and spotty evidence" at trial."*

**Application to Plaintiff's Case:** Defendants' deletion of entire telephone calls and surgical splicing of remaining audio forced Plaintiff to rely on incomplete and spotty ESI, justifying dispositive sanctions.

3. **WeRide Corp. v. Kun Huang, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020):** The court entered a terminating default judgment, stating: *"Terminating sanctions against Huang are also appropriate under Rule 37(e) for his destruction of ESI"*

**Application to Plaintiff's Case:** Defendants' systematic spoliation of audio records ensures Plaintiff cannot discover the full extent of their statutory failures, warranting Rule 37(e)(2) default.

4. **Metricolor LLC v. L'Oreal USA, Inc., 2025 WL 8953111 (9th Cir. Nov. 25, 2025):** The Ninth Circuit affirmed terminating sanctions under Rule 37(e)(2) against a party that deleted data, fabricated physical documents, and withheld evidence. The Court found the info was permanently lost and the party acted with the explicit intent to deprive. The Court held that *"Metricolor's misconduct also*

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*included withholding and fabricating evidence, not just destroying ESI. Whether under Rule 37, its inherent powers, or both, the district court did not abuse its discretion by imposing terminating sanctions."*

**Application to Plaintiff's Case:** Defendants in this case also withheld and fabricated evidence, compounding that misconduct by destroying ESI, which warrants the exact terminating sanctions entered in *Metricolor*.

5. **OmniGen Research, LLC v. Wang, 321 F.R.D. 367 (D. Or. 2017):** The court granted terminating spoliation sanctions strictly for the destruction of digital evidence and metadata, holding: *"defendants intentionally deleted and refused to produce relevant emails from multiple email accounts, and that the defendants intentionally destroyed metadata. These actions have deprived the Plaintiffs of evidence central to their case".* The Court then held *"Plaintiffs' Motion for Terminating Spoliation Sanctions is Granted. The Court will issue an Order of Default Judgment in favor of the Plaintiffs, and the Defendants' counterclaims are dismissed. Defendants' Motions for Summary Judgment, Defendants' Motion for Judgment on the Pleadings…, are all DENIED as moot."*

**Application to Plaintiff's Case:** This reinforces the standard that digital spoliation requires default judgment. Crucially, it also reinforces that a dispositive spoliation motion takes precedence over all other motions. Under controlling Ninth Circuit authority, it is an abuse of discretion for a district court to jump to a summary judgment determination while leaving a ripe spoliation motion unaddressed; see *Garrett v. City of San Francisco*, **818 F.2d 1515, 1519 (9th Cir. 1987))** (holding: *"It was error for the trial court to have granted…motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion."*) See also **Shaw v. Foreman, No. 24-7015 (4th Cir. 2026)** (holding: *"The district court granted summary*

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*judgment…while the sanctions motion was still pending before the magistrate judge. Plaintiff brings this appeal, arguing that the district court abused its discretion in failing to rule on the sanctions motion and that the district court erred in granting summary judgment. Because the [ESI] at the heart of the sanctions motion was crucial to the merits of the case, we vacate the district court's decision and remand with instructions to consider the sanctions motion in full."*

6. **Facebook, Inc. et al v. OnLineNic Inc et al, No. 3:2019cv07071 - Document 393 (N.D. Cal. 2024):**

The court struck the defendants' answer and entered default. The court found that *"plaintiffs' ability to prosecute this case on the merits has been significantly hampered by defendants' mass spoliation of relevant evidence and other discovery misconduct."*

**Application to Plaintiff's Case:** Like the defendants in *Facebook*, Defendants here deleted evidence and attempted to cover it up, justifying the immediate entry of default judgment.

7. **Dreith v. Nu Image, Inc., 648 F.3d 779 (9th Cir. 2011):**

The Ninth Circuit affirmed a default judgment where the trial court held: *"The Court finds that defendants have deliberately and willfully carried out discovery abuse".* The court also noted, *"discovery too often has become a desultory game of hide and seek."*

**Application to Plaintiff's Case:** Defendants' willful failure to produce the complete call records warrants the same default judgment sanction affirmed by the Ninth Circuit in *Dreith*.

## II. THE "PERJURY MULTIPLIER": SPOLIATION COMPOUNDED BY FRAUD:

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

The following authorities establish that when a party destroys ESI and subsequently files false declarations to conceal the destruction, the judicial system removes any leniency. An adverse inference is insufficient because it does not punish the brazen perjury committed in sworn declarations.

8. **Hester v. Vision Airlines, Inc., 687 F.3d 1162 (9th Cir. 2012):** The Ninth Circuit affirmed the district court's order striking the defendant's answer and entering default judgment because the defendant willfully disobeyed discovery orders and interfered with the court's ability to hear the case. The court held that ***"It has also become evident that Vision is willing to mislead the Court time after time in order to keep from producing relevant, possibly critical, discovery material… Accordingly, the district court did not abuse its discretion in striking Vision's Answer"***.

   **Application to Plaintiff's Case:** Defendants' willful suppression of the call records and misleading declarations have interfered with this Court's ability to hear the true facts, warranting the same default judgment affirmed in *Hester*.

9. **Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337 (9th Cir. 1995):** The Ninth Circuit affirmed terminating sanctions where a party exhibited repeated deceptive behavior, holding: ***"[Defendants'] pattern of deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available."***

   **Application to Plaintiff's Case:** Defendants' submission of perjurious declarations regarding the completeness of their ESI demonstrates the exact pattern of deception that makes a fair trial impossible.

10. **Burris v. J.P. Morgan Chase & Company et al, No. 2:2018cv03012 - Document 141 (D. Ariz. 2022):** The court dismissed the complaint with prejudice, finding that Burris was ***"caught red handed in a series of other lies and acts of deception"***. The court also held that ***"Because "[t]he sheer scope of***

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*Plaintiff's dishonesty and spoliation efforts . . . [made] this the rare case where it is impossible to have confidence that Defendants will ever have access to the true facts," and because Plaintiff displayed no obvious contrition or awareness of the wrongfulness of his actions, the Court granted Defendants' motion for terminating sanctions".*

**Application to Plaintiff's Case:** Defendants' manipulation of the ESI record and sworn fabrications demand equivalent terminating sanctions.

11. **JOHNNY BURRIS V. JPMORGAN CHASE & CO., No. 21-16852 (9th Cir. 2024):** The Ninth Circuit affirmed terminating sanctions in the appeal brought by Johnny Burris where he *"appeal[ed] the district court's order dismissing his case under Federal Rule of Civil Procedure 37(e)(2) because of his intentional spoliation of electronically stored information (ESI)."* The court held that *"The district court's finding that Burris intentionally deleted ESI to deprive JPMorgan of the information's use in litigation is well-supported by the record. The district court properly relied on the temporal proximity of Burris's spoliation records as evidence of his intent."*

**Application to Plaintiff's Case:** Defendants intentionality of the deletion of ESI is evidenced by their perjury in their impeached declarations. Terminating sanctions are warranted here just as the Ninth Circuit affirms in similar cases under Rule 37(e)(2).

12. **Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091 (9th Cir. 2007):** The Ninth Circuit affirmed terminating sanctions, holding: *"both Robinson and Dickson [his attorney] "knowingly deceived the court and acted in bad faith" by submitting "perjured declarations, fabricated evidence and frivolous pleadings." The court held that "The core of the appellants' argument is yet another fraud on the court." The Ninth circuit concluded that "Where a party so damages the integrity of the discovery process that there can never be*

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**

*assurance of proceeding on the true facts, a case dispositive sanction may be appropriate. This was just such a case. The district court did its duty, and fairly exercised its discretion in order to secure a just resolution of the dispute."*

**Application to Plaintiff's Case:** By destroying evidence and systematically lying under oath to this Court via false declarations, Defendants have irreparably damaged the integrity of the discovery process.

13. **Johnson v. Coos County et al, No. 6:2019cv01883 - Document 119 (D. Or. 2023):** The court entered a dispositive default sanction against defendants for deleting emails and ESI and lying about their availability. The court noted that *"Defendants misled both Plaintiff and the Court concerning the availability of the deleted emails for months and the Court has no reason to believe that a lesser sanction will prevent further deceptive representations by the Wellpath Defendants."*

**Application to Plaintiff's Case:** Because Defendants not only deleted the call evidence but filed false declarations to mislead the Court into believing the calls never existed, the court must apply *Johnson* to grant default judgment.

**CONCLUSION**

Plaintiff respectfully requests that the Court consider these binding and highly persuasive authorities when adjudicating the pending Omnibus Motion for Sanctions for Spoliation of Evidence (Dkt 151), as they confirm that the entry of Default Judgment is the required remedy under Federal Rule of Civil Procedure 37(e)(2) for similar conduct especially where Defendants have perjured themselves.

Dated: June 7, 2026

By:/s/ Chiddy Golden

_____

Chiddy Golden
Pro Se Plaintiff

_____

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER FED. R. CIV. P. 37(e)(2)**