Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual;<br><br>                    Plaintiff,<br><br>          v.<br><br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>                    Defendant(s). | Case No.: 2:25-cv-11740-AH-SK<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF** |

- 1 -

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**

PLEASE TAKE NOTICE that Plaintiff, pro se, hereby submits this Ex Parte Application for Relief under Federal Rule of Civil Procedure 56(d). Plaintiff respectfully requests that this Court advance the hearing on Plaintiff's Omnibus Motion for Sanctions for Spoliation of Evidence to June 10, 2026, or June 17, 2026, or the soonest availability of the Court and defer any hearing or ruling on the Motions for Summary Judgment until the spoliation motion is fully resolved.

**I. INTRODUCTION & EX PARTE JUSTIFICATION (L.R. 7-19.1)**

Plaintiff files this Application ex parte to prevent the District Court from ruling on Motions for Summary Judgment utilizing a fundamentally corrupted evidentiary record, and to correct a highly prejudicial and jurisdictionally defective scheduling anomaly. Currently, the Summary Judgment hearing is scheduled for June 17, 2026. However, Plaintiff's dispositive Rule 37(e)(2) Spoliation Motion (which seeks default judgment and directly challenges the authenticity of the very evidence underlying the summary judgment record) was impermissibly scheduled by the Magistrate Judge for July 1, 2026.

**The Necessity of Ex Parte Relief:**

In the Central District of California, courts sometimes review ex parte applications under the standard articulated in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Plaintiff satisfies this standard. First, standard noticed motion procedures require 28 days of notice. Because there is no intermediary procedural vehicle between a 28-day noticed motion and an ex parte application to address an urgent timeline, a motion filed today would not be heard until well into July. This renders the relief functionally moot, as the June 17 MSJ hearing would have already occurred on a corrupted record. Second, Plaintiff is entirely without fault. While the Magistrate Judge issued the scheduling order on May 14, 2026, the true emergency was not realized until May 27, 2026, when Defendants filed their response to the spoliation motion revealing the full extent of their perjury. Plaintiff, proceeding

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**

pro se without law firm resources, researched and drafted these filings as quickly as procedurally possible. The fault lies entirely with Defendants, who disobeyed court orders brought under Rule 37 to produce Electronically Stored Information (ESI), manipulated and willfully deleted ESI, and then demonstrably lied about it in joint declarations to seal their intent to deprive Plaintiff of it's use in this litigation. Furthermore, as sworn in Plaintiff's Declaration and evidenced in Exhibit A, defense counsels now actively refuse to answer direct simple inquiries regarding whether they reviewed these specific audio recordings in their internal systems prior to misrepresenting to Plaintiff and the Court that they did not exist. Without immediate ex parte intervention under Rule 56(d), Plaintiff will suffer irreparable procedural prejudice.

Furthermore, to the extent the Court construes the Mission Power standard (which originated simply as a memorandum of decision by a magistrate judge) as an insurmountable federal law or binding local rule, such an application would violate Plaintiff's Fifth Amendment due process right to be heard. The plain text of the Rules Enabling Act, 28 U.S.C. § 2072(a), makes it clear that only the Supreme Court has the power to prescribe *"general rules of practice and procedure"*. Furthermore, 28 U.S.C. § 2072(b) dictates: *"Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."* A magistrate judge's memorandum cannot strip a litigant of their substantive rights under Federal Rule of Civil Procedure 56(d). As the Ninth Circuit has explicitly held: *"Federal Rule of Civil Procedure 83 invites the district courts to formulate local rules, but only insofar as they are not inconsistent with the federal rules themselves."* See, *Del P. Henry, Jr., a Single Man, Plaintiff-appellant-cross-appellee, v. Gill Industries, Inc., et al., Defendant-appellee-cross-appellant*, 983 F.2d 943, 950 (9th Cir. 1993). Moreover, to the extent Mission Power is used to procedurally force a premature

- 3 -

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**

summary judgment ruling on a corrupted record, the Ninth Circuit is unequivocal:

*"Nonetheless, we have held that a motion for summary judgment cannot be granted simply because the opposing party violated a local rule."* *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). Denying this application based on rigid, judicially created hurdles rather than the explicit federal mandate of Rule 56(d) would unlawfully elevate form over substance and deny Plaintiff justice.

**Notice to Defendants**

Pursuant to Central District of California Local Rule 7-19.1, Plaintiff notified Defendants on June 9, 2026, of the intent to file this Application. Defendants submitted written oppositions.

## II. PROCEDURAL HISTORY AND THE MAGISTRATE'S *ULTRA VIRES* SCHEDULING

On May 11, 2026, and refiled on May 12, 2026, Plaintiff filed an Omnibus Motion for Sanctions under Federal Rule of Civil Procedure 37(e)(2) seeking case-terminating sanctions (Default Judgment) noticed to be heard on June 10, 2026 (Dkt 147, Dkt 151). On May 12, 2026, the Magistrate Judge abruptly struck the dispositive motion (Dkt 150). On May 14, 2026 (Dkt 159), the Magistrate Judge issued a scheduling order sequestering the spoliation motion and pushing the hearing to July 1, 2026, a full two weeks *after* this Court is scheduled to hear the summary judgment arguments.

Title 28 U.S.C. § 636(b)(1)(A) dictates the jurisdictional limits of a magistrate judge. The law states verbatim:

*"A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."*

- 4 -

PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF

Furthermore, while a district court may assign other tasks to a magistrate, Title 28 U.S.C. § 636(b)(3) strictly limits this, stating verbatim:

*"A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."*

Finally, under Title 28 U.S.C. § 636(c)(1), a magistrate judge may only order the entry of judgment in a case *"Upon the consent of the parties."* Plaintiff has never consented to magistrate jurisdiction in this matter.

**Application to the Facts:** Plaintiff's Rule 37(e)(2) motion explicitly seeks Terminating Sanctions and Default Judgment, which operates squarely as a motion to involuntarily dismiss Defendants' answers and defenses. Because Plaintiff withheld consent under § 636(c)(1), the Magistrate Judge's authority is strictly bound by § 636(b)(1)(A). Under the explicit, verbatim text of 28 U.S.C. § 636(b)(1)(A) and 28 U.S.C. § 636(b)(3), a magistrate judge is constitutionally prohibited from hearing and determining a motion to involuntarily dismiss an action, nor can the District Court assign the determination of this dispositive motion as an "additional duty." Therefore, the Magistrate Judge lacked the Article III jurisdiction to strike Plaintiff's properly noticed dispositive motion on May 12, 2026, and further lacked the authority to issue the May 14, 2026 scheduling order.

## III. THE RULE 56(d) MANDATE TO DEFER SUMMARY JUDGMENT

Plaintiff is structurally barred from presenting a complete, uncorrupted record for the June 17, 2026 Summary Judgment hearing because critical evidentiary issues regarding Defendants' spoliation and subsequent perjury did not fully ripen until May 27, 2026. Under the deadlines imposed upon Plaintiff by the Local Rules, Plaintiff had only 7 days to file an Opposition to Defendants' Motion for Summary Judgment, which forced a filing date of May 27, 2026. Concurrently, on that exact same day, Defendants filed their Opposition to Plaintiff's Rule 37(e)(2) spoliation motion. It was in *this* May 27 filing that Defendants introduced perjurious sworn declarations attempting to cover up

PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF

their spoliation of the active Electronically Stored Information. Because Plaintiff was forced to file the summary judgment opposition on the exact same day Defendants introduced this structural perjury, Plaintiff had zero opportunity to integrate this critical evidence of their spoliation and cover-up into the summary judgment record. **It was procedurally and temporally impossible for Plaintiff to review the perjury, draft a reply, and have the underlying Rule 37(e)(2) spoliation motion resolved by the Court on the same day before the strict MSJ deadline expired.** Federal Rule of Civil Procedure 56(d) provides the exact remedy for this procedural impossibility. The rule states verbatim:

*"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."*

**Application to the Facts:** As sworn in the attached declaration, Plaintiff cannot present facts essential to justify the MSJ opposition because Defendants have intentionally spoliated the vital ESI and subsequently committed perjury on May 27, 2026, to conceal it.

Under binding Ninth Circuit authority, it is a reversible abuse of discretion for a district court to proceed with summary judgment when a nonmovant formally invokes Rule 56(d) demonstrating that critical evidence or outstanding spoliation motions remain unresolved. As the Ninth Circuit established when reversing a premature summary judgment, ***"the district court erred by... granting summary judgment... while these two motions were pending."*** *See Salvatore Pellegrino v. J.P. Walker*, 28 F.3d 107 (9th Cir. 1994). Furthermore, proceeding to summary judgment while ignoring or rejecting a valid Rule 56(d) request constitutes a direct abuse of discretion requiring reversal. *See Head v. Wilkie*, 769 F. App'x 486 (9th Cir. 2019) ***("Applying de novo review,…we first reverse the district court's grant of summary... We also conclude***

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**

*that the district court's denial of Head's Rule 56(d) motion for discovery constituted an abuse of discretion."*); *Robin Berman v. Microchip Tech., Inc.*, No. 19-17339 (9th Cir. 2021) *("The district court abused its discretion in denying defendants' motion for discovery under Rule 56(d) of the Federal Rules of Civil Procedure."*); *Sawyer v. MacDonald*, 768 F. App'x 669 (9th Cir. 2019) *("The district court abused its discretion by denying sub silentio Plaintiff's Federal Rule of Civil Procedure 56(d) motion...").*

This mandate applies with absolute force when the pending motion involves spoliated evidence essential to the summary judgment record. *See Shaw v. Foreman*, No. 24-7015 (4th Cir. 2026) *("Because the footage at the heart of the sanctions motion was crucial to the merits of the case, we vacate the district court's decision and remand with instructions to consider the sanctions motion in full.").* Therefore, under binding precedent and overwhelming persuasive authority, the Court is mandated to invoke Rule 56(d)(1) and defer considering the summary judgment motion until the spoliation is fully adjudicated under Rule 37(e)(2) where terminating sanctions are required for Defendants willful destruction of ESI.

## IV. PREEMPTIVE REBUTTAL TO DEFENDANTS' OPPOSITION

During the meet-and-confer process, Defendants raised two objections that demonstrate a fundamental misrepresentation of the law and the evidentiary record:

1. **The Claim that Plaintiff is "Usurping" Magistrate Authority:** Defendants argue this application is improper because the District Judge delegated discovery matters to the Magistrate. This legally fails. As established above under 28 U.S.C. § 636(b)(1)(A), a district judge *cannot* lawfully delegate the determination of a motion seeking terminating sanctions (involuntary dismissal). This is exclusively an Article III matter. Therefore, the Magistrate's calendar being "closed" on June 10 and 17 is irrelevant; the motion must be heard by the District Judge as initially filed.

- 7 -

PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF

2. **The Claim that Spoliation is Unrelated to the MSJ:** Defendants claim the spoliation motion has "nothing to do" with the MSJ. This is demonstrably false. The spoliated ESI audio recordings and the ensuing perjury regarding their completeness and deletion constitute the exact evidence at issue in the MSJ. Spoliation goes to the very core of the MSJ evidentiary record. If the evidence is forged, manipulated, deleted and perjured, the summary judgment record is a fraud.

## V. THE STATUTORY FREEZE OF THE MAGISTRATE JUDGE (28 U.S.C. § 144)

Beyond the Magistrate Judge's lack of authority to schedule dispositive sanctions, the Magistrate is currently legally paralyzed from taking any action in this case whatsoever. On May 19, 2026, Plaintiff filed a formal motion for judicial disqualification against the Magistrate Judge under 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 strictly commands the immediate halt of proceedings by a challenged judge. The law states:

*"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."*

**Application to the Facts:** Because 28 U.S.C. § 144 explicitly commands that the challenged judge **"shall proceed no further therein"** immediately upon the filing of the affidavit, the Magistrate Judge has been stripped of all authority to act since May 19, 2026. The District Court has not yet ruled on the disqualification motions. Therefore, the District Judge must immediately assume direct control of the docket, grant this Application, and advance the spoliation hearing to be heard directly by an Article III judge.

- 8 -

PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF

## VI. CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the District Court grant this Ex Parte Application and issue an Order:

1. Advancing the hearing on Plaintiff's Omnibus Motion for Sanctions under Fed. R. Civ. P. 37(e)(2) to June 10, 2026, or June 17, 2026, to be heard directly by the District Judge; and

2. Pursuant to Fed. R. Civ. P. 56(d)(1), deferring any hearing or ruling on the Motions for Summary Judgment until the Rule 37(e)(2) (default judgment) Terminating Sanctions are fully resolved.

## VII. DECLARATION IN SUPPORT OF EX PARTE APPLICATION

I, Chiddy Golden, declare under penalty of perjury as follows:

1. I am the Plaintiff in the above-entitled action, pro se.

2. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

3. **Local Rule 7-19.1 Attestation:** On June 9, 2026, I made a good faith effort to advise opposing counsel of this ex parte application. I sent an email to defense counsel notifying them of my intent to file an Ex Parte Application under Fed. R. Civ. P. 56(d) to advance the spoliation hearing and defer the summary judgment hearing.

4. Defendants Equifax, Experian, and Transunion responded in writing, confirming their joint opposition to this Application.

5. **Rule 56(d) Attestation:** I cannot present facts essential to justify my opposition to Defendants' Motion for Summary Judgment because of Defendants' intentional deletion, manipulation, and destruction of Electronically Stored Information, resulting in the spoliation of active evidence (audio recordings and internal records) that proves their FCRA liability. Furthermore, Defendants have

PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF

jointly perjured themselves and demonstrably lied about their deleted ESI within their joint declarations. This must be addressed first because it directly affects Plaintiff's ability to present factual, uncorrupted evidence regarding the Summary Judgment. It also strikes directly at the credibility of the Defendants regarding everything they have filed and stated in this case under the *falsus in uno, falsus in omnibus* **[false in one thing, false in everything]** maxim that is accepted within this district.

6. On May 27, 2026, acting under a strict 7-day deadline, I filed my Opposition to Defendants' Motion for Summary Judgment.

7. On that exact same day, May 27, 2026, Defendants filed their Opposition to my Rule 37(e)(2) spoliation motion. In that filing, Defendants submitted newly minted, perjurious declarations swearing that the active audio they surgically deleted was merely "unrecorded hold time" or did not exist, and that the ESI was not manipulated or altered.

8. Because I was forced to file my summary judgment opposition on the exact same day Defendants introduced this structural perjury, it was procedurally and temporally impossible for me to review the perjury, draft a reply, have the underlying Rule 37(e)(2) spoliation motion resolved by the Court, and have that outcome integrated into the MSJ opposition due that very same day.

9. The untruthfulness of Defendants' May 27, 2026 declarations is further evidenced by their evasive conduct during recent communications. On June 5, 2026, I sent an email to all defense counsels regarding the audio backups. Because the specific nature of their questions indicated they already had prior access to the very recordings they all claimed did not exist, I asked them a direct question: **"Did you or your client review these specific audio recordings in your internal systems prior to receiving the backups? Yes or no."** A true and correct copy of this email is attached hereto as **Exhibit A**.

- 10 -

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**

10. All defense counsels completely ignored this direct question. Their calculated refusal to deny prior possession of the audio recordings further exposes the perjurious nature of their May 27, 2026 joint declarations, wherein they swore under oath that the audio did not exist, was not altered, was not deleted or was merely "unrecorded hold time."

11. This missing, uncorrupted evidence is absolutely essential to defeating Defendants' entire claims, including but not limited to their defense of "reasonable procedures," and the unresolved ESI issues under Rule 37(e)(2) fundamentally alter the factual record on summary judgment. An adjudication on June 17, 2026, would rely on a record and declarations from Defendants that I know, and can prove, have been irreparably fabricated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, at Los Angeles, California.

Dated: June 9, 2026                          By:/s/ Chiddy Golden

_____

Chiddy Golden
Pro Se Plaintiff

**PLAINTIFF'S EX PARTE APPLICATION FOR RELIEF UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT AND ADVANCE HEARING ON PLAINTIFF'S DISPOSITIVE RULE 37(e)(2) SPOLIATION MOTION; DECLARATION OF IN SUPPORT THEREOF**