SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone:  (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Hon. Anne Hwang<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION TO STAY TRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: July 8, 2026**<br>**Time: 1:30 p.m.**<br>**Courtroom: 9C** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Motion of Defendants Equifax Information Services LLC ("Equifax"), to stay trial deadlines pending the Court's ruling on Equifax's Motion for Sanctions and Attorney's Fees pursuant to Rule 11 (Dkt. 161).

Equifax's motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion. This Motion is made following the conference of counsel with Plaintiff pursuant to L.R. 7-3 which took place on April 29, 2026. *See* Declaration of Ritika Singh ("Singh Declaration"). Plaintiff

325295855v.1

opposes a stay of trial deadlines pending Equifax's Motion for Sanctions and Attorney's Fees pursuant to Rule 11.

DATED: June 10, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Ritika Singh*
    Ritika Singh
    *Counsel for Defendant*
    *Equifax Information Services LLC*

2

325295855v.1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Equifax hereby move to stay trial on August 16, 2026, and trial filings deadlines on July 1, 2026 July 15, 2026, in this case pending the Equifax's Motion for Sanctions and Attorney's Fees pursuant to Rule 11 (the "Rule 11 Motion") (Dkt. 161).

### I.    SUMMARY

*Pro Se* Plaintiff Chiddy Golden ("Plaintiff") initiated this action on December 9, 2025 (ECF No. 1) and filed his First Amended Complaint ("FAC") on February 20, 2026 (ECF No. 67). On February 26, 2026, the Court entered its Civil Pretrial Schedule and Trial Order (the "Scheduling Order"), establishing the last day to hear pretrial motions as June 17, 2026 (ECF No. 70). Pursuant to the Court's Scheduling Order, the first round of trial filings are due on July 1, 2026, the second round of trial filings are due on July 15, 2026, and trial is set for August 16, 2026. The parties are slated to incur significant fees and costs related to trial preparation while the Court's ruling on Equifax's Rule 11 Motion is pending.

In his FAC, Plaintiff claims that Equifax reported an "erroneous and unverifiable collection account" that he allegedly "did not open, apply for, authorize, consent to, or otherwise establish." (Doc. 67, ¶¶ 41, 43). However, documents produced by IQ Data International, Inc. ("IQ Data") irrefutably prove the allegations in the FAC are false and that Equifax reported only accurate information regarding Plaintiff. Thus, Equifax filed its Rule 11 Motion on the grounds that this lawsuit is presented in bad faith, to conceal the fact that the IQ Data account at issue is accurate and Plaintiff indeed maintained an apartment within City View Apartments located at 1207 Miramar St, Los Angeles, CA 90026 where Plaintiff maintained and received mail. *See* Dkt. 161, at p. 3.

On April 29, 2026, counsel for Equifax informed Plaintiff of its intention to file the Rule 11 Motion on April 29, 2026. *See* Singh Declaration, at ¶¶ 5-6. Equifax requests that the Court stay the trial and trial filings deadline in this case pending a ruling on Equifax's Rule 11 Motion.

## II.    LEGAL STANDARD

This Court has broad discretion to control the pace of litigation and course of discovery to ensure cases move to a timely and orderly conclusion. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 856, 863- 64 (9th Cir. 1979). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id*. Courts in the Ninth Circuit have relied on the following two-part test: (1) "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *U.S. v. Dynamic Medical Sys., LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 WL 3035219, at *13 (E.D. Cal. June 5, 2020) (citing *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 17CV00698KJMCKD, 2019 WL 3080808, at *1-2 (E.D. Cal. July 15, 2019); *see also Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); *Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Jarvis v. Regan*, 833 F.3d 149, 155 (9th Cir. 1987).

## III.    ARGUMENTS AND AUTHORITIES

As will be discussed more thoroughly in the Rule 11 Motion, each of Plaintiff's claims against Equifax fails and is premised on material misrepresentations, made without a good faith basis. *See generally*, ECF No. 50. Consistent with Ninth Circuit authority, the first condition to grant a stay is met. That is, the Rule 11 Motion, if granted, will necessarily resolve the entirety of the case. Specifically, the Rule 11 Motion establishes that Plaintiff did lease an apartment from City View Apartments, which is the underlying creditor for the IQ Data collection account at issue, and his remaining balance was sent to

4

325295855v.1

IQ Data for collection. *See generally* Dkt. 161. Therefore, the Ninth Circuit's first factor is met, and a stay should be granted pending the filing of and ruling on the Rule 11 Motion.

As to the second factor, the Rule 11 Motion can be decided without additional discovery. As noted in the Rule 11 Motion, the subpoena documents from IQ Data indicate that Plaintiff never paid the balance in full to the underlying creditor, City View Apartments, and Plaintiff's claims to the contrary are false. *See* Dkt. 161-3. Plaintiff has produced no evidence to refute the documents from IQ Data or support his claim that the IQ Data collection account does not belong to him. Without the need for further discovery, there is no reason this case should not be stayed to save scarce time and resources of all Parties and the Court.

Furthermore, the requested stay is limited in duration and "kept within the bounds of moderation." *Landis v. N.A. Co.*,  299 U.S. 248, 256 (1936). Equifax request a stay of this action only until the Court's decision on its Rule 11 Motion. In the event the Court's ruling does not resolve all disputed matters between the Equifax and Plaintiff, this case shall be revived. Moreover, allowing a brief stay will not result in any hardship on the Plaintiff; in fact, a stay will actually help facilitate a more efficient resolution of Plaintiff's claims against the Equifax, to the extent that any such claims remain after the Court's ruling on the Rule 11 Motion.

## IV.    CONCLUSION

For all of the above-mentioned reasons, Equifax respectfully requests this Court stay all deadlines related to Trial pending the Court's ruling on Equifax's Rule 11 Motion.

MOTION TO STAY

325295855v.1

DATED: June 10, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ritika Singh*
    Ritika Singh
    *Counsel for Defendant*
    *Equifax Information Services LLC*

6

325295855v.1

## CERTIFICATE OF CONFERENCE

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

/s/ Ritika Singh
Ritika Singh
Counsel for Defendant
Equifax Information Services LLC

325295855v.1

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION TO STAY TRIAL AND TRIAL FILINGS DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

8

MASTER CAPTION

325295855v.1