Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;            ) Case No.: 2:25-cv-11740-AH-SK
                                         )
                    Plaintiff,           )
                                         )
        v.                               ) **PLAINTIFF'S OPPOSITION TO**
                                         ) **DEFENDANTS' REQUEST TO**
                                         ) **APPEAR TELEPHONICALLY OR**
                                         ) **VIA ZOOM FOR THE JUNE 17, 2026**
                                         ) **HEARING**
TRANSUNION, LLC, a business entity,      )
form unknown; EXPERIAN                   )
INFORMATION SOLUTIONS INC., is           )
a business entity, form unknown;         )
EQUIFAX INFORMATION                      )
SERVICES, LLC., is a business entity,    )
form unknown; and DOES 1-10,             )
Inclusive,                               )
                                         )
                    Defendant(s).        )

---

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM FOR THE JUNE 17, 2026 HEARING

## I. INTRODUCTION, PROCEDURAL BACKGROUND, AND THE CONCEALMENT OF PLAINTIFF'S FULL VIEWS

On May 29, 2026, Defendants Experian Information Solutions Inc., Equifax Information Services LLC, and Transunion LLC filed their document titled Defendants REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM Dkt 178. This Opposition is necessitated because Defendants completely omitted and suppressed Plaintiff's full views and reasoning within their filing, choosing instead to truncate Plaintiff's position to a single, context-free sentence to mislead the Court.

What Defendants mischaracterize as conferring pursuant to Local Rules was simply a brief, bare-bones email exchange. Defendants provided absolutely no reasoning, claims of hardship, or justification for their request in their communication. They simply stated they "seeks to request a remote appearance by Zoom for the hearings set for June 17, 2026, including Plaintiff's motion for summary judgment, the CRA Defendants' motion for summary judgment, Plaintiff's motion to compel the CRA Defendants' 30(b)(6) depositions, and Equifax's Rule 11 motion." They then asked, "Can you please confirm whether you object to the remote appearance request or if you would like to join."

In response, Plaintiff explicitly informed defense counsels of the extensive legal and factual grounds for his objection, which Defendants then hid from the Court:

- **The Gravity and Volume of the Record:** Plaintiff informed Defendants that the sheer volume of the factual record and the dispositive nature of the matters pending before the Court require direct, in-person colloquy to protect the integrity of the proceedings.

- **Corporate Resource Sufficiency:** Defendants are multi-billion-dollar international corporations with vast resources fully capable of accommodating standard domestic travel.

- **The Availability of Local Counsel:** Defendants actively utilize local counsel in this district who are fully capable of appearing physically in the courtroom if specific out-of-town counsel are unable or unwilling to attend.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM FOR THE JUNE 17, 2026 HEARING

Defendants filed their request while intentionally withholding these specific objections, feigning a routine request for administrative convenience to obscure the massive evidentiary crisis unfolding beneath the surface.

**II. COMMANDEERING THE MERITS: THE UNRESOLVED SPOLIATION MOTION (DKT. 151) DICTATES THE RECORD AND MUST BE RESOLVED FIRST**

Defendants' request attempts to frame the June 17 hearing by highlighting their own Summary Judgment motions, Motion to Strike, and Rule 11 Motion. However, Plaintiff's Omnibus Motion for Sanctions under Federal Rule of Civil Procedure 37(e)(2) (Dkt. 151) was filed ***before*** all of these defense motions.

Because the Rule 37(e)(2) spoliation motion charges Defendants with the intentional destruction, deletion, and manipulation of active Electronically Stored Information (ESI) evidence and internal records, it bears directly on the validity of Defendants' subsequent filings. Under the *falsus in uno, falsus in omnibus* [false in one thing, false in everything] maxim that is accepted within this district, Defendants' demonstrable perjury regarding the deleted evidence irreparably taints every other filing and representation they have made to this Court. The motions Defendants seek to argue remotely are entirely dependent on a corrupted factual record and a shattered presumption of credibility.

Furthermore, Plaintiff has formally filed an Ex Parte Application under Federal Rule of Civil Procedure 56(d) to defer consideration of the Summary Judgment motions. Because the fully ripened unresolved spoliation motion directly implicates the authenticity and admissibility of the entire record, the Court cannot adjudicate the Summary Judgments on June 17 without first resolving the spoliation. Consequently, the June 17 hearing must center squarely on structural perjury, evidence tampering, and terminating sanctions. These are severe, case-dispositive issues that strike at the credibility of everything Defendants have filed. They cannot be brushed aside through a video screen.

## III. THE IMPERATIVE NEED FOR IN-PERSON CREDIBILITY ASSESSMENTS REGARDING STRUCTURAL PERJURY

Defendants' desire to appear remotely is a calculated attempt to distance themselves physically from the courtroom at the exact moment their evidentiary fraud is exposed. On May 27, 2026, Defendants submitted newly minted, joint perjurious declarations swearing that the active audio they surgically deleted was merely "unrecorded hold time" or did not exist, and that the ESI was not manipulated or altered.

The response of the Defendants to this documented perjury is best examined in person at an open-court hearing. A remote Zoom connection acts as an artificial, digital shield that prevents the Court from effectively evaluating the physical demeanor, responsiveness, and real-time credibility of defense counsels under direct interrogation regarding:

1. Their systemic failure to obey Court compelled production orders.
2. Their surgical deletion and manipulation of active audio ESI.
3. Their absolute silence and refusal to answer Plaintiff's direct "Yes or no" email question regarding whether they reviewed these specific audio recordings in their internal systems prior to claiming they did not exist.

Litigating the wholesale fabrication of evidence and structural perjury over a telephonic or video connection degrades the solemnity of Article III proceedings and provides corporate bad actors an escape hatch from immediate, in-person accountability.

## IV. DEFENDANTS' CLAIMS OF "UNDUE HARDSHIP" ARE FACTUALLY AND LEGALLY BASELESS

Defendants' motion bases its entire "undue hardship" claim on travel costs and administrative convenience. Experian, Equifax, and Transunion are massive, capital-flush corporations. The expense of a domestic flight and a hotel room for a hearing of this magnitude fails to satisfy any legal definition of "undue hardship."

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM FOR THE JUNE 17, 2026 HEARING

Defendants have presented zero evidence of actual, lawful barriers preventing physical attendance. No counsel is claiming a medical emergency, a physical disability, incarceration, or a genuine lack of operational resources.

Furthermore, Defendants' own prior appearance defeats their request. Experian retains capable counsel with complete knowledge of the case residing right here in California. All three defendants utilize extensive local counsel networks within this district, who have knowledge of the case and have appear at prior hearings for this case. The defense claim that traveling to California to the courthouse represents a "substantial" hardship is completely illogical and exposes their profound unwillingness to face this Court in person.

## V. SEVERE PREJUDICE TO PRO SE PLAINTIFF AND THE JUDICIAL RECORD

Defendants falsely claim that appearing remotely will not prejudice any party. Forcing a pro se litigant without the resources of a corporate firm to stand alone in a physical courtroom, while a panel of corporate attorneys beam in comfortably via a video screen to aggressively push their motions, creates an unjust, highly prejudicial dynamic.

An in-person hearing is mandatory because the Court will be forced to untangle complex electronic evidence, track conflicting transcripts, and confront directly contradictory testimony regarding the spoliated ESI. Navigating a severely corrupted evidentiary record of this magnitude cannot be executed efficiently, effectively, or fairly if defense counsel is sitting behind a muted Zoom microphone hundreds of miles away.

## VI. CONCLUSION AND DEMAND FOR DENIAL

For the foregoing reasons, and to preserve the strict integrity of the judicial process against structural perjury and intentional spoliation, Plaintiff respectfully requests that the Court outright **DENY** Defendants REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM Dkt 178.

The Court should issue an order compelling all lead counsel of record to appear physically in open court on June 17, 2026. Any remote appearance is entirely

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM FOR THE JUNE 17, 2026 HEARING

inappropriate because the adjudication of Defendants' subsequently filed motions is fundamentally dependent on resolving the official evidentiary record and assessing the credibility of Defendants, both of which are squarely challenged under the *falsus in uno, falsus in omnibus* maxim and must be resolved in-person within Plaintiff's preceding Rule 37(e)(2) spoliation motion (Dkt 151).

Dated: June 10, 2026                                By:/s/ Chiddy Golden

_____

Chiddy Golden

Pro Se Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO APPEAR TELEPHONICALLY OR VIA ZOOM FOR THE JUNE 17, 2026 HEARING