Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

          Plaintiff,

    v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

          Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

- 1 -

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

## I. PRELIMINARY STATEMENT: PRESERVATION OF RULE 56(d) OBJECTIONS

Plaintiff submits this Reply strictly to comply with the Court's scheduling deadlines and to definitively preserve the appellate record. However, Plaintiff proceeds under formal protest and explicitly reserves the right to supplement, amend, or completely withdraw and replace this briefing upon the resolution of Plaintiff's pending Omnibus Motion for Sanctions for Spoliation of Evidence under Federal Rule of Civil Procedure 37(e)(2). As detailed in Plaintiff's concurrently filed Ex Parte Application for Relief under Federal Rule of Civil Procedure 56(d) and Rule 72(a) Objections, critical evidentiary issues and instances of structural perjury by Defendants did not ripen until Defendants filed their opposition to the spoliation motion, long after the summary judgment briefing cycle had commenced. After Defendants explicitly refused to stipulate to align the hearing dates, Plaintiff was forced to invoke Rule 56(d) as the legally mandated mechanism to prevent the Court from prematurely ruling on a corrupted record.

It is a procedural and logical paradox for the Court to adjudicate motions for Summary Judgment while a Rule 37(e)(2) motion seeking Terminating Sanctions for the destruction and alteration of the very evidence underlying the summary judgment record remains unresolved. Moreover, the Rule 37(e)(2) motion was filed before all these other motions and yet it was displaced in the order of events and is now being heard weeks after the other motions. Adjudicating the merits of other motions before addressing the spoliation violates fundamental due process.

Because the magistrate judge has impermissibly scheduled the spoliation hearing to occur weeks after the summary judgment hearing, effectively attempting to moot the spoliation claim, shield Defendants' perjury from dispositive scrutiny, and act outside their statutory authority, Plaintiff formally objects. In light of these procedural anomalies and the pending judicial disqualification notices addressed under 28 U.S.C. §§ 144 and 455, Plaintiff preserves all appellate rights. Plaintiff retains the absolute right to modify this submission once the Rule 37(e)(2) Terminating Sanctions are

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

properly adjudicated and a complete, uncorrupted evidentiary record is established by the District Judge.

## II. THE RECORD IS IRREPARABLY CORRUPTED BY PERJURY AND SPOLIATION

This is not a standard Reply in support of Summary Judgment. The Court is presented with an undeniable, documented fraud upon the judicial process. Defendants' entire defense has suffered a total collapse on the merits, and they have permanently sealed that collapse by committing systemic spoliation and perjury. Defendants have adopted a litigation strategy of absolute deceit: whenever Plaintiff dismantles a defective defense using undeniable, objective evidence, Defendants simply abandon the position, manufacture a contradictory legal theory, and falsely act as if it were their stance all along or as if they never took the previous defective position.

The justice system does not have a two-tier evidentiary system: one for pro se litigants and one for billion-dollar corporations. To allow Defendants to proceed to trial on a fabricated evidentiary record would establish exactly that partiality, where corporate perjury is treated as a mere litigation tactic while Plaintiff is held to impossible standards of evidence. Granting Summary Judgment is insufficient because it allows Defendants to improperly participate in a damages phase and argue mitigation for conduct they have actively lied about to this Court.

Because Plaintiff must protect the record against Defendants' newly fabricated defenses and perjured declarations, Plaintiff is mandated to introduce impeaching physical evidence and new arguments herein. The Ninth Circuit consistently affirms the right of a moving party to introduce physical evidence and new arguments to counter an opposition's defenses. In *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003), the Court ruled: *"The district court did not abuse its discretion when it entertained [Plaintiff's]...argument...because [Plaintiff] was responding to [Defendants'] argument. Denying [Plaintiff] the opportunity to counter this potentially dispositive argument would have effectively stripped [Plaintiff] of its right to argue*

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

*against [Defendants'] defense."* Similarly, in *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011), the Ninth Circuit affirmed a district court's reliance on a physical operator's manual *"which the Contractors submitted for the first time in their reply to the motion for summary judgment."* Furthermore, the Ninth Circuit *"held that the district court did not abuse its discretion in considering an argument raised for the first time in a reply brief because the adverse party had an opportunity to rebut the argument at the hearing and 'the district court listened to, considered, and rejected' the rebuttal argument."* *Flathead-Lolo-Bitterroot Citizen Task Force v. State of Montana*, 98 F.4th 1180, 1195 (9th Cir. 2024).

## III. EVIDENTIARY OBJECTIONS: STRIKING THE TAINTED DECLARATIONS (*FALSUS IN UNO*)

Defendants base their entire Summary Judgment Opposition on the sworn declarations of corporate designees Donald Wagner and Pamela Smith to support their joint claim that "The CRA Defendants did not delete Plaintiff's dispute calls" stated in (Dkt 176 Page ID #6560 at line 12). This is demonstrably false and Plaintiff formally objects to these declarations in their entirety. These declarations must be stricken from the record as a matter of law.

The law of this circuit permits the use of the maxim *falsus in uno, falsus in omnibus*. *See Enying Li v. Holder*, 738 F.3d 1160, 1162 (9th Cir. 2013). Under this binding standard: *"Falsus in uno, falsus in omnibus [false in one thing, false in everything] is a hoary maxim which allows a fact-finder to disbelieve a witness's entire testimony if the witness makes a material and conscious falsehood in one aspect of his testimony... [I]f a person testifies falsely, willfully, and materially on one matter, then his 'oath' or word is not 'worth anything' and he is likely to be lying in other respects."*

**1. Impeaching the Equifax "Hold Time" Lie:** Pamela Smith swore under penalty of perjury that the Equifax audio was "produced in their entirety, without any modifications, deletions, or alterations" and that missing audio is merely unrecorded "hold time". This is a blatant, mathematically disproven lie. In the truncated audio

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

Equifax actually produced, see Dkt 151-2 Page ID #:3820 and Dkt 149 page 2 paragraph 2 titled "Equifax Altered" for the lodged audio file, at approximately timestamp 2:21 - 2:40, the agent specifically states they will be placing the call on hold. The hold begins at approximately 2:45 and lasts until 5:05. This hold time is fully recorded within the truncated version Defendants produced. Because the hold time is demonstrably recorded within their own production, the remaining approximately 13 minutes stripped from the full call cannot logically or mathematically be "unrecorded hold time". It is surgically spliced active conversation.

**2. Impeaching the Transunion "No Other Record" Lie:** Donald Wagner swore under penalty of perjury that Transunion has "no record of any other dispute" and never "manipulated, changed or in any way altered the contents of the recording". Plaintiff's physically lodged ESI (Dkt 188) conclusively proves Transunion entirely withheld the December 5 call and surgically altered the November 6 call.

**3. The Hypocritical Hearsay Counter-Attack:** Defendants base about 99% of their objections to Plaintiff's evidence on an alleged lack of authentication, willfully attempting to mislead the Court regarding the prior authentication of Plaintiff's evidence and self-authenticating government records. Yet, Defendants rely entirely on inadmissible hearsay from declarants who possess absolutely no personal knowledge of the underlying, nonexistent debt.

Because Defendants have definitively proven they will submit perjurious sworn declarations regarding the completeness of their audio telephony servers, the Court cannot trust anything these declarants say. Consequently, Defendants have failed to introduce any credible, admissible evidence to create a genuine dispute of material fact.

**IV. THE INESCAPABLE MANDATE OF RULE 37(e)(2) TERMINATING SANCTIONS**

The Court must enter default judgment because Defendants' conduct surpasses the highest thresholds for case-terminating sanctions under federal law. When a party intentionally destroys Electronically Stored Information (ESI), Rule 37(e)(2) mandates

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

severe sanctions. But here, Defendants did not merely spoliate evidence; they actively defrauded the Court by filing perjurious declarations to cover it up more than satisfying the intent factor under Rule 37(e)(2). If federal courts routinely mandate terminating sanctions for spoliation alone, then default judgment is an absolute requirement when that spoliation is weaponized with perjury.

**A. Terminating Sanctions Are Affirmed When Spoliators Did Far Less**

In the following federal and Ninth Circuit cases, the spoliators did less than the Defendants in this case, yet terminating sanctions were mandated.

- *Jones v. Riot Hospitality Group LLC*, 94 F.4th 1177 (9th Cir. 2024): ***"To dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI."*** **Application to Plaintiff's Case:** Defendants intentionally deprived Plaintiff of active critical ESI at the heart of the case, satisfying the intent requirement and mandating default judgment without a separate finding of prejudice. Lesser sanctions will not suffice because the pattern of deception and discovery abuse has made it impossible to proceed with any reasonable assurance that the truth would be available.

- *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006): The Plaintiff wiped files from a company laptop. ***"The district court concluded that Leon's behavior amounted to willful spoliation because he knew he was under a duty to preserve all data on the laptop, but intentionally deleted many files.*** The court found prejudice when a party's refusal to provide documents ***"forced [Plaintiff] to rely on incomplete and spotty evidence"*** at trial. **Application to Plaintiff's Case:** Defendants' deletion of entire telephone calls and surgical splicing forced Plaintiff to rely on incomplete ESI and also amounts to selective preservation.

- *WeRide Corp. v. Kun Huang*, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020): ***"Terminating sanctions against Huang are also appropriate under Rule 37(e)***

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

*for his destruction of ESI"*. **Application:** Defendants' systematic spoliation of audio records ensures Plaintiff cannot discover the full extent of their statutory failures, warranting Rule 37(e)(2) default.

- *Metricolor LLC v. L'Oreal USA, Inc.*, 2025 WL 8953111 (9th Cir. Nov. 25, 2025): ***"Metricolor's misconduct also included withholding and fabricating evidence, not just destroying ESI. Whether under Rule 37, its inherent powers, or both, the district court did not abuse its discretion by imposing terminating sanctions."*** **Application:** Defendants similarly withheld and fabricated evidence, compounding the destroyed ESI and warrants the exact terminating sanctions entered in Metricolor.

- *OmniGen Research, LLC v. Wang*, 321 F.R.D. 367 (D. Or. 2017): ***"defendants intentionally deleted and refused to produce relevant emails from multiple email accounts, and that the defendants intentionally destroyed metadata. These actions have deprived the Plaintiffs of evidence central to their case"***. The court then held: ***"Plaintiffs' Motion for Terminating Spoliation Sanctions is Granted. The Court will issue an Order of Default Judgment... Defendants' Motions for Summary Judgment... are all DENIED as moot."*** **Application:** A dispositive spoliation motion takes precedence over all other motions. Under Circuit authority, it is an abuse of discretion for a district court to jump to a summary judgment determination while leaving a ripe spoliation motion unaddressed; see ***Garrett v. City of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987))*** *(holding:* ***"It was error for the trial court to have granted…motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion."****) See also* ***Shaw v. Foreman, No. 24-7015 (4th Cir. 2026)*** *(holding:* ***"The district court granted summary judgment…while the sanctions motion was still pending before the magistrate judge. Plaintiff brings this appeal, arguing that the district court abused its discretion in failing to rule on the sanctions motion and that the district court erred in granting summary***

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

*judgment. Because the [ESI] at the heart of the sanctions motion was crucial to the merits of the case, we vacate the district court's decision and remand with instructions to consider the sanctions motion in full."*

- *Facebook, Inc. et al v. OnLineNic Inc et al*, No. 3:2019cv07071 (N.D. Cal. 2024): The court struck the defendants' answer and entered default. The court found that *"plaintiffs' ability to prosecute this case on the merits has been significantly hampered by defendants' mass spoliation of relevant evidence and other discovery misconduct."* **Application:** Like the defendants in Facebook, Defendants here deleted evidence and attempted to cover it up, justifying the immediate entry of default judgment.

- *Dreith v. Nu Image, Inc.*, 648 F.3d 779 (9th Cir. 2011): *"The Court finds that defendants have deliberately and willfully carried out discovery abuse".* The court also noted, *"discovery too often has become a desultory game of hide and seek."* **Application to Plaintiff's Case:** Defendants' willful failure to produce the complete call records warrants the same default judgment sanction affirmed by the Ninth Circuit in *Dreith*.

**B. The Perjury Multiplier: When Spoliation is Compounded by Fraud**

When spoliators cross the line from simply destroying ESI data to actively *lying* about it to the Court, the judicial system removes any remaining leniency or discretion. An adverse inference is completely insufficient because it does not punish the brazen perjury committed in their sworn declarations. Terminating sanctions are the only vehicle capable of addressing this dual fraud.

- *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162 (9th Cir. 2012): The Ninth Circuit affirmed the district court's order striking the defendant's answer and entering default judgment because the defendant willfully disobeyed discovery orders and interfered with the court's ability to hear the case. The court held that *"It has also become evident that Vision is willing to mislead the Court time after time in order to keep from producing relevant, possibly critical, discovery material...*

- 8 -

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

***Accordingly, the district court did not abuse its discretion in striking Vision's Answer"***. Defendants' willful suppression of the call records and misleading declarations have interfered with this Court's ability to hear the true facts, warranting the same default judgment affirmed in *Hester*.

- *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337 (9th Cir. 1995): The Ninth Circuit affirmed terminating sanctions where a party exhibited repeated deceptive behavior, holding: ***"[Defendants'] pattern of deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available."***

  **Application:** Defendants' submission of perjurious declarations regarding the completeness of their ESI demonstrates the exact pattern of deception that makes a fair trial impossible.

- *Burris v. J.P. Morgan Chase & Company et al*, No. 2:2018cv03012 (D. Ariz. 2022): The court dismissed the complaint with prejudice, finding that Burris was ***"caught red handed in a series of other lies and acts of deception"***. The court also held that: ***"Because "[t]he sheer scope of Plaintiff's dishonesty and spoliation efforts... [made] this the rare case where it is impossible to have confidence that Defendants will ever have access to the true facts…the Court granted Defendants' motion for terminating sanctions"***.

  **Application:** Defendants' manipulation of the ESI record and sworn fabrications demand equivalent terminating sanctions.

- *JOHNNY BURRIS V. JPMORGAN CHASE & CO.*, No. 21-16852 (9th Cir. 2024): The Ninth Circuit affirmed terminating sanctions in the appeal brought by Johnny Burris where the Court held**: *"The district court's finding that Burris intentionally deleted ESI to deprive JPMorgan of the information's use in litigation is well-supported by the record. The district court properly relied on the temporal proximity of Burris's spoliation records as evidence of his intent."***

  Application: Defendants intentionality of the deletion of ESI is evidenced by their

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

perjury in their impeached declarations. Terminating sanctions are warranted here just as the Ninth Circuit affirms in similar cases under Rule 37(e)(2).

- *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007): The Ninth Circuit affirmed terminating sanctions, holding: ***"both Robinson and Dickson [his attorney] "knowingly deceived the court and acted in bad faith" by submitting "perjured declarations, fabricated evidence and frivolous pleadings."*** The court held that ***"The core of the appellants' argument is yet another fraud on the court."*** The Ninth circuit concluded that ***"Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate. This was just such a case. The district court did its duty, and fairly exercised its discretion in order to secure a just resolution of the dispute."*** **Application to Plaintiff's Case:** By destroying evidence and systematically lying under oath to this Court via false declarations and other misrepresentations, Defendants have irreparably damaged the integrity of the discovery process.

- *Johnson v. Coos County et al*, No. 6:2019cv01883 (D. Or. 2023): The court entered a dispositive default sanction against defendants for deleting emails and ESI and lying about their availability. The court noted that: ***"Defendants misled both Plaintiff and the Court concerning the availability of the deleted emails for months and the Court has no reason to believe that a lesser sanction will prevent further deceptive representations"***. **Application to Plaintiff's Case:** Because Defendants not only deleted the call evidence but filed false declarations to mislead the Court into believing the calls never existed, the court must apply *Johnson* to grant default judgment.

## V. CONDITIONAL MERITS REBUTTAL (PLEADED IN THE ALTERNATIVE STRICTLY TO PREVENT DEFAULT)

Should the Court attempt to look past the mandatory terminating sanctions to the merits, Defendants' own briefing fatally undermines their defense.

PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)

**The "Legal Dispute" Confession and FCRA Failures:** Defendants explicitly confessed to FCRA liability within their own brief, stating: "More importantly, the question of whether 'City View CA' or 'City View Apartments' is a registered legal entity is itself a legal and factual determination that goes beyond the face of a credit report". This is a written confession that Defendants willfully refuse to conduct reinvestigations of basic factual reality. The original creditor is a nonexistent entity in state and county records; verifying corporate existence is a ministerial factual inquiry, not a complex legal dispute. As the Ninth Circuit ruled in *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246 (9th Cir. 2022), the FCRA *"does not categorically exempt legal issues from the investigations that furnishers must conduct,"* explicitly rejecting the manufactured "legal vs. factual" loophole.

**The "Wet Signature" Admission:** Defendants cannot rely on automated ACDV pings as a "reasonable procedure" when their own agent's recorded admissions destroy this defense. In the October 30, 2025 call, the Experian Representative stated verbatim at 5:04: *"If they do not provide like a wet signature from you indicating that this account belongs to you, then we have to remove this account from the credit report..."* By promising to verify the tradeline with a wet signature and subsequently failing to do so, Defendants violated 15 U.S.C. §§ 1681e(b) & 1681i.

**Permissible Purpose Failures:** Under 15 U.S.C. § 1681b(a)(3)(A) and § 1681e(a), a CRA must require prospective users to certify the purposes for which information is sought. Defendant's own internal master discovery log (JAE Ex. 8) conclusively establishes a systemic failure: the third-party inquiry in question contains a completely blank certification field. Defendants' pivot to rely on an uncertified "business partner" relationship is fundamentally unlawful. As the Ninth Circuit established in *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978): *"We hold that obtaining a consumer report in violation of the terms of the statute without disclosing the [im]permissible purpose for which the report is desired can constitute obtaining consumer information under false pretenses"*.

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**

**Actual Damages and Injunctive Relief:** Plaintiff's evidence of actual damages, including the U.S. Department of Education denial letter, is self-authenticating under Federal Rule of Evidence 902(5) and falls squarely under the Public Records exception of Rule 803(8). Because Plaintiff is subject to a "Continuous Enrollment Policy," the ongoing publication of this false collection account subjects Plaintiff to severe, recurring educational harm. Therefore, permanent injunctive relief is absolutely necessary under the CCRAA. The Supreme Court established in *Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016),* an exception: *"This exception applies… where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."*

## VI. CONCLUSION: PRAYER FOR DEFAULT JUDGMENT

When the Court initially evaluated this case, it afforded Defendants the benefit of the doubt. Defendants have weaponized that judicial grace. They destroyed the physical Electronically Stored Information that proved their liability and escalated their misrepresentations through perjurious declarations, operating under the bad-faith assumption that the Court will simply look the other way.

To force Plaintiff to litigate on the merits against an adversary permitted to destroy evidence and lie under oath establishes an impossible, two-tiered standard of justice. Because Defendants have irreparably damaged the evidentiary record and made a fair disposition on the merits factually impossible, Plaintiff respectfully prays that the Court protect the integrity of the judicial process, strike Defendants' Answers, and enter Default Judgment against all Defendants as mandated by Federal Rule of Civil Procedure 37(e)(2).

Dated: June 10, 2026                          By:/s/ Chiddy Golden

                                              _____

                                              Chiddy Golden
                                              Pro Se Plaintiff

**PLAINTIFF'S CONDITIONAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FILED UNDER PROTEST AND SUBJECT TO RULE 56(d) DEFERRAL)**