SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDDY GOLDEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-11740-AH-SK<br><br>Hon. Anne Hwang<br><br>**CRA DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE** |

Defendants Experian Information Solutions ("Experian"), Equifax Information Solutions, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants") hereby file this Response in Opposition to Plaintiff's Motion to Disqualify Magistrate Judge Pursuant to 28 U.S.C. §§ 144 and 455 (the "Motion," Dkt No. 167) and respectfully request that the Court deny the Motion for the reasons set forth below.

## I. INTRODUCTION

Throughout the course of this litigation, *pro se* Plaintiff Chiddy Golden ("Plaintiff") has avoided answering the key issue in this case – whether Plaintiff resided at City View Apartments and failed to pay rent there. Apparently out of options, Plaintiff now resorts to

326470461v.2

making baseless accusations that Magistrate Judge Steve Kim "has abandoned neutrality to actively advocate for the corporate Defendants." *See* Motion at p. 2. Specifically, Plaintiff takes issue with Judge Kim's rulings on Plaintiff's Emergency Motion to Compel Responses to Plaintiff's Discovery Requests and supplement thereto (Dkt. Nos. 79-80), Plaintiff's Ex Parte Application to Accelerate and Shorten Time for Motion to Compel Hearing (Dkt. No. 82), the Court's Order Granting in Part Motion to Compel [ECF 79, 80] And Denying As Moot Ex Parte Application To Expedite Hearing on Motion to Compel [ECF 82] (Dkt. 87), Plaintiff's Emergency Motion to Quash Subpoena (Dkt. No. 89), Plaintiff's Ex Parte Application to Quash Subpoena (Dkt. No. 91), Plaintiff's Motion for Reconsideration (Dkt. No. 95), Plaintiff's Motion for Sanctions Against [CRA Defendants] and Complicit Third-Party Furnisher (Dkt. No. 116), Plaintiff's Motion for Sanctions Against All Defendants (Dkt. No. 147), and Plaintiff's Motion to Compel Rule 20(b)(6) Depositions (Dkt. No. 148) (collectively, "the Orders").

The allegations that Plaintiff makes against Judge Kim are unfounded and are nothing more than a baseless attempt for Plaintiff to get his own way. The fact that Plaintiff is unhappy with the Court's rulings against him does not equate to any misconduct on the part of Judge Kim. Because Plaintiff cannot show any evidence in support of his allegations of judicial misconduct, this Court should deny Plaintiff's Motion.

## II. ARGUMENTS AND AUTHORITIES

**A.   Plaintiff Has Not Established Appropriate Grounds for Disqualification, and His Motion Should Be Denied.**

Plaintiff's Motion is made pursuant to 28 U.S.C. §§ 144 and 455. Under either statute, Plaintiff has failed to establish the appropriate grounds for recusal, and his Motion should be denied.

### 1.   Plaintiff Has Failed to Establish a Valid Basis for Disqualification Under 28 U.S.C. § 144.

Under 28 U.S.C. § 144, when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice,"

2

such judge shall not hear the case. 28 U.S.C. § 144. An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Forte v. Merced Cnty.*, No. 1:15-CV-0147 DAD-BAM, 2016 WL 4248206, at *1 (E.D. Cal. Aug. 11, 2016) (citation omitted). While the facts set out in the affidavits must be accepted as true, the judge passing on the legal sufficiency of the affidavit is not required to accept the construction placed on them by the movant or the particular affiant. *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Moreover, the Supreme Court has held that under 28 U.S.C. § 144, "personal bias or prejudice" for disqualification of a judge generally must stem from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 550-51 (1994). Notably, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id.* at 555. Furthermore, bias and prejudice are not divided into the "personal" kind, which is offensive, and the official kind, which is perfectly all right. *Id.* at 549.

Here, Plaintiff's Motion does not state facts that would convince a reasonable person that bias exists. To be sure, Plaintiff has not, and cannot, identify any personal bias stemming from an extrajudicial source, as § 144 requires; nor any deep-seated favoritism or antagonism that would make fair judgment impossible. Rather, Plaintiff's Motion is based entirely on judicial decisions or rulings made by the Court and *within the Court's discretion* that Plaintiff believes to be unfavorable to him. Dissatisfaction with an unfavorable ruling does not constitute proper grounds for recusal and Plaintiff has failed to file a sufficient affidavit under 28 U.S.C. § 144. Plaintiff cites to Dkt. 87 as the "catalyst" wherein the Magistrate Judge "[departed] from neutrality and was triggered by a fatal defense admission." *See* Dkt. No. 167, at p. 4. Plaintiff contends that the Magistrate Judge intervened to manufacture a factual dispute in the subsequent ruling as it relates to Dkt. No. 87. *Id.* Plaintiff's assertion is simply false. Plaintiff has not and cannot prove that the CRA Defendants admitted to any failure to conduct a reasonable investigation because such admission does not exist. The Order in Dkt. No. 87 stems from Plaintiff's discovery

3

requests served to the CRA Defendants, which includes more than 600 discovery requests combined. Magistrate Judge Kim states in his Order in Dkt. No. 87 that the "sheer volume of that discovery has obscured rather than advanced Plaintiff's legitimate discovery needs" and Plaintiff's subsequent motion to compel did not comply with Local Rule 72-2. *See* Dkt. No. 87, at pp. 1-2. Plaintiff's Motion stems from dissatisfaction with the Court's rulings, not from any personal, extrajudicial bias as required for recusal under § 144. For these reasons, Plaintiff's Motion should be denied.

### 2. Plaintiff Has Failed to Establish a Valid Basis for Disqualification Under 28 U.S.C. § 455.

Similarly, 28 U.S.C. § 455(a) mandates judicial disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned," and 28 U.S.C. § 455(b)(1) duplicates the grounds of recusal set forth in § 144. *See Liteky v. United States*, 510 U.S. 540 at 548; *see also* 28 U.S.C. § 455(a) and (b). Importantly, judicial rulings alone rarely ever constitute a valid basis for a recusal motion alleging bias or partiality and cannot display reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555. Plaintiff's Motion is based entirely on judicial rulings that he believes to be unfavorable. Additionally, Plaintiff has not identified any extrajudicial source for the alleged misconduct by the Magistrate Judge for which Plaintiff seeks recusal. Absent such evidence, Plaintiff cannot satisfy his burden of establishing that recusal is necessary under 28 U.S.C. § 455. For this additional reason, Plaintiff has failed to establish a valid basis for recusal and his Motion should be denied.

## II. CONCLUSION

For the foregoing reasons, the disqualification of Magistrate Judge Steve Kim is not warranted or appropriate. CRA Defendants respectfully request that the Court deny Plaintiff's Motion for Disqualification Pursuant to 28 U.S.C. §§ 144, 455.

326470461v.2

DATED: June 12, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

TROUTMAN PEPPER LOCKE LLP

By: /s/ Caitlin S. Oswald
Caitlin S. Oswald
*Attorneys for Defendant*
Experian Information Solutions Inc.

QUILLING SELANDER LOWNDS WINSL

By:  /s/ William Huse
William Huse, Admitted Pro Hac Vice
*Counsel for Defendant*
Trans Union LLC

## ATTESTATION

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), all other signatories listed, have concurred in the filing's content and authorized the filing.

DATED: June 12, 2026

By:  /s/ Ritika Singh
Ritika Singh

5

RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE

326470461v.2

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I presented the foregoing CRA DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *Pro Se* Plaintiff.

/s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326470461v.2