Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

      Plaintiff,

      v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

      Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

- 1 -

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

**PRELIMINARY NOTE ON THE COURT'S INTERVENTION:**

Plaintiff expresses profound gratitude to the District Judge for recognizing the procedural crisis and rightfully advancing the Rule 37(e)(2) and Disqualification motions, (Dkt 151) and (Dkt 167). However, Plaintiff files this formal Objection to preserve the strict appellate record and to respectfully demand the formal, written vacatur of the Magistrate's May 12 and May 14 orders, as well as the related order at Dkt. 164. Because those orders were issued without Article III jurisdiction and engineered to manufacture mootness, they are **void *ab initio*** and cannot be permitted to stand as binding historical entries on this Court's docket.

**I. INTRODUCTION & EXEMPTION FROM THE 14-DAY DEADLINE**

The Magistrate Judge Steve Kim, May 12, 2026 order striking Plaintiff's dispositive motion, and the subsequent May 14, 2026 scheduling order sequestering the refiled motion, are constitutionally **void *ab initio*** (from the beginning) because the Magistrate usurped Article III jurisdiction by asserting unauthorized control over a case-terminating matter, Plaintiff's Rule 37(e)(2) Motion for Terminating Sanctions. While Federal Rule of Civil Procedure 72(a) imposes a 14-day deadline to object to a magistrate's, non-dispositive orders, that deadline is legally irrelevant when an order is issued without subject matter jurisdiction. Federal Rule of Civil Procedure 60(b)(4) dictates a court may relieve a party from an order if ***"the judgment is void."*** The Ninth Circuit strictly forbids the application of timeliness barriers to void orders. In *Charles v. Meadows, George Harris, plaintiffs-appellees/cross-appellants, v. the Dominican Republic; and Instituto, De Auxilios Yviviendas, Defendants-Appellants/cross-appellees*, 817 F.2d 517, 521 (9th Cir. 1987), the Court dictated: ***"There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."*** **Application to the Facts:** The Magistrate Judge's May 12 order functionally striking Plaintiff's properly filed Rule 37(e)(2) motion from the docket, combined with the

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

subsequent May 14 order rescheduling the refiled motion until after the summary judgment deadline, constitutes an unauthorized, ***sub silentio*** disposal of a case-terminating matter. In the Ninth Circuit and other circuits, the formal label attached to a motion (even one nominally arising from a "discovery" dispute, bearing a discovery designation, or categorized generally as a "pretrial" matter) cannot grant a magistrate judge the jurisdiction to determine it. The absolute jurisdictional prerequisite is dictated solely by whether the motion's effect is dispositive or non-dispositive. Under the Ninth Circuit's binding test, "To determine whether a motion is dispositive, [this court has] adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party.", See *CPC PATENT TECHS. PTY LTD. V. APPLE, INC.*, No. 21-16212 (9th Cir. 2022). A motion that denies "the ultimate relief sought" by a party or disposes of "any claims or defenses" is dispositive. *Id.* Because a Rule 37(e)(2) motion seeks terminating sanctions (default judgment), its ultimate effect is strictly dispositive. Striking such a motion is functionally equivalent to denying it.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge lacks jurisdiction to determine case-dispositive matters. By striking the motion, and then pushing the refiled motion hearing past the summary judgment deadline to artificially manufacture mootness, the Magistrate Judge committed a reversible abuse of authority. The Ninth Circuit explicitly bars a trial court from denying a crucial discovery or sanction motion as moot based on a summary judgment timeline, holding that "It was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). Because the Magistrate Judge lacked jurisdiction to enter final orders striking or suppressing this

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

dispositive motion, the orders are void and must be set aside pursuant to *Meadows v. Dominican Republic* 817 F.2d 517, 521 (9th Cir. 1987).

**II. THE MAGISTRATE JUDGE LACKED ARTICLE III JURISDICTION UNDER 28 U.S.C. § 636**

The statutory limits on a Magistrate Judge's authority are explicitly defined by Congress:

- **28 U.S.C. § 636(b)(1)(A):** *"A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, **and to involuntarily dismiss an action.**"*

- **28 U.S.C. § 636(b)(3): *"A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."***

- **28 U.S.C. § 636(c)(1): *"...Upon the consent of the parties, a full-time United States magistrate judge... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case..."***

The constitutional requirement for Article III jurisdiction is absolute. As the Ninth Circuit established in *Denise Kay Anderson, Plaintiff-appellant, v. Woodcreek Venture Ltd; James May; Linda Brown; Curtis Brown, Defendants-appellees*, 351 F.3d 911 (9th Cir. 2003): ("A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge,") citing *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc).

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

**Application to the Facts:** Plaintiff never consented to Magistrate jurisdiction under § 636(c)(1). Plaintiff's Rule 37(e)(2) Omnibus Sanctions motion (Dkt 147, Dkt 151) explicitly seeks Terminating Sanctions and Default Judgment. Consequently, it operates squarely as a motion to **"involuntarily dismiss an action"** under § 636(b)(1)(A).

Crucially, Plaintiff is under no obligation to notice a dispositive motion before a magistrate judge. Even if a district court generally refers "discovery matters" to a magistrate, the Federal Rules of Civil Procedure and 28 U.S.C. § 636 strictly exempt dispositive motions from a magistrate judge's jurisdiction. The Magistrate Judge operates under the flawed belief that all motions bearing the word "discovery" or "sanctions" must unilaterally flow through them. This is constitutionally false.

While a Magistrate Judge may hold a hearing to issue a *Report and Recommendation* under § 636(b)(1)(B), they are explicitly forbidden by Congress and Article III of the Constitution from ***determining*** (or issuing unilateral orders that functionally strike or sequester into a ***sub silentio*** disposal or any other disposal of) Plaintiff's dispositive motion. By issuing the May 12 order striking the motion (Dkt 147) from the docket entirely and away from the Article III District Judge, along with the May 14 order sequestering the refiled motion (Dkt 151) past the summary judgment deadline, the Magistrate Judge crossed from making a recommendation into making an unauthorized, ***de facto*** dispositive ruling. A magistrate judge cannot use their general authority over discovery scheduling to bypass the limitations of Article III. Furthermore, the District Court could not legally delegate this dispositive control as an "additional duty" under § 636(b)(3).

**III. THE PREJUDICIAL EFFECT AND DISPARATE TREATMENT OF THE VOID MAY 14, 2026 ORDER**

The ***ultra vires*** May 12 strike and May 14 scheduling order severely prejudiced Plaintiff by artificially bifurcating the physical spoliation evidence from the Summary

Judgment merits. By manipulating the docket and the calendar to force the merits to be heard before resolving the structural perjury and evidence tampering outlined in Plaintiff's motion, the Magistrate created an impossible procedural trap.

This abuse of authority is further exacerbated by the Magistrate's blatant, disparate treatment of the parties. The timeline of this preferential treatment is undeniable:

- On May 11, 2026, Plaintiff filed the meritorious Omnibus Sanctions motion seeking terminating sanctions (Dkt 147) noticed for June 10, 2026.
- On May 12, 2026, the Magistrate *ultra vires* unlawfully struck Plaintiff's dispositive motion at (Dkt. 150).
- On May 12, 2026, Plaintiff refiled the motion (Dkt 151) noticed for June 10, 2026. The Magistrate then issued the *ultra vires* May 14 order, sequestering and delaying Plaintiff's motion to July 1, 2026, intentionally pushing it *after* the District Judge's June 17 Summary Judgment hearing.
- Conversely, on May 15, 2026, Defendant Equifax filed a patently frivolous Rule 11 motion explicitly seeking to "dismiss Plaintiff's suit with prejudice" (Dkt. 161).
- Despite Equifax's dispositive motion being filed *after* Plaintiff's, the Magistrate Judge did not strike or sequester it. Instead, Equifax's motion was permitted to proceed directly before the Article III District Judge for the June 17, 2026 hearing. Both dispositive motions were noticed before the Article III District Judge, but the Magistrate Judge unlawfully chose to strike and sequester Plaintiff's motion to manufacture mootness.

This uneven, preferential treatment proves the Magistrate selectively exercised power they do not legally possess. Striking Plaintiff's motion and leaving Defendants' subsequently filed motion on the District Judge's June 17 calendar, while unlawfully trapping Plaintiff's critical, foremost, dispositive Rule 37(e)(2) motion in a July 1

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

Magistrate hearing, actively prejudices Plaintiff and acts to shield Defendants' perjury from the Article III Court's immediate scrutiny.

**The Pattern of Sabotage of Plaintiff's Motions including the to Compel (Dkt 148 / Dkt 164):**

This procedural sabotage was not limited to the spoliation motion. To the extent the Magistrate Judge utilized this exact same calendar manipulation to strike and sequester Plaintiff's Motion to Compel 30(b)(6) Depositions (Dkt. 148), Plaintiff incorporates that order herein. Through the docket entry at Dkt. 164, the Magistrate explicitly acknowledged that Plaintiff's motion was properly noticed for June 17, 2026. However, under the guise of a "closed" calendar, the Magistrate unilaterally reset the hearing for July 1, 2026.

More importantly, the Motion to Compel 30(b)(6) Depositions was necessitated entirely by the Magistrate Judge's prior, arbitrary refusal to compel Defendants to answer crucial written discovery requests (Dkt. 87). Having already shielded Defendants from producing this vital evidence on paper, the Magistrate then deliberately weaponized the calendar to ensure Plaintiff could not obtain the evidence via deposition either.

This arbitrary delay intentionally prevents Plaintiff from utilizing critical 30(b)(6) deposition testimony for the June 17 Summary Judgment hearing, further manufacturing mootness. There is no legitimate judicial logic in striking a properly noticed motion set for an earlier date, only to forcibly reschedule it to a later date for the sole purpose of manufacturing mootness. This arbitrary delay is transparently designed to ensure that critical evidence remains sequestered and unusable for the summary judgment record when it is needed most. By striking properly noticed hearings only to trap them behind a schedule of their own manipulation, the Magistrate is actively denying Plaintiff due process.

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**

Additionally, the Magistrate Judge has previously disposed of Plaintiff's meritorious Sanctions Motion (Dkt 116) by refusing to apply the law to the facts or issue a reasoned, substantive decision. This pattern of unreasoned, arbitrary rulings (coupled with the systemic cancellation of all in-person hearings to shield Defendants from answering on the record) has occurred numerous times. For a comprehensive record of these actions, Plaintiff incorporates by reference the Motion to Disqualify the Magistrate Judge (Dkt. 167). In Dkt. 116 and previous and subsequent motions, Defendants consistently failed to adequately dispute or address Plaintiff's factually supported claims, yet the Magistrate Judge arbitrarily shielded them from judicial scrutiny. The pattern is crystal clear, and the uneven, preferential treatment is undeniable.

## IV. DEMAND FOR VACATUR AND DIRECT DISTRICT JUDGE INTERVENTION

Administrative scheduling powers cannot be weaponized to strip a party of their constitutional right to an Article III adjudication of dispositive matters. For the foregoing reasons, Plaintiff respectfully demands the following relief:

1. The District Judge must formally declare the Magistrate Judge's May 12, 2026 order (Dkt 150), May 14, 2026, scheduling order, and the related order resetting the Motion to Compel (Dkt 164) void *ab initio* under Federal Rule of Civil Procedure 60(b)(4) and explicitly vacate them from the docket to correct the historical record.

2. While Plaintiff acknowledges and appreciates the District Judge's recent intervention to advance the hearing dates, Plaintiff requests the Court formalize this intervention by officially retaining direct Article III jurisdiction over Plaintiff's Rule 37(e)(2) Terminating Sanctions motion (Dkt 151) and Plaintiff's Motion to Compel (Dkt 148) through their final disposition to cure the jurisdictional defects.

3.  Consistent with Plaintiff's pending Rule 56(d) Application, the Court must strictly resolve the Rule 37(e)(2) spoliation and structural perjury issues ***prior to*** adjudicating the summary judgment merits, to prevent the entry of judgment on a fabricated record.

Dated: June 12, 2026                                    By:/s/ Chiddy Golden

_____

Chiddy Golden

Pro Se Plaintiff

**PLAINTIFF'S OBJECTION TO, AND MOTION TO VACATE, MAGISTRATE JUDGE'S MAY 12, MAY 14, AND RELATED ULTRA VIRES ORDERS FOR LACK OF ARTICLE III JURISDICTION (FILED TO PRESERVE THE APPELLATE RECORD)**