Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

Plaintiff,

v.

TRANSUNION, LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

# I. INTRODUCTION: DEFENDANTS' OPPOSITION IS A MASTERCLASS IN EVASION, BAD-FAITH DECEPTION, AND OPERATES AS A LEGAL CONCESSION

Despite being the work of the best lawyers money can buy, Defendants' cannot even adequately defend the acts of Magistrate Judge Steve Kim, and Defendants' Opposition entirely fails to address the substantive, mathematically proven structural bias detailed in Plaintiff's Motion and Sworn Declaration.

Defendants falsely assert that "Plaintiff cannot show any evidence in support of his allegations of judicial misconduct". This is a blatant misrepresentation of federal law. Plaintiff submitted a Sworn Declaration under penalty of perjury, which is strictly recognized as evidence. Furthermore, as Defendants themselves are forced to admit, under 28 U.S.C. § 144, "the facts set out in the affidavits must be accepted as true". Because the Court is legally barred from weighing the truth of the Sworn Declaration, the factual allegations of bias are established as true for the purpose of this motion.

In their Introduction, Defendants explicitly type out a fabricated list of nine specific orders they claim Plaintiff challenges (Dkt. Nos. 79-80, 82, 87, 89, 91, 95, 116, 147, and 148). This is a deliberate deception. Defendants intentionally padded this list with ex parte applications and subpoena quashes (Dkts. 82, 89, 91) to create the illusion of a comprehensive response, while intentionally ignoring and omitting the actual, catastrophic rulings and motions Plaintiff cited. Defendants purposefully omitted any mention of (Dkts. 92, 93, 94, 96, 98, 132, 133, 140, 145, 150, 151, 158, 160, and 161). Furthermore, Defendants falsely claim Plaintiff attacks (Dkt 87) as the manufactured factual dispute. In reality, Plaintiff's motion explicitly isolates Dkt. 94 as the ruling where the Magistrate Judge unlawfully swapped the Original Creditor. Defendants intentionally and deliberately conflated (Dkt 94) into (Dkt 87) to argue about the "volume of discovery" and evade answering for the Magistrate's unsworn entity swap.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

Under standard federal motion practice, a party's failure to address factually supported arguments operates as a legal concession. By abandoning the factual record, Defendants formally concede that the Magistrate Judge:

- Subverted discovery in Dkt. 94 to save Defendants from Equifax's Fair Credit Reporting Act admission in Dkt. 87.

- Unlawfully cemented the Original Creditor swap based entirely on unsworn assertions, in direct violation of Federal Rule of Civil Procedure 17 and California Business and Professions Code § 17918.

- Enforced a "Placeholder" evidentiary double standard, granting Defendants relief based on empty, unsworn filings while rejecting Plaintiff's sworn declarations and government-certified evidence.

- Enforced a Personally Identifiable Information double standard, ignoring Plaintiff's privacy breach, which emboldened Defendants to violate Federal Rule of Civil Procedure 5.2(a) and Local Rule 5.2-1 by publishing Plaintiff's Date of Birth and Social Security Number directly onto the public docket multiple times even after assuring the court they wouldn't repeat the violation in (Dkt 168). Defendants admit to another occurrence of violation of Rule 5.2(a) and Local Rule 5.2-1 in (Dkt 183).

- Unlawfully attempted to waive Transunion's self-executing default without requiring a proper motion for withdrawal under Federal Rule of Civil Procedure 36(b), absurdly citing an irrelevant "Rule 37-1" to protect the defense, despite Plaintiff having actually conducted multiple meet-and-confers with multiple Transunion counsels regarding the default.

- Shielded Defendants from accountability for defying a direct Court Order and committing fraud upon the Court and issued an unlawful boilerplate denial to Plaintiff's Sanctions Motion (Dkt. 116) without a hearing to protect defense counsel, despite Plaintiff explicitly requesting a hearing seeing that all prior hearings were abruptly canceled without lawful reasoning.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

- Sabotaged Plaintiff's written discovery and oral depositions.
- Weaponized Article III "Mootness" (Dkts. 132, 133, 140, 145) to systematically evade appellate review, conceding Plaintiff's binding Supreme Court citations (*Chafin v. Chafin*, *Already, LLC v. Nike, Inc.*) proving the controversy was not moot.
- Weaponized the discovery referral (Dkt. 150) to intercept District Court review of Defendants' audio recording spoliation to forcefully manufacture mootness and shield defendants from spoliation under Rule 37(e)(2).

Additionally, Defendants failed to refute the retaliatory, unconstitutional prospective ban (Dkt. 96) closing the courthouse doors to Plaintiff. They failed to refute the six denials in one ruling with no adequate reasoning in law (Dkt. 158). They failed to refute that they weaponized the Magistrate's creditor swap to file a retaliatory Rule 11 motion (Dkt. 161) based on a manufactured quote where Equifax misquoted the Magistrate Judge's hearsay adoption and Equifax dropped the entity suffix to expose their deceptive tactics. They did not challenge the timeliness of Plaintiff's motion, conceding good cause.

Crucially, Defendants did not dispute the 8-point mathematical proof of statistical bias calculated as $P = (0.05)^8 = 0.0000000000390625$ (roughly 1 in 25.6 billion). Furthermore, they failed to refute the "Mid-Point Test" isolating just six rulings, which established a 1-in-64-million probability, affirming it is 52 times more likely to be struck by lightning than to suffer this one-sidedness by random chance.

Because Defendants cannot defend these unrefuted ***ultra vires*** acts, they are forced to hide behind a boilerplate misapplication of the *Liteky* standard.

**II. BINDING NINTH CIRCUIT PRECEDENT EXPLICITLY AUTHORIZES PLAINTIFF TO INTRODUCE RECORD EVIDENCE TO REBUT DEFENDANTS' OPPOSITION**

The Ninth Circuit consistently affirms the right of a moving party to introduce physical evidence and new arguments to counter an opposition's defenses. In *El Pollo Loco, Inc.*

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

*v. Hashim*, the Court ruled that "The district court did not abuse its discretion when it entertained [Plaintiff's]…argument…because [Plaintiff] was responding to [Defendants] argument. Denying [Plaintiff] the opportunity to counter this potentially dispositive argument would have effectively stripped [Plaintiff] of its right to argue against [Defendant's] defense." 316 F.3d 1032, 1040-41 (9th Cir. 2003). Similarly, in *Getz v. Boeing Co.*, the Ninth Circuit affirmed a district court's reliance on a physical operator's manual "which the Contractors submitted for the first time in their reply to the motion for summary judgment." 654 F.3d 852, 868 (9th Cir. 2011). Furthermore, the Ninth Circuit held that "the district court did not abuse its discretion in considering an argument raised for the first time in a reply brief because the adverse party had an opportunity to rebut the argument at the hearing and 'the district court listened to, considered, and rejected' the rebuttal argument." *Flathead-Lolo-Bitterroot Citizen Task Force v. State of Montana*, 98 F.4th 1180, 1195 (9th Cir. 2024). Pursuant to this binding authority, Plaintiff properly incorporates the newly filed, record-preserving *Plaintiff's Objection to, and Motion to Vacate, Magistrate Judge's May 12 [Dkt 150], May 14 [Dkt 159], and Related Ultra Vires Orders for Lack of Article III Jurisdiction* (Dkt. 164). This active record evidence directly rebuts Defendants' false narrative that Plaintiff is merely complaining about "routine rulings" within the Court's discretion.

**III. DEFENDANTS MATERIALLY MISREPRESENT THE STATUTORY STANDARDS: THE MAGISTRATE'S ACTIONS TRIGGER BOTH 28 U.S.C. § 455(a) AND § 455(b)(1)**

Defendants argue under *Liteky v. United States*, 510 U.S. 540 (1994) that an "extrajudicial source" is strictly required, and judicial rulings alone almost never constitute a valid basis for a bias motion. Defendants intentionally omit the Supreme Court's explicit exception in *Liteky*: intra-judicial actions do require mandatory disqualification if they ***"reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."*** 510 U.S. at 555. For a limited example from the

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

exhaustive list in this case: Issuing a retaliatory, unconstitutional prospective ban (Dkt. 96), combined with functionally striking dispositive spoliation motions ('pocket vetoes') to manufacture mootness (Dkt 150) in an ***ultra vires*** action, establishes the exact deep-seated antagonism the Supreme Court warned about.

Defendants also ignore the Ninth Circuit's direct application of this *Liteky* exception. In *United States v. Onyeabor*, 643 F. App'x 615 (9th Cir. 2016), the Ninth Circuit explicitly recognized that intra-judicial conduct can "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," noting that "throughout [the case], the district court made numerous erroneous rulings, which one-sidedly accrued to the benefit of the [the defendants'] and the detriment of [Plaintiff]." Furthermore, where a judge's rulings ignore uncontradicted evidence or manipulate procedure to favor one party, binding Ninth Circuit precedent dictates that "to preserve the appearance of justice, we conclude reassignment is appropriate." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940 (9th Cir. 2013). The Magistrate Judge's procedural sequestration of Plaintiff's dispositive motion mirrors this prohibited antagonism. This cements that "rulings alone" can trigger disqualification when they are so fundamentally contrary to the record that they suggest the judge is personally invested in the outcome.

Furthermore, Defendants attempt to lump Plaintiff's claims strictly under the "appearance of bias" standard. However, Plaintiff explicitly invoked 28 U.S.C. § 455(b)(1), which dictates verbatim that a judge shall disqualify himself: ***"Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"***. This standard is absolute and cannot be waived by the parties under any circumstance.

Defendants rely on *Liteky* to claim that a judge's procedural actions can almost never support a finding of bias, but they ignore the Ninth Circuit's strict limit on tactical judicial behavior. The Ninth Circuit commands that a judge must be removed from a matter when their handling of the docket demonstrates an ***"unwillingness to consider***

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

*fairly"* a party's core claims or defenses. *United States v. Walker River Irrigation District*, 890 F.3d 1161, 1173 (9th Cir. 2018).

The Magistrate Judge did not engage in ordinary docket administration. Instead, the Magistrate Judge engineered a tactical, ***sub silentio* veto** designed to ensure the evidence-spoliation issue could never be heard on its merits. Where a judicial officer conducts a proceeding in a manner that reveals they will ***"have substantial difficulty in putting out of his... mind previously expressed views,"*** actual partiality is established, and the case must be reassigned ***"to preserve the appearance of justice."*** *Manley v. Rowley*, 847 F.3d 705, 712–13 (9th Cir. 2017). The Magistrate Judge's active cover-up of the Electronically Stored Information (ESI) spoliation crosses the line from an "appearance" of bias into actual, non-waivable personal prejudice, and this deliberate procedural manipulation meets that threshold.

**IV. UNREASONED, ARBITRARY STRIKES AND ULTRA VIRES ACTS ARE NOT PROTECTED "JUDICIAL RULINGS"**

Defendants falsely classify all challenged actions as "discovery requests". Constitutional Article III bypasses, Federal Rule of Civil Procedure 17 entity swaps, and data breaches under Federal Rule of Civil Procedure 5.2(a) and Local Rule 5.2-1 are not routine discovery disputes. What the Magistrate Judge executed were unconstitutional, ***ultra vires*** strikes that openly defied Congressional limits and Article III. 28 U.S.C. § 636(b)(1)(A) mandates verbatim: "A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion... to involuntarily dismiss an action". The Magistrate is explicitly barred from determining case-dispositive matters. Furthermore, 28 U.S.C. § 636(c)(1) mandates dispositive authority requires: "Upon the consent of the parties". Plaintiff never provided consent. The Ninth Circuit enforces this strict boundary. In *CPC PATENT TECHS. PTY LTD. V. APPLE, INC.*, No. 21-16212 (9th Cir. 2022), the Ninth Circuit's functional approach dictates that a motion that denies "the ultimate relief sought" by a party or disposes of "any claims or defenses" is dispositive. Because a Federal Rule of

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

Civil Procedure 37(e)(2) motion seeks terminating sanctions and default judgment, it is strictly dispositive. Finally, in *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987), the Court ruled: "It was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion".

Because the Magistrate Judge lacked jurisdiction to enter final orders striking or suppressing this dispositive motion, the orders are void. Federal Rule of Civil Procedure 60(b)(4) dictates a court may relieve a party from an order if "the judgment is void". As the Ninth Circuit explicitly established in *Charles v. Meadows*, 817 F.2d 517, 521 (9th Cir. 1987), "There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void". The Magistrate's *ultra vires* orders cannot stand as binding historical entries on the docket.

The undeniably unequal treatment of the parties further confirms the bias. On May 12, the Magistrate Judge unlawfully struck Plaintiff's dispositive Federal Rule of Civil Procedure 37(e)(2) motion (Dkt. 150) under the guise of enforcing the discovery referral. Yet, three days later, on May 15, Defendant Equifax filed a dispositive Federal Rule of Civil Procedure 11 motion explicitly seeking to dismiss the suit with prejudice (Dkt. 161). Defendants might attempt to manufacture a false distinction by arguing that a Rule 37 motion is a 'discovery' matter, whereas a Rule 11 motion is not. However, 28 U.S.C. § 636(b)(1)(A) and Article III jurisdiction do not differentiate based on the title of the rule; they strictly govern the *effect*. Both Plaintiff's motion and Defendant Equifax's motion explicitly sought case-terminating relief. Therefore, both were equally dispositive and entirely outside the Magistrate Judge's jurisdiction. If the Magistrate Judge were neutrally enforcing procedural boundaries, both motions should have been left alone to proceed to the District Judge, or both should have been struck. Instead, the Magistrate Judge weaponized his administrative power to unlawfully strike Plaintiff's dispositive motion to shield Defendants' spoliation and perjury, while granting Defendant Equifax a free pass to proceed directly to the Article III District Judge with a

- 8 -

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

frivolous motion manufactured in part by the Magistrate Judge. Defendants' Opposition completely ignores this smoking gun of uneven treatment.

Plaintiff formally charged the Magistrate Judge with violating Canon 1, Canon 2(A), and Canon 3(A)(4) of the Code of Conduct for United States Judges. The Commentary to Canon 2(A) states verbatim: "Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code". As the D.C. Circuit held in *United States v. Microsoft Corp.*, 253 F.3d 34, 113 (D.C. Cir. 2001), ***"[t]he Code of Conduct is the law with respect to the ethical obligations of federal judges".*** Defendants did not defend against this, effectively conceding the Magistrate Judge committed "actual improprieties" and violated the law. Finally, Defendants failed to rebut binding Ninth Circuit precedent (*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978)) proving that defense counsel's arguments are not evidence. Defendants concede that the Magistrate Judge's creditor swap (Dkt. 94) was unlawfully executed without evidentiary weight or support. By allowing an unsworn and unsupportable entity swap, the Magistrate Judge violated Federal Rule of Civil Procedure 17, which mandates that an action must be prosecuted in the name of the real party in interest and that capacity to be sued is determined by state law. Consequently, the Magistrate Judge bypassed California Business and Professions Code § 17918.

The Ninth Circuit explicitly forbids the exact procedural bypass the Magistrate Judge committed here to shield the defense. In *Callie v. Near*, 829 F.2d 888, 890-91 (9th Cir. 1987), the Court held that when material facts are in dispute, "the district court could not properly resolve this factual dispute merely by weighing the affidavits and relying on the unsworn statements of counsel," concluding that "the district court abused its discretion by not conducting an evidentiary hearing."

Here, the Magistrate Judge's actions were exponentially worse than the abuse of discretion overturned in *Callie*. Defendants did not even offer an infirm affidavit; they

- 9 -

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

offered zero evidentiary support whatsoever. By bypassing the necessity of an evidentiary hearing to side with Defendants' unsworn assertions in Dkt. 94 (while completely ignoring Plaintiff's government-certified factual evidence and the defendants own reporting provided to the Court that disproved those bare arguments) the Magistrate Judge visibly ***pre-judged the outcome*** and abandoned neutrality to ***advocate for the opponent***. The Magistrate Judge then unlawfully closed off the court to Plaintiff regarding the matter via the unconstitutional prospective ban in Dkt. 96 violating plaintiff's due process. Any reasonable observer tracing this timeline must conclude that the Magistrate Judge's impartiality is irreparably compromised.

## V. DEFENDANTS' MANUFACTURED STRAWMAN ARGUMENTS AND HEARSAY LOOP PROVE THE NEED FOR DISQUALIFICATION

In their Introduction, Defendants attempt to prejudice the Court by erroneously claiming Plaintiff is "out of options" and trying to manufacture a post hoc hearsay loop. Defendants are once again attempting to divert the Court's attention, as it stands Defendants spoliated ESI warranting Rule 37(e)(2) termination and committed demonstrable perjury while attempting to hide the deletions and alterations. Defendants completely failed to defend the Magistrate Judge's retaliatory 180-degree reversal regarding this exact temporal standard. Prior to April 8, the Magistrate Judge in some part correctly stated on the record (Dkt 87): "Plaintiff's claim ultimately turns on a single question: what did each Defendant actually do when it received Plaintiff's dispute of the tradeline at issue?". However, on the exact same day Plaintiff filed a Motion for Review challenging the Magistrate judges unlawful ruling, the Magistrate Judge abandoned his own prior holding, unlawfully permitting Defendants to alter material facts and change the Original Creditor mid-litigation in (Dkt 94). By retreating to this hearsay loop, Defendants are desperately trying to avoid answering for their own spoliation of Electronically Stored Information (ESI) and the structural perjury they committed regarding the sworn declarations they submitted specifically to cover up that deletion.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

The Magistrate Judge's attempt to manufacture mootness by striking the spoliation motions was a calculated cover-up. Had Plaintiff not fiercely fought to advance these issues before the District Judge, the Magistrate Judge would have swept this case-ending ESI spoliation and perjury entirely under the rug. This is exactly what the Magistrate Judge did with Plaintiff's previous Sanctions Motion (Dkt. 116), which was summarily buried without a hearing and without adequate legal reasoning, despite Defendants failing to even dispute the factually supported claims against them. *If Plaintiff was the one that had openly disobeyed court orders by withholding discovery, falsely stated on the record that he had fully complied, intentionally deleted Electronically Stored Information (ESI) warranting sanctions under Federal Rule of Civil Procedure 37(e)(2), and then engaged in demonstrable perjury to cover up that ESI deletion, Defendants would be unequivocally screaming for the Judge to dismiss the case with prejudice, and the Court would undoubtedly grant that request swiftly.* As the Court is fully aware, *the federal legal system cannot have a double standard.* Similarly, Defendants attempt to justify the Magistrate Judge's bias by complaining about the "volume" of Plaintiff's discovery requests in Dkt. 87. Re-litigating a discovery dispute in a disqualification brief is a transparent admission that they cannot defend the Magistrate Judge's subsequent unconstitutional actions.

## VI. CONCLUSION AND THE DUE PROCESS MANDATE

Defendants completely failed to refute the factual record of structural unevenness. Furthermore, they conceded that an eventual victory on the merits does not cure the independent, extreme toll of litigating against a biased tribunal, proving the Due Process deprivation is incurable.

The Magistrate Judge is an elite jurist, a *magna cum laude* graduate, Order of the Coif inductee, and former federal appellate clerk. A jurist with such absolute, structural mastery of the Federal Rules of Civil Procedure does not repeatedly and inexplicably dismantle Article III jurisdiction and foundational federal rules by accident.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

The Due Process Clause has been construed to guarantee litigants the absolute right to a "neutral and detached," or impartial, judge. *Ward v. Village of Monroeville*, 409 U.S. 57, 61-62 (1972). The Supreme Court in *Caperton v. A.T. Massey Coal Co.* held that Due Process strictly requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable" 556 U.S. 868, 872 (2009). Because Defendants failed to refute the mathematical proof of one-sided rulings, the probability of actual bias is legally established as constitutionally intolerable. No other fair and balanced judge can defend the **ultra vires** acts nor the other unlawful actions of this Magistrate Judge, and to do so would be to implicate that judge's own appearance of impartiality. Essentially, the Magistrate's actions are indefensible and leave a reasonable mind to conclude the Magistrate Judge's impartiality and fairness is impaired. Immediate disqualification under 28 U.S.C. §§ 144 and 455 is mandatory so the District Judge can restore Article III neutrality to the docket and prevent this Magistrate Judge from overseeing any further actions in this case. Plaintiff expresses profound gratitude to the District Judge for recognizing the procedural crisis and rightfully advancing the Federal Rule of Civil Procedure 37(e)(2) and Disqualification motions. This crucial intervention halted the Magistrate Judge's ongoing structural prejudice. However, if the District Court refuses to disqualify the Magistrate Judge, Plaintiff formally demands the District Court explicitly state what verbatim federal laws support allowing unsworn assertions to alter jurisdictional facts mid-litigation, especially in a Fair Credit Reporting Act case regarding factual plain inaccuracy, and what verbatim federal laws support all the persistent violations noted throughout Plaintiff's motions.

Dated: June 14, 2026                                    By:/s/ Chiddy Golden

                                                        Chiddy Golden
                                                        Pro Se Plaintiff

- 12 -

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**