Chiddy Golden
825 S Hill St. #906
Los Angeles, CA 90014

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHIDDY GOLDEN, an Individual;

        Plaintiff,

    v.

TRANSUNION, LLC, a business entity,
form unknown; EXPERIAN
INFORMATION SOLUTIONS INC., is
a business entity, form unknown;
EQUIFAX INFORMATION
SERVICES, LLC., is a business entity,
form unknown; and DOES 1-10,
Inclusive,

        Defendant(s).

Case No.: 2:25-cv-11740-AH-SK

**PLAINTIFF'S OPPOSITION TO
DEFENDANT EQUIFAX'S MOTION
TO STAY TRIAL DEADLINES**

- 1 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL
DEADLINES**

## I. INTRODUCTION: EQUIFAX'S MOTION IS A BAD-FAITH TACTIC TO REWARD SPOLIATION AND PERJURY

Defendant Equifax Information Services LLC explicitly argues that "allowing a brief stay will not result in any hardship on the Plaintiff". This assertion is demonstrably absurd and operates in total denial of the factual record.

The true motive behind Equifax's motion is transparent: Equifax seeks to stay the July 1, 2026, and July 15, 2026 trial filing deadlines, as well as the other dates, purely to shield themselves from accountability. They are attempting to halt the judicial mechanism pending a baseless, retaliatory Federal Rule of Civil Procedure 11 motion (Dkt. 161). The Court must not grant a stay to a party actively engaged in the destruction of evidence and structural perjury. Staying the case rewards Defendants for their fraud upon the Court while inflicting incurable, compounding irreparable harm upon Plaintiff.

## II. PLAINTIFF HAS SUFFERED EXTREME, COMPOUNDING, AND INCURABLE HARDSHIP

Equifax's claim that a stay causes no hardship is a profound misrepresentation to the Court. Plaintiff has already been severely prejudiced and harmed by the denial of Plaintiff's emergency motions back in December 2025.

In December 2025, Plaintiff filed emergency motions warning of some of the exact issues and irreparable harm currently manifesting. Crucially, these motions were entirely unopposed by Defendants, who purposefully ignored Plaintiff's notices to meet and confer and refused to provide a response. By denying these unopposed motions and granting Defendants the benefit of the doubt (endorsing their mere "parroting of the furnisher" constituted a reasonable investigation) the Court emboldened the defense. Defendants took this early leniency as a free pass, operating under the belief that they could do whatever they wanted, regardless of how many federal rules they violated.

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES**

This entire litigation should never have been required. Had Defendants actually followed the parameters of the Fair Credit Reporting Act and conducted a genuine investigation (instead of blindly parroting the furnisher and ignoring Plaintiff's disputes) the extensive harm and damages could've been averted. Instead, when faced with liability for ignoring those disputes, Defendants spoliated the dispute calls and related Electronically Stored Information (ESI) to cover up their willful violations. Dealing with these intentional willful violations and cover-ups has already forced Plaintiff to forfeit two entire university semesters (the Spring and Summer semesters) as well as the other damages and financial difficulties.

Equifax now seeks a stay that will undoubtedly force Plaintiff to miss a third university semester in the Fall. Inflicting this compounding, irreparable harm upon Plaintiff while Defendants actively spoliate evidence and misrepresent facts to the Court is the absolute definition of extreme hardship.

## III. EQUIFAX'S RULE 11 MOTION IS A DECEPTIVE, UNJUSTIFIABLE WASTE OF JUDICIAL RESOURCES

Equifax attempts to satisfy the legal standard for a stay by claiming their pending Rule 11 Motion is dispositive. Equifax claims that their manufactured hearsay material "irrefutably proves" Plaintiff's allegations are false.

This is another fraud upon the Court. Neither their business partner furnisher nor their substituted nonexistent entity could state who actually created the material, meaning it cannot satisfy the most basic standards of the Federal Rules of Evidence. Equifax failed to produce a qualified custodian who could swear to the mandatory statutory language that the records were *"made at or near the time by—or from information transmitted by—someone with knowledge."* They failed to do this because it is a legal impossibility to authenticate records or provide a qualified custodian for an entity that does not exist. The best lawyers money can buy are obviously aware of these incurable evidentiary deficiencies, yet they persist in attempting to deceive the Court. Defendants then compounded this deception by intentionally altering and

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES**

deleting Electronically Stored Information (ESI) and providing perjured declarations to cover it up.

There is no need to exhaustively brief the merits of Equifax's Rule 11 motion here because its foundation is irreparably defective. Equifax's motion is entirely predicated on a manufactured "hearsay loop" which Defendants' previously fed to the Magistrate Judge, who unlawfully accepted it in violation of the Federal Rules of Civil Procedure and binding precedent dictating that the bare arguments of counsel are not evidence. *See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (*"The arguments and statements of counsel are not evidence and do not create issues of material fact."*); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (*"legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute"*). Because Equifax's Rule 11 motion relies entirely on this inadmissible hearsay loop to patch an unfixable evidentiary hole, it is not a dispositive motion. It is a gross waste of judicial resources and completely fails the Ninth Circuit's first factor for granting a stay.

## IV. EQUIFAX'S MOTION FAILS PROCEDURALLY: LACHES, INAPPLICABLE CASE LAW, AND SAFE HARBOR DEFECTS

Equifax attempts to justify staying the trial schedule by citing a litany of inapplicable case law and misrepresenting the legal standard for a stay. Their motion fails procedurally on four distinct fronts:

**1. The Self-Inflicted Procedural Delay (Laches)**

Equifax is guilty of unreasonable, bad-faith delay. By their own admission in the Singh's Declaration, Defendants allegedly discussed this stay with Plaintiff on April 29, 2026. Yet, Defendants waited an egregious 42 days, until June 10, 2026, to file this motion to stay the imminent July 1 deadlines. This is not an emergency; it is a self-inflicted procedural delay engineered by their own inaction. The Court should not

PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES

grant equitable relief to a party that waits for 42 days only to manufacture a last-minute crisis.

**2. The Core Misapplication: *Leyva* Requires Independent Proceedings**

Equifax relies on *Leyva v. Certified Grocers of California, Ltd.* to argue the Court has broad discretion to enter a stay. However, Equifax misquotes the doctrine. The Ninth Circuit explicitly limited *Leyva* stays to situations where the court is waiting on an ***independent, separate proceeding*** (such as an outside arbitration, an administrative hearing, or a separate lawsuit). A Rule 11 motion filed inside this exact same docket is not an "independent proceeding."

The Ninth Circuit clarified this exact abuse of the stay doctrine in *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007). The Court explicitly held: *"while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings."* The Court further warned that *"First, Landis cautions that 'if there is even a fair possibility that the stay... will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' 299 U.S. at 255. In this case, there is more than a 'fair possibility' that the stay will 'work damage' to [Plaintiff]."* Using *Leyva* to pause an entire trial calendar for an internal frivolous disciplinary motion completely distorts the legal doctrine.

**3. Countering Equifax's "Dispositive Motion" References**

Equifax's reliance on *U.S. v. Dynamic Medical Sys.* and *Alaska Cargo* to argue that stays are allowed if a motion is "potentially dispositive" is equally misplaced. *U.S. v. Dynamic Medical* and other attached cases which they cite specifically address staying *discovery* pending a Rule 12(b)(6) motion. In *Dynamic Medical*, the court stayed discovery because it was dealing strictly with a motion to dismiss where discovery had not even commenced yet, noting that allowing discovery to proceed could result in undue burden.

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES**

Here, discovery is not at issue, and the scheduling conference was concluded months ago. A Rule 11 motion is a collateral sanctions issue; it is not a merits-based dispositive motion on the pleadings (like a 12(b)(6) motion) that may resolve the underlying litigation.

**4. The Fatal 21-Day Safe Harbor Defect**

To compound the legal invalidity of their request, Equifax's underlying Rule 11 motion is procedurally defective and dead on arrival. Equifax did not comply with the strict 21-day safe harbor provision. The exact, entire motion and its supporting documents that are formally filed must be identical to what was served during the safe harbor period. Because Defendants altered the motion they ultimately filed, they failed to comply with the mandatory safe harbor of Rule 11.

Their motion must be denied based on this procedural defect alone, before the Court even reaches the frivolous, incurable hearsay-based aspects of the motion itself. Defendants want to stay the entire case, cause immense hardship to Plaintiff, and create undue delay to what end? It is nothing but a frantic attempt to delay Plaintiff's actual, credible case-terminating motion under Rule 37(e)(2).

It is legally absurd to halt an entire Article III trial calendar to wait for a disciplinary side-show predicated on inadmissible hearsay.

**V. DEFENDANTS' SPOLIATION AND PERJURY DEMAND DEFAULT JUDGMENT, NOT A STAY**

As the litigation progressed, it turned out Plaintiff was right all along regarding Defendants' Fair Credit Reporting Act violations. Faced with that realization, Defendants intentionally spoliated evidence to make sure Plaintiff would not be able to obtain it. To avert the consequences of their violations and the destruction of evidence, Defendants provided sworn declarations to the Court where they blatantly perjured themselves in a desperate attempt to cover up the spoliation.

This calculated sequence of destruction and perjury absolutely seals their intent to deprive Plaintiff of the evidence. A party does not go to such lengths (committing

- 6 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES**

structural perjury and deleting Electronically Stored Information) if they are not intentionally trying to deprive the opposing party.

Creating more irreparable harm for Plaintiff by freezing the trial calendar will not relieve Defendants of their Rule 37(e)(2) violations. Because Defendants acted with the specific intent to deprive Plaintiff, their answers must be stricken and default judgment entered against them. A party facing mandatory case-terminating sanctions under Rule 37(e)(2) is not entitled to an equitable stay.

## VI. CONCLUSION

Equifax's motion is a bad-faith attempt to freeze the docket based on a retaliatory Rule 11 motion. That motion is fueled by an inadmissible hearsay loop, relies upon inapplicable case law, features fatal procedural safe harbor defects, and was filed after an unreasonable 42-day self-inflicted delay. Allowing a stay would force Plaintiff to incur more irreparable harm while rewarding Defendants for their spoliation and perjury. The Court must deny Equifax's Motion to Stay Trial Deadlines in its entirety, strike Defendants' answers for their Federal Rule of Civil Procedure 37(e)(2) violations.

Dated: June 15, 2026                    By:/s/ Chiddy Golden

_____

Chiddy Golden
Pro Se Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO STAY TRIAL DEADLINES**