UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:25-cv-11740-AH-SKx | Date   June 18, 2026 |
| Title   *Chiddy Golden v. Transunion, LLC et al.* | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 153)**

Before the Court is a Motion for Summary Judgment ("Motion") filed by Defendants Experian Information Solutions, Inc.; Equifax Information Services LLC; and TransUnion LLC (collectively, "Defendants"). Dkt. No. 153. Plaintiff Chiddy Golden ("Plaintiff") opposed. Dkt. No. 177. Defendants replied. Dkt. No. 186. The Court held oral argument on June 17, 2026. For the following reasons, the Court GRANTS the Motion.

## I.    BACKGROUND[1]

Around April 2020, Plaintiff entered into a lease agreement with Pacifica Huntley L.P., d/b/a City View ("City View") to rent an apartment in Los Angeles,

---

[1] The following facts are taken from Defendants' Joint Appendix of Facts ("JAF") or Joint Appendix of Evidence ("JAE"). JAF, Dkt. No. 153-1; JAE, Dkt. No. 153-2. Plaintiff submitted objections to the JAF, which largely consist of evidentiary objections and various legal arguments. Objs. to JAF, Dkt. No. 177-3. To the extent that any of the proffered facts are disputed by Plaintiff, the Court

California.  JAF 20.  During his four-year tenancy, Plaintiff accrued $16,981 in past due rent and fees.  JAF 21, 66.  City View assigned the debt to Assurant Recovery Solutions in July 2024.  JAF 24.  IQ Data International ("IQ Data"), a data furnisher, subsequently opened a debt collection account in August 2024.  JAF 25, 95.

In October 2025, the IQ Data collection account appeared on Plaintiff's credit reports.  JAF 3, 30.  The collection account in the credit reports indicated an original creditor of "City View CA" and an original amount of $16,981. [2]  JAE, Exs. A, U, Dkt. No. 153-9.  In October and November 2025, Plaintiff contacted Defendants to dispute the collection account, asserting that the account was inaccurate and not his.  JAF 4, 8, 13, 32, 54.  In response, Defendants initiated reinvestigations and informed IQ Data of Plaintiff's disputes.  JAF 16, 34, 55.  IQ Data responded that the account was accurate.  JAF 16, 35, 56.

On December 9, 2025, Plaintiff initiated this action against Defendants, three consumer credit reporting agencies ("CRA"), alleging violations of the Fair Credit Reporting Act ("FCRA") and California Consumer Credit Reporting Agencies Act ("CCRAA").  Dkt. No. 1.  On February 12, 2026, the Court dismissed the Complaint with leave to amend.  Dkt. No. 65.  On February 20, 2026, Plaintiff filed the First Amended Complaint ("FAC").  Dkt. No. 67.  On May 13, 2026, Defendants filed the instant Motion.  Dkt. No. 153.

## II.    LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the substantive law

---

concludes that no actual factual dispute exists or that the adopted language resolves the dispute.

[2] Plaintiff argues that City View is a "legally nonexistent phantom entity" because his searches of state and county government records did not return a result for "City View CA" or "City View Apartments."  Objs. to JAF at 8, 15.

---

"identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, discovery responses, and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citation modified). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).

## III. DISCUSSION

### A. Evidentiary Objections

The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible. *See* Fed. R. Civ. P. 56(c)(2). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). However, "to survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Therefore "when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (emphasis in original) (citing *Fraser*, 342 F.3d at 1037).

Plaintiff objects to various documents submitted by Defendants on grounds including relevance, prejudice, hearsay, lack of personal knowledge, and lack of authentication.  Opp'n to Defendants' Motion at 5, 7; App'x of Objs., Dkt. No. 177-2.  However, courts have declined to consider objections on these grounds at the summary judgment stage because they are duplicative of the summary judgment standard.  *See, e.g.*, *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) ("[T]he Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."); *see also Fraser*, 342 F.3d at 1037 (considering evidence in a summary judgment motion, despite the defendant's hearsay objections, because the evidence "could be admitted into evidence at trial in a variety of ways").

Accordingly, the Court OVERRULES the evidentiary objections.

## B.      Motion for Summary Judgment

Plaintiff's FAC alleges Defendants failed to conduct a reasonable reinvestigation and to provide information about reinvestigation results and procedures in violation of 15 U.S.C. § 1681i(a) and California Civil Code section 1785.16(a), and failed to follow reasonable procedures to assure accuracy in violation of 15 U.S.C. § 1681e(b) and California Civil Code section 1785.14(b).  *See generally* FAC, Dkt. No. 67.  The FAC also alleges Defendants furnished consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b, and furnished information known, or should have been known, to be incomplete or inaccurate in violation of California Civil Code section 1785.25(a).  *See generally id.*  Plaintiff seeks damages for willful and negligent violations of the FCRA and CCRAA.  *Id.*

### 1.      FCRA Sections 1681i(a) and 1681e(b) and CCRAA Sections 1785.16(a) and 1785.14(b)

Under the FCRA, if a consumer disputes the completeness or accuracy of any information contained in his or her file, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within thirty days.  15 U.S.C. § 1681i(a)(1).  Similarly, under the CCRAA, if a consumer disputes the completeness or accuracy

of any information contained in his or her file, a credit reporting agency must "reinvestigate and record the current status of the disputed information" within thirty business days.  Cal. Civ. Code § 1785.16(a).  Under both the FCRA and the CCRAA, a credit reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b); Cal. Civ. Code § 1785.14(b).  Because the CCRAA "is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

The Ninth Circuit has held that a plaintiff bringing a claim under section 1681i of the FCRA and section 1785.16 of the CCRAA "must make a prima facie showing of inaccurate reporting." *Id.* at 890 (citation modified).  Similarly, to "make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see also Brooks v. Lundquist Consulting, Inc.*, 2023 WL 3581953, at *2 (N.D. Cal. Feb. 23, 2023) (analyzing a CCRAA section 1785.14(b) claim based on judicial interpretation of FCRA section 1681e(b)) (citing *Carvalho*, 629 F.3d at 889).  "Accurate reporting by a credit reporting agency is thus a complete defense to claims under both § 1681e(b) and § 1681i(a).  If a plaintiff fails to show that the plaintiff's credit report was inaccurate, summary judgment should be granted to the credit reporting agency defendant." *Gauci v. Citi Mortg.*, 2012 WL 1535654, at *5 (C.D. Cal. Apr. 30, 2012); *see also Carvalho*, 629 F.3d at 892 ("Because Carvalho has failed to establish an element of a prima facie reinvestigation claim—inaccuracy—we conclude that the district court properly granted summary judgment to the CRAs.").  A report is "inaccurate" under these statutes if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890.

Drawing all reasonable inferences in Plaintiff's favor, the Court finds that Defendants have met their initial burden of production and that Plaintiff has not set forth facts to establish a genuine dispute for trial.  Plaintiff contends that City View CA and City View Apartments do not exist and that the original creditor is "a legally nonexistent phantom entity" that "cannot originate a contract, cannot accrue a balance, and cannot assign a debt."  Opp'n at 6.  Plaintiff's dispute is a "dispute

as to the legal validity of the debt, the resolution of which likely turns on the existence and terms of any contract between Plaintiff" and the original creditor. *See, e.g.*, *Armstrong v. Voss & Klein, LLC*, 2024 WL 1484098, at \*3 (E.D. Cal. Apr. 5, 2024).  The Ninth Circuit has squarely held that FCRA claims "are not the proper vehicle for collaterally attacking the legal validity of consumer debts."[3] *Carvalho*, 629 F.3d at 892.  Plaintiff attempts to characterize this issue as a factual inaccuracy, but his argument that City View is not a proper legal entity capable of assigning a debt is a legal dispute by his own admission.  *See* Opp'n at 6 (describing the creditor as "*legally* nonexistent") (emphasis added).  Plaintiff does not assert that City View Apartments does not factually exist.  Plaintiff's arguments that his credit reports were "inaccurate because they reported a debt that he was not legally obligated to pay" are therefore "insufficient to establish that the reports were inaccurate within the meaning of the FCRA."  *See Alvandi v. Fid. Cap. Holdings, Inc.*, 677 F. App'x 343, 344 (9th Cir. 2017) (citing *Carvalho*, 629 F.3d at 890).

Following *Carvalho*, courts have considered credit reports to be "accurate when the credit reporting agencies correctly report information furnished by the creditor," "even when there is an ongoing dispute as to the validity of the debt." *See, e.g.*, *Gauci*, 2012 WL 1535654, at \*5–6 (finding a credit report to be accurate under FCRA, "even though Plaintiff disputed the payments she owed to CitiMortgage, [because] the CRAs did correctly report the information furnished by CitiMortgage").  As an initial matter, Plaintiff does not show that Defendants failed to accurately report the information received by data furnishers or creditors.[4]

---

[3] In the context of a furnisher, for whom "investigatory obligations will often be more extensive and more thorough" than for CRAs, the Ninth Circuit has commented that the "distinction between 'legal' and 'factual' issues is ambiguous, potentially unworkable, and could invite furnishers to 'evade their investigation obligation by construing the relevant dispute as a "legal" one.'" *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022).  However, Defendants here are CRAs.

[4] Plaintiff asserts that City View CA was substituted mid-litigation as City View Apartments but does not dispute that Pacifica Huntley L.P. was doing business as City View when the debt was assigned to IQ Data, the furnisher here.  In addition, Plaintiff does not present evidence that listing "City View CA" rather than "Pacifica Huntley L.P." was misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.  Plaintiff's remaining arguments about a "mid-litigation creditor substitution" from "CA" to

---

To the contrary, Defendants present unrebutted evidence indicating the collection account was accurately reported. *Compare* Ex. K, Dkt. No. 153-9 (debt assignment from City View Apartments to Assurant Recovery Solutions, reflecting an unpaid balance of $16,981) and Ex. Z at 103, Dkt. No. 153-9 (debt collection letter from IQ Data to Plaintiff reflecting an original balance of $16,981), *with* Ex. A at 3 (Plaintiff's credit report by Experian as of December 23, 2025, reflecting a collection account under IQ Data with the original creditor as City View CA and the original amount of $16,981), Ex. U at 25 (Plaintiff's credit report by Equifax as of March 30, 2026, reflecting the same collection account), and Ex. N at 24, Dkt. No. 153-9 (letter to Plaintiff with TransUnion's investigation results, reflecting the same collection account). And, as discussed above, Plaintiff's ongoing dispute is about whether the creditor City View, whom Plaintiff asserts does not exist under government records, could legally enter into the contract with Plaintiff or assign his debt, a question that the CRAs could not resolve short of acting as a court of law.

Additionally, beyond arguments regarding the legal status of the creditor, Plaintiff does not offer any evidence showing that any relevant facts in the collection account or credit report are incorrect, such as whether Plaintiff incurred the debt or the amount due. *See Carvalho*, 629 F.3d at 890 ("Carvalho does not contend that the CCS collection account does not pertain to her, that the amount past due is too high or low, or that any of the listed dates are wrong. . . . Because all of the relevant facts were correctly reported, there was no *patent* error in Carvalho's credit report.") (emphasis in original). To the contrary, Defendants present evidence indicating that Plaintiff in fact resided at the City View Apartments and incurred unpaid rent and fees in the amount of $16,981. *See* Ex. I, Dkt. No. 153-9 (lease agreement signed by Plaintiff); Ex. J, Dkt. No. 153-9 (move-out statement reflecting unpaid rent); Ex. Z at 9 (Plaintiff's account history reflecting unpaid balance of $16,981). Plaintiff does not demonstrate a material dispute with these facts. When Defendants asserted that Plaintiff has not produced any evidence to support his allegations that the account does not belong to him, Plaintiff's only response was that the entity does not exist according to government records. JAF 72; Objs. to JAF at 32.

Because there is no genuine dispute of material fact regarding inaccuracy under the FCRA, the Court does not reach the parties' remaining arguments

---

"Apartments" relate to the reasonableness of Defendants' actions, not to whether there is a genuine dispute of material fact as to an inaccuracy. Opp'n at 4.

regarding the reasonableness of the reinvestigations and procedures to maintain accuracy. *See Carvalho*, 629 F.3d at 892. The Court grants summary judgment in favor of Defendants as to the claims under FCRA sections 1681i(a) and 1681e(b) and CCRAA sections 1785.16(a) and 1785.14(b).

### 2.      FCRA Section 1681b

Under the FCRA, a CRA may only furnish a consumer report for certain permitted purposes, such as "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. §§ 1681b(3)(A). Plaintiff claims Defendants furnished a consumer report for an impermissible purpose under section 1681b, based on TransUnion's furnishing of a credit report to IQ Data, requested on August 12, 2024. Opp'n at 12; *id.* Ex. 10, Dkt. No. 177-4 (TransUnion credit report inquiry log indicating that IQ Data submitted an account review inquiry on August 12, 2024). However, IQ Data is a data furnisher and the purpose of collecting on a debt is a "permissible purpose" under the FCRA. *See* 15 U.S.C. § 1681b(3)(A); *see also Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009) (recognizing that "the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA") (quoting 15 U.S.C. § 1681b(3)(A)). There is no evidence that IQ Data requested—or that TransUnion provided—Plaintiff's credit report for any reason other than to collect on the debt Plaintiff owed to IQ Data. As to Experian and Equifax, Plaintiff does not indicate, and has produced no evidence showing, that these two CRAs provided Plaintiff's credit report to a third party before the filing of this lawsuit.[5] *See* Reply at 8. The Court therefore finds no genuine dispute of material fact as to this claim and grants summary judgment in favor of Defendants.

### 3.      CCRAA Section 1785.25(a)

Plaintiff also alleges Defendants violated the CCRAA by "furnishing incomplete or inaccurate information to another consumer credit reporting agency

---

[5] Plaintiff's Opposition attaches exhibits that show credit inquiries with Experian on January 31, 2026, and February 20, 2026, and with Equifax on May 7, 2026. Opp'n, Ex. 9, Dkt. No. 177-4. These occurred after Plaintiff filed this lawsuit. In any event, these inquiries appear to have been conducted by banks and credit unions, and Plaintiff does not indicate these inquiries were made for impermissible purposes. *See id.*

after notice of dispute." FAC ¶ 455. Under section 1785.25(a) of the CCRAA, a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Notably, this section applies to entities that "report information regarding consumer debts to credit reporting agencies," rather than credit reporting agencies. *See Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1096 (2019). There are no facts or evidence indicating Defendants furnished information to other CRAs; to the contrary, the evidence shows the disputed collection account was furnished by IQ Data. *See* JAF 95, 98 (describing IQ Data as the data furnisher); JAE, Exs. A, U (identifying the disputed collection account under the title "IQ Data"). The Court therefore finds no genuine dispute of material fact as to this claim and grants summary judgment in favor of Defendants.

## IV.    CONCLUSION

The Court GRANTS Defendants' Motion. All other proceedings are vacated and remaining motions and requests are denied as moot. The Court will enter judgment consistent with this order.

**IT IS SO ORDERED.**