UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-11740-AH-SKx | Date | July 2, 2026 |
|---|---|---|---|
| Title | *Chiddy Golden v. Transunion, LLC, et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff-Appellant: | Attorney(s) Present for Defendants-Appellees: |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING *IN FORMA PAUPERIS* ON APPEAL WITHOUT PREJUDICE**

On June 18, 2026, this Court granted summary judgment in favor of Defendants-Appellants and entered final judgment in this case. Dkt. Nos. 209, 210. That same day, Plaintiff-Appellant filed a notice of appeal and requested from this Court *in forma pauperis* ("IFP") status on the appeal. Dkt. Nos. 211, 212.

On June 23, 2026, the Ninth Circuit filed a notice indicating the appeal had been received and docketed under 9th Cir. Case No. 26-3990, and the $605 docketing fee remains due. Dkt. No. 214.

Federal Rule of Appellate Procedure 24(a) provides that a party to a district court action who desires to appeal IFP must file a motion in the district court with an attached affidavit that shows "in detail" the party's inability to pay, claims an entitlement to redress, and states the issues the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Here, the IFP request does not provide sufficient information. Plaintiff-Appellant notes that the Ninth Circuit granted IFP status in his interlocutory appeal

in Case No. 25-8080.  Dkt. No. 212 at 2.  However, IFP status for that appeal was determined over two months ago, on April 23, 2026, and Plaintiff-Appellant's financial circumstances could have changed.  Indeed, Plaintiff-Appellant states that his situation has worsened (*id*.), but if so, it is less clear how he pays the $2,560 in monthly expenses listed if he is unemployed and has reported no income since 2023, and he has only $500 in his checking account (Dkt. No. 212-1).  *See, e.g., Melson v. Forte Constr. Servs. LLC*, 2020 WL 4549273, at *1 (D. Idaho Aug. 6, 2020) (applicant failed to explain how expense deficit was paid); *GMS Liberty LLC v. Hib*, No. 18CV339-LAB (BGS), 2018 WL 1150839, at *1 (S.D. Cal. Mar. 2, 2018) (finding IFP request incomplete where applicant "estimate[d] his monthly expenses at $530, yet fail[ed] to explain how he gets the money to pay these without any income or assets and without incurring debt").

Moreover, while Plaintiff-Appellant indicates he received $32,000 in "University Federal Aid Loans" within the previous 12 months (Dkt. 212-1 at 1), he has maintained in this proceeding that his federal student aid was denied due to the presence of the disputed account in his credit reports.  *See, e.g.*, Dkt. No. 156-1 at ¶ 19.  It therefore remains unclear from what source of funds Plaintiff pays his expenses.  *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit under IFP statute must "state the facts as to affiant's poverty with some particularity, definiteness[,] and certainty"); *Strojnik v. Panera Bread Co*., No. 1:22-CV-0682 JLT BAK, 2022 WL 2609456, at *3 (E.D. Cal. July 8, 2022) ("The Court . . . may consider factors such as identified inconsistencies, incomplete information, and economic priorities.").

Accordingly, the IFP request is **DENIED** without prejudice.  Dkt. Nos. 212, 212-1.  Plaintiff-Appellant may request leave to appeal IFP from the Ninth Circuit. *See* Fed. R. App. P. 24(a)(5) (detailing filing requirements).

The Clerk of the Court is **DIRECTED** to effect notice of this Order on the parties and the Ninth Circuit Court of Appeals as required by Federal Rule of Appellate Procedure 24(a)(4).

**IT IS SO ORDERED.**